IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, )<br>)<br>Defendant. )<br>) | Civil Action No. _____ |

**PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC (collectively, "Monument"), by and through their undersigned counsel, pursuant to Fed. R. Civ. P. 26(d), 33(b)(3), and 34(b), and LCvR 7, LCvR 26, and LCvR 30.1, hereby respectfully request that this Court enter an order providing for expedited discovery in this case. Specifically, Monument asks for the following:

(1) Leave to immediately serve written discovery upon Defendant Washington Metropolitan Transit Authority ("WMATA");

(2) Leave to immediately notice, issues subpoenas for, and take depositions in this case prior to the date set forth in Fed. R. Civ. P. 26(d) and LCvR 30.1; and

(3) For a Court Order providing that the time period for response to Monument's written discovery requests be shortened to seven (7) days.

Normally, Monument would not be entitled to propound discovery to the Defendant, nor to take depositions of witnesses, until after the Fed. R. Civ. P. 26(f) meeting of the parties. In addition, written discovery requests would thereafter be governed by the response periods set forth in Fed. R. Civ. P. 33 and 34, and deposition scheduling would be governed by the

provisions of LCvR 30.1. Plaintiffs respectfully submit that good cause exists to modify those provisions in this case.

This lawsuit involves a number of claims with respect to WMATA's efforts to convey certain real property interests in the District of Columbia, notwithstanding Monument's rights and interests in the affected Property and despite WMATA's own violations of its Compact and the law in conducting a process wherein WMATA purported to permit bidding for the Property. Monument, which has made a multimillion dollar investment in construction in the Half Street Area – efforts centered around the acquisition of a number of parcels of real estate that include the Property at issue here – is threatened with severe and irreparable harm as a result of WMATA's actions. Monument is pursuing injunctive relief in this case, and is aware of and can prove facts to support its claims.

Monument, however, does not believe that it is fully aware of the complete extent of WMATA's actions. In particular, Monument is not fully aware of the process followed by WMATA concerning the bidding, including the role of WMATA's Contracting Officer, Nat Bottigheimer, as well as other WMATA personnel, in those efforts. In fact, as outlined in the Complaint, WMATA's statements on those issues have been minimal and often conflicting. Thus, Monument respectfully submits that it is appropriate in this case for the Court to permit Monument to discover, by interrogatories, a request for production of documents, and by depositions, the complete picture of the Defendant's wrongdoing and the related irreparable harm to Monument.

In fact, at the September 27, 2007 Board meeting, incorrect and inconsistent statements were repeatedly made by Board Members regarding which, if any, internal policies applied to the disposition of this Property as well as the incorrect assertion by Members of the Board that the

Navy Yard Station would be delayed, which WMATA staff knew to be incorrect as a result of a recovery schedule provided by Monument.

Monument therefore asks the Court to enter an order providing that: (a) Monument may pursue discovery immediately from the Defendant; (b) Monument may immediately notice, issues subpoenas for, and take depositions in this case, without being bound strictly by the notice requirements imposed by LCvR 30.1; (c) Monument may immediately depose WMATA's Contracting Officer, Nat Bottigheimer, and other WMATA employees involved in the underlying events, including, but not limited to, Bob Burns; (d) Monument may immediately depose WMATA, pursuant to Fed. R. Civ. P. 30(b)(6); (e) Monument may immediately propound to Defendants interrogatories and requests for production of documents, with responses and objections, if any, to be due within seven (7) days of service upon the Defendant; and (f) this Court shall grant such other and further relief as justice may require. Monument will cooperate with the Defendant and witnesses not employed by the Defendant with respect to scheduling of depositions pursuant to the Court Order.

For further support for this Motion, Monument respectfully refers this Court to the attached Memorandum of Points and Authorities.

