## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MONUMENT REALTY LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-cv-01821 (EGS) |
| | ) | Judge Emmet G. Sullivan |
| WASHINGTON METROPOLITAN | ) | |
| AREA TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### JOINT REPORT PURSUANT TO MINUTE ORDER DATED OCTOBER 11, 2007

This report is submitted jointly by Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC (collectively, "Monument"), and Defendant Washington Metropolitan Area Transit Authority ("WMATA"). Pursuant to the Court's Order dated October 11, 2007, the parties have conferred on the issues set forth therein and notify the Court as follows:

A.    Meeting of Counsel

On October 15, 2007, Plaintiffs' counsel Louis E. Dolan, Jr. and Vernon W. Johnson, III of Nixon Peabody LLP met with Defendant's counsel Harvey A. Levin of Thompson Coburn LLP, Carol B. O'Keeffe of WMATA, and Donald A. Laffert of WMATA. Counsel conferred on all of the matters set forth in the Court's Order.

B.    Status of Underlying Dispute

As discussed before the Court on October 10, 2007, WMATA has not yet executed a contract of sale with The John Akridge Company ("Akridge"). WMATA advises that Akridge is currently within a 45 day due diligence period which is preliminary to execution of a contract of sale. WMATA has stated that any contract of sale would be expressly contingent upon two conditions precedent that require

WMATA Board of Directors approval at a Board meeting currently anticipated to take place on November 29, 2007. Thus, such a contract of sale would not go to closing at least until after that November 29, 2007 Board meeting. WMATA will not, however, agree to wait until that date to sign a contract of sale. Plaintiffs have asked for assurances that a contract of sale will not be signed until after November 29, 2007 and are discussing this issue with Defendant's counsel. Plaintiffs submit that execution of a contract of sale would be a change in the status quo and, if WMATA were to plan to move forward in that regard, Plaintiffs would seek to enjoin such action at least until the Court rules on Plaintiffs' motion for preliminary injunction pursuant to the schedule set forth in this Joint Report. In the event that the parties cannot reach agreement on this issue, then they may need to ask the Court to amend the proposed schedule to include the additional opportunity for discovery, briefing, and decision on Plaintiffs' motion for temporary restraining order.

      C.      Recommendation as to Further Briefing and Argument

          1.      The parties believe that their immediate attention should be devoted to the adjudication of Plaintiffs' motion for preliminary injunction and Defendant's anticipated motion to dismiss the Complaint. Subject to Court approval, the parties discussed and agreed upon the following schedule for further proceedings on the motion for preliminary injunction.

          a.      November 2, 2007: deadline for completion of limited discovery related to issues posed by motion for preliminary injunction;

          b.      November 7, 2007: Plaintiffs to File Preliminary Injunction Brief with supporting exhibits;

          c.      November 14, 2007: Defendant to file Opposition Brief with supporting exhibits;

          d.      November 19, 2007: Plaintiffs to file Reply Brief with supporting exhibits;

    e.    November 21, 2007 at 10:00 a.m.: Oral Argument on motion for preliminary injunction; and

    f.    November 28, 2007: Court ruling on motion for preliminary injunction.

2.    Subject to Court approval, the parties discussed and agreed upon the following schedule for further proceedings on WMATA's motion to dismiss.  The motion will include a request for a hearing and consideration of the motion to dismiss at the Court's earliest convenience.

    a.    October 17, 2007: Defendant to file motion to dismiss and supporting memorandum of points and authorities.

    b.    October 24, 2007: Plaintiffs to file memorandum of points and authorities in opposition to motion to dismiss.

    c.    November 5, 2007: Defendant to file reply memorandum.

D.    <u>Recommendation as to Discovery</u>

In connection with Plaintiffs' motion for preliminary injunction, the parties have discussed and agreed upon the following expedited discovery.

1.    By October 29, 2007, WMATA agrees to produce the following documents and/or to advise in writing that such documents, in whole or in part, do not exist:

    a.    The underlying administrative record for IFB Nos. 07-3 and 08-1;

    b.    WMATA files pertaining to the disposition and non-ordinary-course-of-business use of the Southeast Bus Garage Property from 2004 to the present (excluding documents relating exclusively to personal injury claims and matters or insurance coverage issues), including files from WMATA's Office of Property Development and Management relating to the disposition of this Property and disposal of excess or surplus property generally;

    c.    The underlying administrative record relating to the March 2005 Joint Development Solicitation;

3

      d.     WMATA's communications from 2004 to the present with the Anacostia Waterfront Corporation, Office of Deputy Mayor for the Planning and Economic Development, and any District of Columbia government agency regarding the Property;

      e.     Documents reflecting discussions or negotiations with the District of Columbia and any of its agencies regarding the District's potential acquisition of the Property;

      f.     Documents referring or relating to, or reflecting, WMATA Board of Directors approval for disposition of the Property; and

      g.     Documents reflecting the Federal Transit Administration's approval of disposal of the Property by WMATA, and/or WMATA's notice to the Federal Transit Administration of disposal of the Property.

