# THOMPSON COBURN

Thompson Coburn LLP
Attorneys at Law

Suite 600
1909 K Street, N.W.
Washington, D.C. 20006-1167
202-585-6900
FAX 202-585-6969
www.thompsoncoburn.com

October 19, 2007

Harvey A. Levin
202-585-6942
FAX 202-508-1013
hlevin@
thompsoncoburn.com

**BY ELECTRONIC CASE FILING AND HAND DELIVERY**

Honorable Emmet G. Sullivan
United States District Judge
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, DC 20001

Re:   *Monument Realty, LLC, et al. v. WMATA*,
       No. 1:07-cv-1821

Dear Judge Sullivan:

At the status conference on October 17, I raised with the Court the possible difficulty that WMATA might face in producing emails in response to Plaintiffs' requests, particularly in the short time contemplated for that production. I had no specific information yesterday to provide to the Court, and Your Honor ordered the production. WMATA has been investigating email production since the status conference.

WMATA has identified 27 persons whose email mailboxes WMATA would have to restore and search to comply with Plaintiffs' email production request. WMATA has determined that restoration of the mailboxes will take approximately 425 hours. That is not manhours, but literally, WMATA informs me, actual running time for the tapes, during which personnel will have to change tapes. Restoration will require approximately 18 full days, running 24/7. With weekends and holidays, it will take more than two-and-one-half weeks of 24-hour days just to do the restoration. Having WMATA employees work their normal seven-and-one-half-hour days would increase that time to more than 11 weeks, excluding holidays. From just a time perspective, even running 24/7, WMATA's compliance with the email production element of discovery is an impossibility.

In addition to the time needed, WMATA advises that the costs to WMATA to restore and search the mailboxes will run into the hundreds of thousands of dollars without consideration

4607531

Honorable Emmet G. Sullivan
United States District Judge
October 19, 2007
Page 2

of the extraordinary additional expense of employing WMATA personnel, and keeping open WMATA's headquarters, for swing-shift and graveyard-shift work. Even were it possible to compel personnel to work 24/7 and to keep the facilities open, the costs are simply more than WMATA can bear.

WMATA has made inquiries to get an outside vendor to do the work and is hearing costs as high as $2.5 million, depending on the amount of material that the contractor would have to search. WMATA does not have the available resources to employ an outside vendor. Furthermore, even the outside vendor could not complete the work within the production deadline.

WMATA is now focusing on what it can accomplish in the limited time, looking at narrowing the restoration and search to General Managers and Directors of Real Estate from 2005 forward, but preliminarily that seems to pose time, money and retrieval problems as well. The outside contractor that WMATA is consulting advises that even limiting the search to five people will take two-to-three weeks but has not yet advised on the costs of doing that. WMATA simply did not invest in, does not have and cannot acquire the capabilities to comply fully with the email discovery requests.

Another problem is that WMATA does not have the email mailboxes of Board members. WMATA is attempting to find out from the District of Columbia how to recover emails of the District's Board members, but WMATA has no control over that process with or without an outside contractor.

Accordingly, WMATA needs and respectfully requests relief from this production requirement. Relief might include advancing the proceedings on WMATA's motion to dismiss, or at least delaying the email part of the production until the Court rules on the motion to dismiss. Another possibility is that Plaintiffs pay for the search.

A third possibility is to proceed without full production of emails. It is difficult to see how emails from WMATA personnel would be relevant to showing that WMATA entered into an agreement with Plaintiffs according them an exclusive right to negotiate for the Bus Garage Property. WMATA employees or individual WMATA Board members could not bind WMATA even were the employees so inclined. Surely, moreover, if Plaintiffs have or knew of any such emails, Plaintiffs would have included them among the many exhibits to, or would have referenced them in, the Complaint and/or Emergency Motion for Temporary Restraining Order and Preliminary Injunction. But none is included or referenced in either the Complaint or the Motion.

WMATA believes, furthermore, that the email production does not affect Plaintiffs' claims with respect to the Invitation for Bids and WMATA's determination not to consider MR Ballpark 7 LLC's "alternate bid." Rather, the emails going back to 2004 pertain only to

4607531

Honorable Emmet G. Sullivan
United States District Judge
October 19, 2007
Page 3


Monument Realty LLC's claim that it had an agreement with WMATA granting Monument Realty the exclusive right to negotiate with WMATA for the subject Bus Garage property.

In any case, however, WMATA's meeting the production deadline is not possible, and WMATA respectfully requests relief from the email production requirement.

The email problem will not affect WMATA's meeting the discovery deadline for other production.

On behalf of WMATA, I respectfully request, and will be available at the Court's convenience for, consideration of this matter.

Thank you.


Respectfully,

Thompson Coburn LLP

By  *[signature]*
    Harvey A. Levin


cc: Louis E. Dolan, Jr. Esquire
    Vernon W. Johnson, III
    (By electronic mail)

4607531