IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:07-cv-01821 (EGS)<br>Judge Emmet G. Sullivan |

## CONSENT MOTION FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC and Defendant Washington Metropolitan Area Transit Authority respectfully ask this Court to enter the appended Protective Order governing material produced in discovery in this case. The Protective Order provides that the parties or non-parties may designate as "Confidential" information disclosed in discovery (including discovery from non-parties) so as to prevent the further dissemination or publication of that information, and to ensure their destruction or return at the conclusion of this litigation. The proposed Protective Order contains other standard provisions ensuring the confidentiality of information disclosed in discovery, while still permitting all parties to fully defend and pursue their rights and claims. It is well within this Court's discretion under Rule 26(c) to enter the proposed Protective Order.

WHEREFORE, the parties jointly request entry of the attached Protective Order.

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| NIXON PEABODY LLP | THOMPSON COBURN LLP |

| | |
|---|---|
|    */s/ Louis E. Dolan, Jr.* |    */s/ Harvey A. Levin* |
| Louis E. Dolan, Jr. (#442881) | Harvey A. Levin (#203869) |
| Vernon W. Johnson, III (#423756) | Suite 600 |
| 401 Ninth Street, N.W. | 1909 K Street, N.W. |
| Washington, D.C. 20001 | Washington, D.C. 20006-1167 |
| 202.585.8000 | 202.585.6942 |
| 202.585.8080 (fax) | 202.508-1013 (fax) |
| ldolan@nixonpeabody.com | hlevin@thompsoncoburn.com |
| vjohnson@nixonpeabody.com | |
| | |
| Counsel for Plaintiffs | Counsel for Defendant |

Date:   October 19, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al.,     ) | |
| ) | |
| Plaintiffs,     ) | |
| ) | |
| v.     ) | |
| ) | Civil Action No. 1:07-cv-01821 (EGS) |
| ) | Judge Emmet G. Sullivan |
| WASHINGTON METROPOLITAN     ) | |
| AREA TRANSIT AUTHORITY,     ) | |
| ) | |
| Defendant.     ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CONSENT MOTION FOR PROTECTIVE ORDER**

In making this motion, Plaintiffs and Defendant respectfully rely upon the provisions of Fed. R. Civ. P. 26(c), which grant this Court wide discretion to enter the proposed Protective Order for the reasons sought herein. The parties further state that the information to be produced in discovery may contain confidential, sensitive business information and the parties seek protection from further dissemination of that information outside of this litigation.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| NIXON PEABODY LLP | THOMPSON COBURN LLP |
| ____*/s/ Louis E. Dolan, Jr.*_____ | ____*/s/ Harvey A. Levin*_____ |
| Louis E. Dolan, Jr. (#442881) | Harvey A. Levin (#203869) |
| Vernon W. Johnson, III (#423756) | Suite 600 |
| 401 Ninth Street, N.W. | 1909 K Street, N.W. |
| Washington, D.C. 20001 | Washington, D.C. 20006-1167 |
| 202.585.8000 | 202.585.6942 |
| 202.585.8080 (fax) | 202.508-1013 (fax) |
| ldolan@nixonpeabody.com | hlevin@thompsoncoburn.com |
| vjohnson@nixonpeabody.com | |
| Counsel for Plaintiffs | Counsel for Defendant |

Date:  October 19, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MONUMENT REALTY LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:07-cv-01821 (EGS) |
| ) | Judge Emmet G. Sullivan |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**AGREED PROTECTIVE ORDER**

Whereas, the parties have stipulated that certain discovery material may be treated as confidential;

Accordingly, pursuant to Fed. R. Civ. P. Rule 26(c), it is this ___ day of _____, 2007, by the United States District Court for the District of Columbia, ORDERED as follows:

**1.     Designation of Discovery Materials as Confidential.**  All materials produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, all responses by nonparties to subpoenas, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a)     The designation of confidential information shall be made by placing or affixing on the document or electronic image, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL."  One who provides material may designate it as confidential only

when such person in good faith believes it contains sensitive personal information, trade secrets, or other confidential research, development, or commercial information. The designation of confidential information shall be made within seven (7) business days of disclosure of that information.

(b)     Portions of depositions of a party, or a party's or non-party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript. Any testimony which describes the contents of a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c)     Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d)     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)     Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

**2. Confidential Information Filed with Court.** To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked with the term "DOCUMENT UNDER

SEAL," the case number, the title of the Court, a descriptive title of the document, the case caption, and the date of the order pursuant to Local Rule 5(j). Simultaneously, the party shall file a motion requesting that the materials be sealed by the Court (hereinafter, the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by Local Rules 5(j) and 5.4(e). Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶ 4 of this Order.

3.  **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need to greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4.  **Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5.  **Return of Confidential Material at Conclusion of Litigation.** At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may

be destroyed instead of being returned.  The Clerk of the Court may return to counsel for the

parties, or destroy, any sealed material at the end of the litigation, including any appeals.

 

                                                 _____
                                                        Emmet G. Sullivan
                                                     United States District Judge

Copies to:

| | |
|---|---|
| Louis E. Dolan, Jr. (#442881) | Harvey A. Levin (#203869) |
| Vernon W. Johnson, III (#423756) | Suite 600 |
| 401 Ninth Street, N.W. | 1909 K Street, N.W. |
| Washington, D.C. 20001 | Washington, D.C. 20006-1167 |
| 202.585.8000 | 202.585.6942 |
| 202.585.8080 (fax) | 202.508-1013 (fax) |
| ldolan@nixonpeabody.com | hlevin@thompsoncoburn.com |
| vjohnson@nixonpeabody.com | |
| | |
| Counsel for Plaintiffs | Counsel for Defendant |