## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MONUMENT REALTY LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-cv-01821 (EGS) |
| | ) | Judge Emmet G. Sullivan |
| WASHINGTON METROPOLITAN | ) | |
| AREA TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM ISSUED TO NONPARTY OFFICE OF DEPUTY MAYOR FOR PLANNING AND ECONOMIC DEVELOPMENT
(Includes Request for Expedited Filing of Any Opposing Points and Authorities)

Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC (collectively, "Monument") respectfully file this motion to require a complete response to a subpoena duces tecum issued, with leave of Court, to a nonparty in this case, the Office of Deputy Mayor for Planning and Economic Development of the District of Columbia (the "Office"). The relief requested is provided for by LCvR 7 and Fed. R. Civ. P. 45. Monument also asks the Court to shorten the response time provided by LCvR 7(b) under these circumstances, given the time constraints that the parties are working under to meet the various deadlines set in this case, and to require the Office to file any opposing points and authorities by Friday, November 9, 2007.

On October 17, 2007, this Court granted Monument leave to serve the subpoena duces tecum and ordered expedited periods for objections (within five days) and responses (within ten days). Monument served the subpoena that very day. A copy of the subpoena duces tecum is attached hereto and made a part hereof as Exhibit "A." Monument clearly indicated on the face

of the subpoena the objection date and response date and also indicated in correspondence accompanying the subpoena: "Please note that objection deadline is 10/22/2007 and compliance deadline is 10/29/2007." Although Monument has engaged in extended correspondence and communication with counsel for the Office and made all reasonable efforts to obtain compliance within a reasonable time frame, compliance has not been achieved nor has it been promised with sufficient timeliness to allow Monument to obtain the information requested, review and analyze it, and incorporate it as appropriate into the filings which are due by various interim dates leading up to the motions hearing on December 19, 2007. Moreover, despite its request for assurances that the Office will comply with a discovery schedule to allow a complete search for, and complete production of, all responsive electronically stored documents within these time frames, the Office has not provided such assurances. Monument therefore has no alternative but to respectfully ask the Court to intervene and to direct the Office to comply fully and to produce the responsive documents and information no later than Friday, November 16, 2007 (more than two weeks beyond the original compliance date ordered by the Court and specified in the subpoena duces tecum).

Monument has made many efforts to resolve these issues without Court intervention. The Office did not object to the subpoena duces tecum. Monument was contacted by counsel for the Office – for the first time – on November 1, 2007 (two days after the compliance deadline). At that point, counsel conversed and the Office indicated several concerns and posed several questions to Monument. *See* Email dated November 1, 2007 from Thomas J. Foltz to Louis E. Dolan, Jr., a copy of which is attached hereto and made a part hereof as Exhibit "B." Monument thereafter provided a detailed response, including very specific responses and guidance on locating and producing responsive documents and information. *See* Letter dated November 2,

2007 from Louis E. Dolan, Jr. to Thomas J. Foltz, Esq., a copy of which is attached hereto and

made a part hereof as Exhibit "C." The Office responded three days later by suggesting that

"rolling production" would begin the next day. *See* Email dated November 5, 2007 from

Kimberly Matthews Johnson to Louis E. Dolan, Jr., a copy of which is attached hereto and made

a part hereof as Exhibit "D." The Office then produced a single binder of documents,

representing information about an underlying transaction which Monument already has the

information produced, with indications that the Office was "working on more materials now."

*See* Email dated November 6, 2007 from Thomas J. Foltz to Louis E. Dolan, Jr., a copy of which

is attached hereto and made a part hereof as Exhibit "E." The parties also exchanged email on

November 7, 2007, wherein counsel for the office indicated that he had "looked at the

[November 2, 2007] search letter," that he would "have to prepare a memo" to be forwarded

possibly the next week and that a response from the Office of the Chief Technology Officer

might come "within a week after that." *See* Email dated November 7, 2007 between Thomas J.

Foltz and Louis E. Dolan, Jr., a copy of which is attached hereto and made a part hereof as

Exhibit "F." On November 8, 2007, counsel for the Office sent a further communication in

which he declined to commit to any schedule for the production and suggested that the Office

might attempt to belatedly assert objections for "privilege" and other "substantive defenses to the

production." Monument's counsel again attempted to reach a resolution of the matter but was

unable to do so. *See* Email dated November 8, 2007 between Thomas J. Foltz and Louis E.

Dolan, Jr., a copy of which is attached hereto and made a part hereof as Exhibit "G."

Respectfully, making a request for the first time the week of November 12, 2007, and

providing documents the following week (much of which will be occupied with the

Thanksgiving holiday), is insufficient. Compliance was due on October 29, 2007, no objection

was lodged, and there exists no reasonable excuse for the delay and no basis for interposing late objections. The District of Columbia, and particularly the Office of the Chief Technology Officer, is used to providing responses in a much timelier manner. For instance, Freedom of Information Act requests calling for similar information normally have to be processed within fifteen days. *See* D.C. Code §§ 2-532(c) (2007). In this instance, the Office waited until after the compliance date before its counsel became involved in the matter, and would delay compliance beyond any date which was required, reasonable, or would permit Monument to protect its rights in this case. Monument is and has been unfairly prejudiced already by the Office's delay, and asks the Court to require compliance.

WHEREFORE, Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC respectfully request that this Court direct that any opposing points and authorities to this motion be filed by Friday, November 9, 2007, and order the Office of Deputy Mayor for Planning and Economic Development to respond fully and completely to the subpoena duces tecum issued to it on October 17, 2007 no later than Friday, November 16, 2007; and that this Court order such other and further relief as justice may provide.

Dated: November 8, 2007

Respectfully submitted,

NIXON PEABODY, LLP

*/s/ Vernon W. Johnson, III*

Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)

ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

4

## CERTIFICATION PURSUANT TO LCvR 7(m)

Undersigned counsel for Plaintiffs hereby certifies, pursuant to LCvR 7(m), that a good faith effort was made to discuss the subject of this motion, and the relief requested herein, with counsel for the Office of Deputy Mayor for Planning and Economic Development. Plaintiffs were unable to resolve these issues despite such effort. Counsel for the Office is aware that this motion is being filed.

