IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:07-cv-01821 (EGS)<br>Judge Emmet G. Sullivan |

## PLAINTIFFS' REPLY TO DISTRICT OF COLUMBIA'S OPPOSITION TO MOTION TO COMPEL

Plaintiffs resorted to filing this motion in light of the inability the Office of Deputy Mayor for Planning and Economic Development of the District of Columbia (the "Office") to provide appropriate assurances that a reasonably comprehensive search for, and production of documents and information responsive to, Plaintiffs' subpoena duces tecum will be produced in time for meaningful review and use in this case. Nowhere does the District of Columbia's Opposition address these valid concerns. No assurances are provided that the responsive documents and information will be produced, and no date is provided as to when production will occur. The Opposition also suggests that the District has the opportunity for "privilege review" although no objection, timely or otherwise, has ever been made to the subpoena duces tecum. Instead of indicating how and when it will comply with the subpoena duces tecum, the District asks that the motion be denied outright, that it be permitted to merely "provide the Court with a status report on its efforts by next Friday [November 16]," and that it be otherwise permitted an

undetermined period of time to produce responsive documents and to lodge untimely "privilege" objections. *See* Opp. at 1-2.

Plaintiffs respectfully submit that this position is unreasonable and untenable. The Opposition itself confirms that there are a significant number of responsive documents have already been located, including: (1) 800 pages of documents "supplied by ODMPAD to OAG", *see id.* at 2; (2) "an additional disc of documents regarding the Navy Yard", *see id.* at 3; (3) 14 boxes of documents located at 1350 Pennsylvania Avenue, some of which are apparently non-responsive, *see id.*; (4) two to six binders located at 1350 Pennsylvania Avenue, *see id.*; and (5) an undetermined number of boxes at 2025 M Street, *see id.* at 4. In addition to paper records, there are indisputably a large number of electronically stored documents and information responsive to the subpoena duces tecum. In that regard, the District states that the search terms for electronically stored information provided by Plaintiffs "are believed to be over-inclusive" and that certain mailboxes, particularly those of Councilmembers, are "not within the control of the OCTO server which specifically handles" the Office. *See id.* at 3.

The District does not indicate how many staff members it has involved in the task of responding to the subpoena duces tecum, nor does it state precisely what effort is underway to do the work necessary to provide the required responses from the sources of information reasonably accessible to it. *See* Fed. R. Civ. P. 45(d). No affidavit or other evidence is provided in that regard. The District does confirm that due to "internal miscommunications" it did not begin to attend to the response for over a week. *See* Opp. at 2. Plaintiffs understand the situation faced by the Office's counsel, having not received the assignment until October 29, 2007. Nevertheless, the subpoena duces tecum was served, it imposes valid and binding obligations upon the Office, the time period for objections expired on October 22, 2007, and Plaintiffs need

to have a response within the very near future in order to have a meaningful opportunity to make use of the critical information the Office has.

With respect to electronically stored information, if the Office truly finds that the list of search terms provided is "over-inclusive" (based on an actual search, not just a supposition that "it is believed to be over inclusive"), then of course Plaintiffs' counsel will confer to discuss reasonable modifications to the list. At this point, however, the Office does not indicate that OAG has made any attempt to confer with counsel for Plaintiffs in order to narrow the search, which it has not; and does not indicate that any activity other than a "review of the list" has been conducted by the Office. The Office cannot simply ignore its responsibilities in this regard and not provide any meaningful information to the Court or counsel as to what will be accomplished and by when.

All parties are faced with very tight deadlines in this case. The Office (in which the former Anacostia Waterfront Corporation is now contained) holds information directly relevant to the issues being litigated. The role of AWC and the District runs throughout the issues in dispute in this case. *See, e.g.,* First Amended Complaint, ¶¶ 11, 13-14, 17, 20-26, 28, 30-31, 37, 40-42, 44-46, 51, 56-57, 61-62, 64, 70, 75, 81, 100, 138, 151-152. To be sure, a significant part of this case does involve a "bid protest," *see* Opp. at 1, but the lawsuit goes far beyond that. There is no reasonable dispute that the information in the possession, custody, or control of the Office is relevant and discoverable. There is no valid excuse for the Office's non-action and inability to commit to a reasonable response date. As for the subpoena duces tecum itself, the Office's suggestion that Plaintiffs were remiss in that "the subpoena was not filed until one week after the filing of the complaint," *see* Opp. at 4, is incorrect. Plaintiffs moved for expedited discovery at the same time that the Complaint was filed, and were barred by Fed. R. Civ. P.

26(d) from seeking discovery from any source until leave of Court was granted. After the initial reassignment of this case, the Court directed the parties to confer and provide a joint submission, and then promptly held a Status Conference on October 17, 2007 – at which time leave was granted to serve the subpoena duces tecum and it was served that same day. Plaintiffs moved promptly to seek the discovery that is the subject of the subpoena duces tecum, they are entitled to the information sought, it is relevant to the case, and the Office should be required to provide it by Friday, November 16, 2007 at 5:00 p.m.

Dated:  November 12, 2007

Respectfully submitted,

NIXON PEABODY, LLP

*/s/ Vernon W. Johnson, III*

Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)

ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2007, a true and correct copy of the foregoing Plaintiffs' Reply to District of Columbia's Opposition to Motion to Compel was served by ECF upon:

> Harvey A. Levin, Esquire
> Thompson Coburn LLP
> 1909 K Street, Suite 600
> Washington, D.C. 20006-1167
>
> Counsel for Defendant

I further certify that a true and correct copy of the foregoing pleadings and papers were served via hand delivery and via email upon:

> Thomas J. Foltz, Esquire
> Office of the Attorney General
> District of Columbia
> One Judiciary Square
> 441 4th Street, N.W., Suite 1060N
> Washington, D.C. 20001
>
> Counsel for Office of Deputy Mayor
> for Planning and Economic Development

/s/ *Vernon W. Johnson, III*
_____
Vernon W. Johnson, III