Dated: October 10, 2007

Respectfully submitted,

NIXON PEABODY, LLP

*Louis Dolan*
Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)
ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

4

## CERTIFICATION PURSUANT TO LCvR 7(m)

Undersigned counsel for Plaintiffs hereby certifies, pursuant to LCvR 7(m), that a good faith effort was made to discuss the subject of this motion, and the relief requested herein, with counsel for Defendant. Defendant opposes the relief sought on this motion.

Respectfully submitted,

NIXON PEABODY, LLP

*/s/ Louis Dolan*

Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)
ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONUMENT REALTY LLC, et al., )
)
        Plaintiffs, )
)
v. )
)   Civil Action No. _____
WASHINGTON METROPOLITAN )
AREA TRANSIT AUTHORITY, )
)
        Defendant. )
)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**

On this motion, Plaintiffs ask the Court to permit expedited discovery in various forms, to permit them to more fully discover, among other things, the nature and scope of the improper activities by the Defendant that led to the filing of this lawsuit. It is well within this Court's discretion to grant the relief requested.

Matters related to discovery, including the scheduling, sequence, and timing of discovery are within this Court's discretion. *See, e.g., Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union*, 332 U.S. App. D.C. 301, 306, 103 F.3d 1007, 1012 (1997). Under Fed. R. Civ. P. 26(d), this Court has the specific power to regulate the timing and sequence of discovery. Under Fed. R. Civ. P. 33(b)(3) and 34(b), this Court has the power to shorten the time period for responses to written discovery.

The relief that Plaintiffs request is therefore authorized and contemplated by the applicable Rules of Court. Expedited discovery is, in fact, particularly appropriate in the context of requests for injunctive relief. *See, e.g., Eyeticket Corp. v. Unisys Corp.*, 155 F. Supp. 2d 527, 530 (E.D. Va. 2001).

In this matter, Monument is pursuing injunctive relief and damages as a result of the decision of WMATA to attempt to convey valuable and unique real estate interests in disregard for Monument's own interests and rights in the Property. Monument requires expedited discovery in pursuing these claims, and respectfully submits that the relief requested is authorized and contemplated by the authorities cited in support of this motion.

Dated: October 10, 2007

Respectfully submitted,

NIXON PEABODY, LLP

/s/ Louis Dolan

Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)
ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, )<br>)<br>Defendant. )<br>) | Civil Action No. _____ |

## ORDER

Upon consideration of Plaintiffs Monument Realty LLC's and MR Ballpark 7 LLC's Motion for Expedited Discovery, the Memorandum of Points and Authorities in support thereof, any Response thereto, and the entire record herein, and this Court having heard the argument of counsel thereon, it is hereby

ORDERED, that Plaintiffs' Motion for Expedited Discovery be, and it hereby is, granted; and it is further

ORDERED, that, pursuant to Fed. R. Civ. P. 26(d), Plaintiffs may pursue discovery immediately from the Defendant and from nonparties; and it is further

ORDERED, that Plaintiffs may immediately notice, issue subpoenas for, and take depositions in this case without being bound strictly by the notice requirements imposed by LCvR 30.1; and it is further

ORDERED, that Plaintiffs may immediately depose Nat Bottigheimer and Bob Burns, two of Defendant's employees; and it is further

10746079.2

ORDERED, that Plaintiffs may immediately depose Defendant Washington Metropolitan Area Transit Authority, pursuant to Fed. R. Civ. P. 30(b)(6); and it is further

ORDERED, that the parties, witnesses, and their counsel shall cooperate reasonably with respect to scheduling of depositions taken pursuant to this Order; and it is further

ORDERED, that Plaintiffs may immediately propound to the Defendant interrogatories and requests for production of documents, with responses and objections, if any, to be due within seven (7) days of service upon the Defendants.

Entered this _____ day of _____, 2007.

_____
United States District Judge

COPIES TO:

Louis E. Dolan, Jr.
Vernon W. Johnson, III
Nixon Peabody, LLP
401 9th Street, N.W.
Washington, D.C. 20001

Carol B. O'Keeffe
Washington Metropolitan Area Transit Authority
600 Fifth Street, N.W.
Washington, D.C. 20001