2.     In addition, Plaintiffs intend to seek third party discovery from The John Akridge Company and the Office of Deputy Mayor for the Planning and Economic Development for the District of Columbia. To ensure receipt of responsive documents prior to the November 2, 2007 discovery deadline on the motion for preliminary injunction, Plaintiffs will request the documents on an expedited basis, requiring a five calendar day objection period and a ten calendar day compliance period.

3.     Without prejudice to its motion to dismiss, by October 29, 2007, Monument agrees to produce the following documents and/or to advise in writing that such documents, in whole or in part, do not exist:

      a.     Documents evidencing the Invitation for Bids No. 07-3 and No. 08-1.

      b.     Documents reflecting the "understandings and agreements" alleged in ¶ 37 of the Complaint.

      c.     Documents reflecting the "promises made to [Monument] by WMATA" alleged in ¶ 40 of the Complaint.

      d.     Documents reflecting "WMATA's obligation and commitment to convey and/or negotiate in good faith with Monument for the conveyance of the WMATA Bus Garage" as alleged in ¶ 54 of the Complaint.

      e.     Documents on which Monument may rely in connection with their motion for a preliminary injunction action.

4.    Without prejudice to its Motion to Dismiss, WMATA has requested that Monument produce the following documents, to which Monument has objected insofar as the documents are outside the scope of issues to be presented on the preliminary injunction motion. WMATA reserves its right to seek production of these documents:

a.    Documents evidencing any relationship (e.g., through ownership, debtor or creditor status, control, contracts, assignments, delegations, rights against each other, or obligations to each other) between Monument Realty LLC and MR Ballpark 7 LLC.

b.    Documents evidencing the assets, liabilities, income, expenses, operations, finances, financial position, and sources of funds of MR Ballpark 7 LLC from its creation to date.

c.    Documents evidencing the creation and purpose of MR Ballpark 7 LLC.

d.    Documents evidencing agreements between Monument Realty LLC and MR Ballpark 7 LLC relating to bidding for, acquisition of, payment for, development of, transfer of, use of, or otherwise with respect to the Property.

e.    Documents reflecting every other instance where Monument or any Monument affiliate used a so-called "relative" or "escalator" bid in responding to a solicitation, request, or invitation for bids to purchase real property owned by the federal, state, local, or other government agency, body, or other entity.

f.    Documents reflecting every instance where, with respect to a solicitation, request or invitation for bids to purchase real property owned by a federal, state, local or other governmental agency, body or other entity in which Monument or a Monument affiliate submitted a bid, a bidder other than Monument submitted or otherwise used a so-called "relative" or "escalator" bid.

g.    Documents reflecting every instance where, with respect to a solicitation, request or invitation for bids to purchase real property owned by a federal, state, local or other governmental agency, body or other entity in which Monument submitted a bid and the governmental body accepted, or awarded a contract based on, a so-called "relative" or "escalator" bid.

5.    The parties anticipate that no deposition discovery will be required as part of this discovery, and they anticipate that they will be able to address by stipulation any authentication issues with respect to the documents exchanged in discovery. The parties have agreed to work cooperatively in that regard, in the interests of obtaining this expedited review on the motion for preliminary injunction.

6.    The parties ask the Court to appoint a Magistrate Judge to preside over any discovery issues that may arise prior to November 29, 2007. The parties do not otherwise consent to proceed before a Magistrate Judge in this case.

7.    The parties propose delaying their Rule 26(f) meeting until after the Court has ruled on the motions for preliminary injunction and to dismiss the Complaint.

Date:  October 16, 2007

Respectfully submitted,

NIXON PEABODY LLP

*/s/ Louis E. Dolan, Jr.*
_____
Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 Ninth Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)
ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

Respectfully submitted,

THOMPSON COBURN LLP

*/s/ Harvey A. Levin*
_____
Harvey A. Levin (#203869)
Suite 600
1909 K Street, N.W.
Washington, D.C. 20006-1167
202.585.6942
202.508-1013 (fax)
hlevin@thompsoncoburn.com

Counsel for Defendant