Dated: November 8, 2007

Respectfully submitted,

NIXON PEABODY, LLP

*/s/ Vernon W. Johnson, III*

Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)

ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November, 2007, a true and correct copy of the foregoing Motion to Compel Compliance with Subpoena Duces Tecum Issued to Nonparty Office of Deputy Mayor for Planning and Economic Development with appended Exhibits "A" through "G," Memorandum of Points and Authorities, and Proposed Form of Order was served by ECF upon:

> Harvey A. Levin, Esquire
> Thompson Coburn LLP
> 1909 K Street, Suite 600
> Washington, D.C. 20006-1167
>
> Counsel for Defendant

I further certify that a true and correct copy of the foregoing pleadings and papers were served via hand delivery upon:

> Thomas J. Foltz, Esquire
> Office of the Attorney General
> District of Columbia
> One Judiciary Square
> 441 4th Street, N.W., Suite 1060N
> Washington, D.C. 20001
>
> Counsel for Office of Deputy Mayor
> for Planning and Economic Development

> */s/ Vernon W. Johnson, III*
> _____
> Vernon W. Johnson, III

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al.,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | Civil Action No. 1:07-cv-01821 (EGS) |
| ) | Judge Emmet G. Sullivan |
| WASHINGTON METROPOLITAN    ) | |
| AREA TRANSIT AUTHORITY,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM ISSUED TO NONPARTY OFFICE OF DEPUTY MAYOR FOR PLANNING AND ECONOMIC DEVELOPMENT

In making this motion, Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC respectfully rely upon LCvR 7 and Fed. R. Civ. P. 45, the subpoena duces tecum issued to the Office of Deputy Mayor for Planning and Economic Development on October 17, 2007, and the schedule for objection to and compliance with the subpoena duces tecum as ordered by this Court on October 17, 2007. Furthermore, under LCvR 7(b), opposing points and authorities must be filed "[w]ithin 11 days of the date of service or at such other time as the Court may direct." Plaintiffs are asking the Court to exercise its discretion to require that any opposing points and authorities be filed by Friday, November 9, 2007. Plaintiffs further rely upon the authorities cited in and exhibits appended to the Motion filed herewith.

Dated:  November 8, 2007

Respectfully submitted,

NIXON PEABODY, LLP

*/s/ Vernon W. Johnson, III*

---

Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)

ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MONUMENT REALTY LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07-cv-01821 (EGS) |
| | ) | Judge Emmet G. Sullivan |
| WASHINGTON METROPOLITAN | ) | |
| AREA TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH
SUBPOENA DUCES TECUM ISSUED TO NONPARTY OFFICE
OF DEPUTY MAYOR FOR PLANNING AND ECONOMIC DEVELOPMENT**

Upon consideration of the Motion to Compel Compliance with Subpoena Duces Tecum

Issued to Nonparty Office of Deputy Mayor for Planning and Economic Development, the

memorandum of points and authorities in support of the motion, any opposition to the motion,

and the entire record herein, and this Court having considered the argument of counsel thereon, it

is, this ___ day of _____, 2007, hereby

ORDERED, that the motion be, and it hereby is, granted; and it is further

ORDERED, that the Office of Deputy Mayor for Planning and Economic Development

be, and it hereby is, directed to provide complete documents and information responsive to the

October 17, 2007 subpoena duces tecum issued to it in this matter on or before 5:00 p.m. on

Friday, November 16, 2007; and it is further

ORDERED, that the relief provided in this Order is without prejudice to the Plaintiffs'

right to seek further relief in the event that the production of documents and information ordered

herein does not comply with the subpoena duces tecum or otherwise with the requirements of

Fed. R. Civ. P. 45.

———————————————————
Emmet G. Sullivan
United States District Judge

COPIES TO:

Louis E. Dolan, Jr.
Vernon W. Johnson, III
Nixon Peabody LLP
401 9th Street, N.W.
Washington, D.C. 20001

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, Suite 600
Washington, D.C. 20006-1167

Thomas J. Foltz
Office of the Attorney General
District of Columbia
One Judiciary Square
441 4th Street, N.W., Suite 1060N
Washington, D.C. 20001

# Exhibit "A"

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

Monument Realty LLC and MR Ballpark 7 LLC

**SUBPOENA IN A CIVIL CASE**

V.

Washington Metropolitan Area Transit Authority

Case Number:[1]  1:07-cv-01821 (EGS)

TO:  Office of Deputy Mayor for Planning and Economic
Development, John A. Wilson Building
1350 Pennsylvania Avenue, N.W., Suite 317
Washington, D.C. 20004

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule — Please note that objection deadline is 10/22/2007 and compliance deadline is 10/29/2007.

| PLACE    Nixon Peabody LLP, 401 9th Street, N.W., Suite 900, Washington, D.C. 20004    Attention:  Louis E. Dolan, Jr. | DATE AND TIME    10/29/2007 5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Counsel for Plaintiffs | DATE    10/17/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Louis E. Dolan, Jr., Esquire (Attorney for Plaintiffs), Nixon Peabody LLP, 401 9th Street, N.W., Washington, D.C. 20004

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 10/17/2007 | John A. Wilson Building, 1350 Pennsylvania Avenue, N. W., Suite 317, Washington, D.C. 20004 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| VALERIE SANTOS YOUNG | HAND DELIVERY |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| NICOLA MURPHY | PARALEGAL |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   10/17/07
DATE

SIGNATURE OF SERVER

401 9th STREET, NW, SUITE 900
ADDRESS OF SERVER

WASHINGTON, DC 20004

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation material, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## LIST OF DOCUMENTS TO BE PRODUCED BY
## THE OFFICE OF THE DEPUTY MAYOR FOR PLANNING
## AND ECONOMIC DEVELOPMENT

**A.**    **Definitions and Instructions**

1.    Pursuant to Fed. R. Civ. P. 45, the documents and files produced in response to this Subpoena shall be produced in format in which the documents currently exist and shall include all reasonably accessible electronic documents and files.

2.    The term "Akridge" shall means The John Akridge Company and its affiliates, agents, employees, attorneys, representatives, and any consultants, experts, investigators or other persons acting on its behalf or at its direction.

3.    The term "Ballpark District" shall mean the planning area in Southeast, Washington, D.C., directly adjacent to and including the new Washington Nationals baseball stadium currently under construction and bounded by the Southwest-Southeast Freeway to the North, South Capitol Street to the West, New Jersey Avenue, S.E. to the East, and the Anacostia River to the South.

4.    The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise) including any written or oral exchange or contact between two or more persons, including meetings, conversations, and correspondence, oral or written, in person, by telephone, by wire, by electronic mail, by letter, direct or indirect, through any intermediaries, or by any other means. "Communication" also includes any document concerning any communication, including any agenda, minutes, notes, and other records and recordings of the communication.

5.    The term "concerns" or "concerning" shall mean referring to, describing, evidencing, relating to, or constituting.

6.    The term "document" shall have the same definition as that contained in Fed R. Civ. R. 34, and shall include originals and copies (including all non-identical copies and photocopies) stored in any medium from which information can be obtained, including but not limited to email messages and attachments.

7.    The term "Half Street Area" shall mean the area bounded by M St., S.E. to the North, South Capitol Street, S.W. to the West, 1st Street, S.E. to the East, and N Street, S.E. to the South in area of the District of Columbia commonly known and referred to as the Ballpark District.

8.    The term "Monument" shall mean Monument Realty LLC and any of its affiliates, agents, employees, attorneys, representatives, and any consultants, experts, investigators or other persons acting on its behalf or at its direction.

9.    The term "person" shall mean and refer to any natural person or any business, legal or governmental entity, or association.

10.    The term "Property" shall mean the Southeast Bus Garage and adjacent lot owned by WMATA, contained in Lots 857 and 866 in Square 700 in the District of Columbia.

11.    The term "relevant" shall have the broadest possible meaning under Fed. R. Civ. P. 26.

12.    The terms "you" and "your" shall mean the Anacostia Waterfront Corporation and its agencies, departments, offices, agents, employees, attorneys, representatives, and any consultants, experts, investigators or other persons acting on its behalf or at its direction, which is

now part of the Office of the Deputy Mayor for Planning and Economic Development for the District of Columbia.

13.     The term "WMATA" shall mean the Washington Metropolitan Area Transit Authority and any of its affiliates, agents, employees, attorneys, representatives, and any consultants, experts, investigators or other persons acting on its behalf or at its direction, including but not limited to its Board of Directors and any member thereof.

14.     If any document cannot be produced in full, please identify any portion that cannot be produced and specific the reasons why such portion cannot be produced.

15.     Any word written in the singular should be construed as plural and vice versa, and any use of the conjunctive should be construed as also being in the disjunctive and vice versa.

16.     Unless otherwise specified, the time period encompassed by this Subpoena shall be from January 1, 2004 to the present.

17.     If a complete response to any item requested herein is withheld on the basis of any asserted privilege, including but not limited to the attorney-client privilege or work-product rule, state, as to each response or portion of a response withheld, the following:

a)     the type of privilege asserted;

b)     the basis for the assertion of the privilege;

c)     the date of the information, if applicable; and

d)     without revealing the privileged material, information concerning the response or portion of the response withheld sufficient to bring the matter before the Court to obtain a ruling on your claim of privilege.

**B.     <u>Documents Required To Be Produced</u>**

1.     All reports, studies, expert opinions, analyses, and valuations of the Property.

2.    All documents concerning WMATA's involvement in the creation of AWC in 2004.

3.    All documents concerning the Memorandum of Understanding dated June 2006 between you and WMATA relating to development of the Ballpark District.

4.    All documents concerning WMATA's participation in the master planning process for the Ballpark District.

5.    All communications with WMATA concerning the Property, any potential acquisition thereof, and Invitation for Bids No. 07-3 and 08-1.

6.    All communications with Akridge concerning the Property, any potential acquisition thereof, and Invitation for Bids No. 07-3 and 08-1.

7.    All communications with Monument concerning the Property, any potential acquisition thereof, and Invitation for Bids No. 07-3 and 08-1.

8.    All communications with the District of Columbia Office of the Deputy Mayor for Planning and Economic Development concerning the Property, any potential acquisition thereof, and Invitation for Bids No. 07-3 and 08-1.

9.    All documents concerning Monument's acquisition of the Navy Yard Metro Station site and related parcels in the Half Street Area in 2006.

10.    All documents concerning WMATA's March 2005 Joint Development Solicitation.

11.    All documents concerning Monument and its involvement in the Master Development Plan for the Ballpark District, including the Half Street Area.

12.    All documents concerning Monument and its plans for the Half Street Area.

10763780.1                                        4

13. All documents concerning any benefits received by WMATA from Monument related to property in the Half Street Area, including any easements or zoning changes.

14. All documents concerning WMATA's policies and procedures for disposition of its real property, including the Property.

15. All documents concerning the approval of WMATA's Board of Directors for disposal of the Property.

16. All documents concerning the Federal Transit Administration's approval of disposal of the Property by WMATA, and/or WMATA's notice to the Federal Transit Administration of disposal of Property.

17. All documents concerning your selection of master or exclusive developers for the Half Street Area or any portions of the Ballpark District, including your selection of Monument as a master developer.

18. All documents concerning your press release in December 2005 that Monument had exclusive rights to the development of or negotiations related to the Half Street Area.

19. All documents concerning Monument's rights to acquire the Property.

20. All documents concerning the selection of the D.C. Village site as the site of the new WMATA bus garage and related facilities.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17 th day of October, 2007, I caused a copy of the foregoing
*and electronic mail*

Subpoena and Schedule A to be served by first-class mail, upon:

Harvey A. Levin, Esquire
1909 K Street, N.W., Suite 600
Washington, D.C. 20006-1167
202.585.6900
202.585-6969 (fax)
hlevin@thompsoncoburn.com

Counsel for Defendant

_____
Louis E. Dolan, Jr.

# Exhibit "B"

**From:** Foltz, Thomas (OAG) [mailto:thomas.foltz@dc.gov]
**Sent:** Thursday, November 01, 2007 1:33 PM
**To:** Dolan, Louis
**Cc:** Johnson, Kimberly Matthews (OAG); Kaplan, Samuel (OAG); Rezneck, Daniel (OAG); Fleps, Christina (OCTO); Fleps, Christina (OCTO)
**Subject:** Monument Subpoena Compliance

Dear Lee Dolan:  Thanks so much for speaking with me this afternoon.  I called your office to sound you out on where we might be with this subpoena.  I appreciate the courtesy I was accorded in our conversation.

I understand from our conversation that your briefing schedule on a preliminary injunction starts on November 30, 2007, and your hope is/ was that we could be finished with compliance by the stated date in the subpoena-October 29, 2007.   I regret that we were not able to produce documents by the 29th.

In addition, as I understand it from our conversation a 30-60 day compliance window is not an option for you and you would be compelled to bring an enforcement motion to make sure that compliance was obtained well before that time.

I understand also that there is a parallel FOIA request to the ODMPED that tracks the terms of the subpoena.  Both would require the production of e-documents. Could you send me an e-copy of the FOIA as well?

As much I genuinely attempt to understand your client's position, please try to understand ours:

(1)     we do have some documents coming from Judy Greenberg with more to come after her return from vacation on November 19, 2007; I have no idea of the size but since its one person we might estimate not more than one box but I could be wrong on this; they

will have to be reviewed for privilege as well with an appropriate privilege log if necessary;

(2)    I have contacted the former GC of the Anacostia Waterfront Corporation today to assist with identification of documents in the SDT; I have no idea of the status of the AWC archive so I can't be sure of the amount or location of the documents;

(3)    production of e-documents cannot be accomplished without identification of search terms, individuals and time periods; you've indicated that you can help structure that and I've indicated I would prepare a search memo directed to OCTO (Office of the Chief Technology Officer) to do that search. I am copying in the GC of OCTO to give her a heads up that a search request may be soon forwarded to her.

I hope that this gets us going on a road where we can have a productive relationship. Let me hear from you with your thoughts.


Thomas J. Foltz
Assistant Attorney General
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: 202-724-6652
Facsimile: 202-727-0431
email:thomas.foltz@dc.gov

**Confidentiality Notice**

This message is being sent on behalf of a lawyer. It is intended exclusively for the individual or entityt to which it is addressed. This communication may contain informatoin that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, pring, retain or copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of this message.

# Exhibit "C"

# NIXON PEABODY LLP
A T T O R N E Y S   A T   L A W

401 9th Street N.W.
Suite 900
Washington, DC 20004-2128
(202) 585-8000
Fax: (202) 585-8080

Louis E. Dolan, Jr.
Direct Dial: (202) 585-8818
E-Mail: ldolan@nixonpeabody.com

November 2, 2007

## *VIA E-MAIL AND FIRST CLASS MAIL*

Thomas J. Foltz, Esquire
Office of the Attorney General
District of Columbia
One Judiciary Square
441 4th Street, N.W., Suite 1060N
Washington, D.C. 20001

> **RE:**  ***Monument Realty LLC, et al. v. Washington Metropolitan Area Transit Authority***, **United States District Court for the District of Columbia Civil Action No. 1:07-cv-01821 (EGS)**

Dear Tom:

As you are aware, on October 17, 2007, Monument Realty LLC served a third party subpoena duces tecum on the Office of the Deputy Mayor for Planning and Economic Development for the District of Columbia ("the Subpoena") in the above-referenced civil action and by order of the Court. The deadlines set forth in that Subpoena, and endorsed by Judge Emmet Sullivan, were that objections to the subpoena were to be filed by October 25, 2007 and responsive documents produced by October 29, 2007.

On or about October 26, 2007, I heard for the first time from Ms. Kim Johnson in the Office of the Attorney General that the Deputy Mayor's Office had "just" received the subpoena and that they could not comply with the deadlines. I advised Ms. Johnson that Deputy Mayor Neil Albert called our office immediately upon receipt of the subpoena on October 17 and so it was difficult for me to believe that the Deputy Mayor's Office had just received it. In any event, I indicated to Ms. Johnson that I had very little flexibility in response times, given the tight briefing schedule that the parties and Court had agreed upon for resolution of this time-sensitive matter. Ms. Johnson promised to get back to me early this week, and I heard from her again on Monday, October 29, when she indicated that she had no further information but would contact me on Wednesday, October 31. Instead of hearing from her, I instead received your telephone call yesterday indicating that the matter had been turned over to you for handling.

10788347.1

Thomas J. Foltz, Esquire
November 2, 2007
Page 2

Neither you nor Ms. Johnson has been able to provide me with any schedule as to when we might expect to receive any responsive documents.

This letter responds specifically to your request for "search terms" for electronically stored data, but should not be construed in any way as agreeing to the 30-60 day timetable you suggested it may take you to produce such materials. That timing simply will not work for us given that our preliminary injunction briefs are due at the end of this month, as we discussed, and we will need AWC's and the Deputy Mayor's full document production well in advance of that date.

As you know, Rule 45 of the Federal Rules of Civil Procedure requires production of all electronic materials in a reasonable electronic format, including email messages and their attachments. In compliance with this Rule, we are requesting that all electronic data responsive to the Subpoena be produced in searchable tiff format (single page tiffs) with a separate load file, as detailed in the attached.

In addition, considering that responsive electronic files extend back over two years and across several District of Columbia and Anacostia Waterfront Corporation employees and representatives, to ensure that all responsive documents are produced promptly, we request that the Office of the Chief Technology Officer for the District of Columbia search all electronic files, including email exchanges, of all applicable custodians using *at least* the following keyword terms:

Alschuler
Akridge
Anacostia
AWC
Ballpark
Ballpark District
Bus Garage
D.C. Village
Emeka
Half Street
Hines
Invitation for Bids
IFB 08-1
IFB 07-3
JDS
Joint Development
Krowkowski
Letter of Intent
LOI

Thomas J. Foltz, Esquire
November 2, 2007
Page 3


Lot 857
Lot 866
Lowe
Maginnis
Malasky
Moneme
Monument
MRB*
MR Ballpark
Navy Yard
Neal
O'Keeffe
Phillips
RFEI
Request for Expression of Interest
Sq 664
Sq 700
Sq 701
Square 700
Square 701
Square 664
Southeast Bus Garage
Washington Metropolitan Area Transit Authority
WMATA

At a minimum, the following custodians' mailboxes, hard disks and other electronic storage devices must be searched:

Jim Graham
Emeka Moneme
Judy Greenberg
John Alschuler
Marion Barry
Lars Etzkorn
Stephen Green
Andy Altman
Joe Wolfe
Uwe Brandeis
Carol J. Lowe
Nia Francis
Jim Prost

Thomas J. Foltz, Esquire
November 2, 2007
Page 4

        We appreciate your cooperation with these requests.  Given the time constraints we are under, we need to know immediately if you are asserting any problem with these requests or if you are still taking the position that production will not occur for 30-60 days.  In that event, it would be our intention to immediately move the Court to require compliance with the Subpoena in enough time for us to receive the production, review documents, and comply with the tight filing deadlines we are working under.  We look forward to hearing from you at your earliest convenience.  Please do not hesitate to contact me with any questions.

                                Sincerely,

                                Louis E. Dolan, Jr.


cc:   Vernon W. Johnson, III

# Exhibit "D"

-----Original Message-----
From: Johnson, Kimberly Matthews (OAG) [mailto:kimberly.matthews@dc.gov]
Sent: Monday, November 05, 2007 4:10 PM
To: Dolan, Louis
Cc: Foltz, Thomas (OAG)
Subject: Monument Realty Subpoena

Good afternoon Lee,

It is my hope that we will be able to provide you with the first rolling
production (as you previously requested) by tomorrow afternoon or Wednesday
morning the latest.   Other documents have been located by the client and are
in the process of being reviewed to determine whether they are responsive to
the subpoena.   Tom Foltz will follow-up with you tomorrow.   Take care and
thanks for your cooperation and patience.


Kimberly Matthews Johnson
Chief, General Litigation Section 1
Civil Litigation Division
Phone:  (202) 724-6636
Fax:    (202) 727-3625
email: kimberly.matthews@dc.gov

Confidentiality Notice:  This message is being sent by or on behalf of a
lawyer. It is intended exclusively for the individual or entity to which it
is addressed. This communication may contain information that is
proprietary, privileged or confidential or otherwise legally exempt from
disclosure. If you are not the named addressee, you are not authorized to
read, print, retain, copy or disseminate this message or any part of it. If
you have received this message in error, please notify the sender
immediately by e-mail and delete all copies of the message.

# Exhibit "E"

| | |
|---|---|
| **From:** | Foltz, Thomas  (OAG) [thomas.foltz@dc.gov] |
| **Sent:** | Tuesday, November 06, 2007 3:38 PM |
| **To:** | Dolan, Louis; Johnson, Kimberly Matthews (OAG) |
| **Cc:** | Foltz, Thomas  (OAG); Johnson, Vernon; Krainak, Michael (OAG) |
| **Subject:** | RE: Monument Realty Subpoena |

Dear Lee Dolan: The closing binder is available.  I am copying in Mike
Krainak, principal liaison counsel within our office for former AWC
activities, and asking him to get back to me as soon as possible on the
documents you are interested and whether Ms. Greenberg is the appropriate
designee.  I am working on more materials now. I really appreciate your
cooperative approach.

Thomas J. Foltz
Assistant Attorney General
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: 202-724-6652
Facsimile: 202-727-0431
email:thomas.foltz@dc.gov

Confidentiality Notice

This message is being sent on behalf of a lawyer.  It is intended
exclusively for the individual or entityt to which it is addressed.  This
communication may contain informatoin that is proprietary, privileged or
confidential or otherwise legally exempt from disclosure.  If you are not
the named addressee, you are not authorized to read, pring, retain or copy
or disseminate this message or any part of it.  If you have received this
message in error, please notify the sender immediately by e-mail and delete
all copies of this message.


-----Original Message-----
From: Dolan, Louis [mailto:LDOLAN@nixonpeabody.com]
Sent: Tuesday, November 06, 2007 2:30 PM
To: Johnson, Kimberly Matthews (OAG)
Cc: Foltz, Thomas (OAG); Johnson, Vernon
Subject: RE: Monument Realty Subpoena

Tom: Thank you for speaking with me today regarding the Monument v.
WMATA litigation and our subpoena duces tecum served on AWC and the
District in October.  As you know, we still have not received any
documents responsive to that subpoena.  Without waiver of our rights
under the subpoena, including if necessary moving to compel production
of documents and information, and without agreeing to any of the
following (other than point no. 3 below), we discussed several topics
that may help expedite your production of documents, as follows:

1. The possibility that AWC/DC may be willing to provide documents to us
prior to reviewing the documents for attorney-client privilege. If
AWC/DC are willing to produce materials to us prior to reviewing them
for privilege, we would agree to a claw back provision of some
reasonable duration so that in the event there were any privileged
materials, you would have the right to get such documents back and we
would be unable to use them, but we would reserve the right to challenge
your designation of privilege, if necessary. This would eliminate the
need for you to review the documents prior to producing them, and may
also eliminate the need and expense associated with printing and Bates
labeling the documents prior to production; we would designate documents
that we wanted copies of from the materials you made available to us,

1

advise you of same, and agree on a bates labeling protocol as well. Let me know if this is something you want to explore further. I can advise you that this is, in part, the document production protocol that we have agreed upon with WMATA's counsel Harvey Levin due to the expedited nature of this case.

2. I indicated that we will need to consider the possibility of subpoenaing an AWC/DC corporate designee to be deposed on topics relating to AWC/DC's dealings with Monument and WMATA in connection with the sale of the WMATA properties in the Ballpark District in D.C. This deposition would also be in part to identify sources of responsive documentary information relating to the topics described more fully below. You indicated, without committing to voluntarily producing a designee, that you believed the appropriate (or only) person who could act in such a capacity would be Judy Greenberg, who is out until the 19th. I indicated that that timing may work for our present purposes if AWC/DC would agree to voluntarily produce Ms. Greenberg or other knowledgeable representative.

As I indicated, our primary interest is in discovering information relating to the negotiations that took place between AWC/DC, Monument Realty, and WMATA with respect to (a) the WMATA properties located in the Ballpark District, including (i) WMATA's 2005 Joint Development Solicitation for development of its parcels in the Ballpark District and WMATA's withdrawal of same in response to District of Columbia expressions of interest/offers to buy the parcels; (ii) WMATA's IFB 07-3 for the Southeast Bus Garage, which WMATA withdrew in connection with the District's request that the IFB be withdrawn in furtherance of master development plans in the Ballpark District; (iii) WMATA's offers to sell WMATA's Southeast Bus Garage and adjacent lot to the District in 2007 and the reasons that such a transaction was not consummated if in fact it was not; (b) the discussions and meetings between AWC/DC and WMATA on these topics; and (c) the discussions and meetings on these topics that involved or related to Monument Realty. Without limiting the scope of our subpoena, if there is a way to focus on materials relating to these topics (including electronically stored information) and an agreement to provide a 30(b)(6) designee, we may be able to otherwise limit the scope of subpoena. As I indicated, production of closing binders, while relevant, is not of primary importance to us at this point.

3. You will be producing a notebook of closing documents relating to the sale of certain properties by WMATA, which we will arrange to pick up around 10:00 am tomorrow morning at 441 4th St., N.W., 6th Floor South.

Other than point no. 3, we did not agree on any of the foregoing but discussed these matters as a means of working toward a resolution of outstanding discovery issues between our clients. I look forward to hearing from you promptly on these important topics. If you have other suggestions, I look forward to receiving those as well. Thank you.


Louis E. Dolan, Jr.
Partner

Nixon Peabody LLP
401 9th Street NW
Suite 900
Washington, DC 20004-2128
P (202) 585-8818
C (202) 215-1338
F (866) 947-3670
ldolan@nixonpeabody.com
www.nixonpeabody.com


Please note that this Mailbox does not accept service of pleadings, except as may be specifically required by a court order or binding rule

of the court.

The preceding e-mail message contains information that is confidential
and may be protected by the attorney/client or other applicable
privileges. The information is intended to be conveyed only to the
designated recipient(s) of the message. If you believe that you are not
an intended recipient of this message, please notify the sender at (202)
585-8818. Unauthorized use, dissemination, distribution or reproduction
of this message by other than the intended recipient is strictly
prohibited and may be unlawful.


-----Original Message-----
From: Johnson, Kimberly Matthews (OAG) [mailto:kimberly.matthews@dc.gov]

Sent: Monday, November 05, 2007 4:10 PM
To: Dolan, Louis
Cc: Foltz, Thomas (OAG)
Subject: Monument Realty Subpoena

Good afternoon Lee,

It is my hope that we will be able to provide you with the first rolling
production (as you previously requested) by tomorrow afternoon or
Wednesday
morning the latest.  Other documents have been located by the client and
are
in the process of being reviewed to determine whether they are
responsive to
the subpoena.   Tom Foltz will follow-up with you tomorrow.   Take care
and
thanks for your cooperation and patience.


Kimberly Matthews Johnson
Chief, General Litigation Section 1
Civil Litigation Division
Phone:  (202) 724-6636
Fax:    (202) 727-3625
email: kimberly.matthews@dc.gov

Confidentiality Notice:  This message is being sent by or on behalf of a
lawyer. It is intended exclusively for the individual or entity to which
it
is addressed. This communication may contain information that is
proprietary, privileged or confidential or otherwise legally exempt from
disclosure. If you are not the named addressee, you are not authorized
to
read, print, retain, copy or disseminate this message or any part of it.
If
you have received this message in error, please notify the sender
immediately by e-mail and delete all copies of the message.

# Exhibit "F"

| | |
|---|---|
| **From:** | Dolan, Louis |
| **Sent:** | Wednesday, November 07, 2007 4:25 PM |
| **To:** | Foltz, Thomas (OAG) |
| **Cc:** | Johnson, Kimberly Matthews (OAG); Johnson, Vernon |
| **Subject:** | RE: Monument v. WMATA - Subpoena Duces Tecum |

Tom: Thank you for your email below. Unfortunately, the timing you have proposed will not work for our purposes. If you cannot give me any assurances of expedited treatment of this matter, we will have no alternative to seek a court order imposing deadlines that give us an opportunity to have a substantial production in advance of our Nov. 30 brief due date.

Let me know if you can do anything to placate our concerns in this regard. Also, let me know about our proposal regarding a 30(b)(6) deponent. Our internal discussions suggest that Judi Greenberg may not be the most knowledgeable person on the topics we would identify. Please let me have your thoughts. Thanks. - Le

-----Original Message-----
From: Foltz, Thomas (OAG) [mailto:thomas.foltz@dc.gov]
Sent: Wednesday, November 07, 2007 12:20 PM
To: Dolan, Louis
Cc: Foltz, Thomas (OAG); Johnson, Kimberly Matthews (OAG)
Subject: RE: Monument v. WMATA - Subpoena Duces Tecum

Dear Lee Dolan: I've looked at the search letter. I will have to prepare a memo with those terms and mailboxes in it that goes through a chain here. I will try to get to that tomorrow. I have other deadlines as well today. I would anticipate a hopefully quick forwarding of that memo first thing next week and a response from OCTO within a week after that (that's been my experience). Just wanted to give you a heads up. I am trying to do something on this every day.

Thomas J. Foltz
Assistant Attorney General
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: 202-724-6652
Facsimile: 202-727-0431
email:thomas.foltz@dc.gov

Confidentiality Notice

This message is being sent on behalf of a lawyer. It is intended exclusively for the individual or entityt to which it is addressed. This communication may contain informatoin that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, pring, retain or copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of this message.

-----Original Message-----
From: Foltz, Thomas (OAG)
Sent: Tuesday, November 06, 2007 3:32 PM
To: 'Dolan, Louis'
Subject: RE: Monument v. WMATA - Subpoena Duces Tecum

Got it.

Thomas J. Foltz
Assistant Attorney General

1

Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: 202-724-6652
Facsimile: 202-727-0431
email:thomas.foltz@dc.gov

Confidentiality Notice

This message is being sent on behalf of a lawyer.  It is intended
exclusively for the individual or entityt to which it is addressed.  This
communication may contain informatoin that is proprietary, privileged or
confidential or otherwise legally exempt from disclosure.  If you are not
the named addressee, you are not authorized to read, pring, retain or copy
or disseminate this message or any part of it.  If you have received this
message in error, please notify the sender immediately by e-mail and delete
all copies of this message.


-----Original Message-----
From: Dolan, Louis [mailto:LDOLAN@nixonpeabody.com]
Sent: Tuesday, November 06, 2007 1:47 PM
To: thomas.foltz@dc.gov
Subject: FW: Monument v. WMATA - Subpoena Duces Tecum

 <<DOC005.PDF>> Tom: I am resending the letter I sent on Friday re
electronic production.  Please confirm receipt by reply email.  Thanks.


-----Original Message-----
From: Dolan, Louis
Sent: Friday, November 02, 2007 4:58 PM
To: 'thomas.foltz@dc.gov'
Cc: Johnson, Vernon
Subject: Monument v. WMATA - Subpoena Duces Tecum

Please see attached correspondence.

Louis E. Dolan, Jr.
Partner

Nixon Peabody LLP
401 9th Street NW
Suite 900
Washington, DC 20004-2128
P (202) 585-8818
C (202) 215-1338
F (866) 947-3670
ldolan@nixonpeabody.com
www.nixonpeabody.com

Please note that this Mailbox does not accept service of pleadings,
except as may be specifically required by a court order or binding rule
of the court.

The preceding e-mail message contains information that is confidential
and may be protected by the attorney/client or other applicable
privileges. The information is intended to be conveyed only to the
designated recipient(s) of the message. If you believe that you are not
an intended recipient of this message, please notify the sender at (202)
585-8818. Unauthorized use, dissemination, distribution or reproduction
of this message by other than the intended recipient is strictly
prohibited and may be unlawful.

# Exhibit "G"

| From: | Dolan, Louis |
|---|---|
| Sent: | Thursday, November 08, 2007 11:29 AM |
| To: | Foltz, Thomas (OAG) |
| Cc: | Johnson, Kimberly Matthews (OAG); Johnson, Vernon; Krainak, Michael (OAG); Kaplan, Samuel (OAG) |
| Subject: | RE: Monument v. WMATA - Subpoena Duces Tecum |

Tom: As an initial matter, we set a deadline for objections to the substance of the requests, under authority of the court, which passed long ago. Therefore, it is too late to assert objections. Apparently your comments below indicate that you continue to want to review the documents prior to production, despite our willingness to agree to a reasonable claw back provision. With respect to the search memo, I understand that you need to follow your internal processes, but our understanding is that the District of Columbia government has the capability of turning around searches for electronically stored materials within 24-48 hours and we simply cannot wait for your standard internal processes in this instance. While your suggestion about moving the briefing date would normally be a good one, in this instance, WMATA has indicated a requirement to close on the sale of the Southeast Bus Garage by year end. This deadline is being driven, in part, by the Major League Baseball season opening day requirements for the Washington Nationals (April, 2008) and WMATA's need to relocate buses housed at the Southeast Garage in advance of that. These are the realities of the situation we are faced with and we do not simply have the option of moving the briefing schedule that has been agreed upon by the parties and the Court. If there is anything you are willing to do to expedite the search for electronic production, please advise me immediately. If not, we have no alternative to seek a court order requiring that your document production be complete by next Friday. Thank you.  - Le

-----Original Message-----
From: Foltz, Thomas (OAG) [mailto:thomas.foltz@dc.gov]
Sent: Thursday, November 08, 2007 9:58 AM
To: Dolan, Louis; Foltz, Thomas (OAG)
Cc: Johnson, Kimberly Matthews (OAG); Johnson, Vernon; Krainak, Michael (OAG); Kaplan, Samuel (OAG)
Subject: RE: Monument v. WMATA - Subpoena Duces Tecum

Dear Lee Dolan: Thanks for your e-mail. I have other deadlines on other cases but I am trying to give this priority. My current copied Bates tally is at 1222 (in other words I have about 800 pages to review). Tomorrow or later today I will compose a search memo to do the electronic search. All reasonable efforts are being undertaken.

Please tell me whom you think is a better 30(b) (6) and we'll see if they are current employees; I don't want to have to educate someone just to be knowledgeable. I have no desire to frustrate your inquiry.

From my perspective, you can either raise the bridge (go for your motion to compel) or lower the river (move for an enlargement on your briefing schedule) or maybe you do both to cover all possible outcomes. You would probably get consent for the enlargement in light of our search activities easier than a motion to compel (responding to which simply takes me away from search activities).

In addition, besides privilege, we may have substantive defenses to the production which we are considering. In any event I will continue to work on producing documents.

Please give me your thoughts as well.

Thomas J. Foltz
Assistant Attorney General
Office of the Attorney General
441-4th Street, N.W., 6th Floor South

1

Washington, D.C. 20001
Telephone: 202-724-6652
Facsimile: 202-727-0431
email:thomas.foltz@dc.gov

Confidentiality Notice

This message is being sent on behalf of a lawyer.  It is intended
exclusively for the individual or entityt to which it is addressed.  This
communication may contain informatoin that is proprietary, privileged or
confidential or otherwise legally exempt from disclosure.  If you are not
the named addressee, you are not authorized to read, pring, retain or copy
or disseminate this message or any part of it.  If you have received this
message in error, please notify the sender immediately by e-mail and delete
all copies of this message.

-----Original Message-----
From: Dolan, Louis [mailto:LDOLAN@nixonpeabody.com]
Sent: Wednesday, November 07, 2007 4:25 PM
To: Foltz, Thomas (OAG)
Cc: Johnson, Kimberly Matthews (OAG); Johnson, Vernon
Subject: RE: Monument v. WMATA - Subpoena Duces Tecum

Tom: Thank you for your email below.  Unfortunately, the timing you have
proposed will not work for our purposes.  If you cannot give me any
assurances of expedited treatment of this matter, we will have no
alternative to seek a court order imposing deadlines that give us an
opportunity to have a substantial production in advance of our Nov. 30
brief due date.

Let me know if you can do anything to placate our concerns in this
regard.  Also, let me know about our proposal regarding a 30(b)(6)
deponent.  Our internal discussions suggest that Judi Greenberg may not
be the most knowledgeable person on the topics we would identify.
Please let me have your thoughts.  Thanks. - Le

-----Original Message-----
From: Foltz, Thomas (OAG) [mailto:thomas.foltz@dc.gov]
Sent: Wednesday, November 07, 2007 12:20 PM
To: Dolan, Louis
Cc: Foltz, Thomas (OAG); Johnson, Kimberly Matthews (OAG)
Subject: RE: Monument v. WMATA - Subpoena Duces Tecum

Dear Lee Dolan: I've looked at the search letter.  I will have to
prepare a
memo with those terms and mailboxes in it that goes through a chain
here.  I
will try to get to that tomorrow.  I have other deadlines as well today.
I
would anticipate a hopefully quick forwarding of that memo first thing
next
week and a response from OCTO within a week after that (that's been my
experience).  Just wanted to give you a heads up.  I am trying to do
something on this every day.

Thomas J. Foltz
Assistant Attorney General
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: 202-724-6652
Facsimile: 202-727-0431
email:thomas.foltz@dc.gov

Confidentiality Notice

This message is being sent on behalf of a lawyer.  It is intended

exclusively for the individual or entityt to which it is addressed.
This
communication may contain informatoin that is proprietary, privileged or
confidential or otherwise legally exempt from disclosure.  If you are
not
the named addressee, you are not authorized to read, pring, retain or
copy
or disseminate this message or any part of it.  If you have received
this
message in error, please notify the sender immediately by e-mail and
delete
all copies of this message.

-----Original Message-----
From: Foltz, Thomas (OAG)
Sent: Tuesday, November 06, 2007 3:32 PM
To: 'Dolan, Louis'
Subject: RE: Monument v. WMATA - Subpoena Duces Tecum

Got it.

Thomas J. Foltz
Assistant Attorney General
Office of the Attorney General
441-4th Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: 202-724-6652
Facsimile: 202-727-0431
email:thomas.foltz@dc.gov

Confidentiality Notice

This message is being sent on behalf of a lawyer.  It is intended
exclusively for the individual or entityt to which it is addressed.
This
communication may contain informatoin that is proprietary, privileged or
confidential or otherwise legally exempt from disclosure.  If you are
not
the named addressee, you are not authorized to read, pring, retain or
copy
or disseminate this message or any part of it.  If you have received
this
message in error, please notify the sender immediately by e-mail and
delete
all copies of this message.

-----Original Message-----
From: Dolan, Louis [mailto:LDOLAN@nixonpeabody.com]
Sent: Tuesday, November 06, 2007 1:47 PM
To: thomas.foltz@dc.gov
Subject: FW: Monument v. WMATA - Subpoena Duces Tecum

 <<DOC005.PDF>> Tom: I am resending the letter I sent on Friday re
electronic production.  Please confirm receipt by reply email.  Thanks.

-----Original Message-----
From: Dolan, Louis
Sent: Friday, November 02, 2007 4:58 PM
To: 'thomas.foltz@dc.gov'
Cc: Johnson, Vernon
Subject: Monument v. WMATA - Subpoena Duces Tecum

Please see attached correspondence.

Louis E. Dolan, Jr.

3

Partner

Nixon Peabody LLP
401 9th Street NW
Suite 900
Washington, DC 20004-2128
P (202) 585-8818
C (202) 215-1338
F (866) 947-3670
ldolan@nixonpeabody.com
www.nixonpeabody.com

Please note that this Mailbox does not accept service of pleadings,
except as may be specifically required by a court order or binding rule
of the court.

The preceding e-mail message contains information that is confidential
and may be protected by the attorney/client or other applicable
privileges. The information is intended to be conveyed only to the
designated recipient(s) of the message. If you believe that you are not
an intended recipient of this message, please notify the sender at (202)
585-8818. Unauthorized use, dissemination, distribution or reproduction
of this message by other than the intended recipient is strictly
prohibited and may be unlawful.