IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MONUMENT REALTY, LLC, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 1:07-CV-1821 (EGS) |
| | : | Judge Emmett G. Sullivan |
| | : | |
| WASHINGTON METROPOLITAN | : | |
| AREA TRANSIT AUTHORITY, | : | |
| | : | |
| Defendant | : | |

DISTRICT OF COLUMBIA'S OPPOSITION TO THE MOTION TO COMPEL

This is a fast track bid protest lawsuit brought by Monument Realty and affiliates to stop the September 27, 2007, award of purchase rights for certain WMATA real property (the former bus garage) made by WMATA's Board in alleged derogation of an implied or express multi-year contract with Plaintiff to develop the same property. (October 29, 2007, Amended Complaint at Paragraphs 30, 41, 55, 68, 80, 82, 99).  Monument served the District of Columbia's Deputy Mayor for Planning and Economic Development on October 17, 2007, with an extensive subpoena for documents for a now dissolved agency, the Anacostia Waterfront Corporation, requiring objections to be filed by October 22, 2007, and responses by October 29, 2007.  The subpoena calls for a wide array of documents including, for example, all documents "concerning WMATA's involvement in the creation of AWC in 2004." Prior to the due date for the subpoena, counsel for the District agreed in a telephone conversation that the District would produce documents on a rolling basis although the parties did not agree as to what would be the final date for the District to produce all documents and/or submit its objections.

Since that time, the District has been diligently working to gather and review documents in response to the subpoena and has been keeping Monument apprised of its efforts. To date, the District has produced 452 pages (one closing binder for the Sale of Lots 107-118 & 162 in Square 701 by WMATA to MR BallPark 5 LLC). Monument filed its motion to compel on November 8, 2007, and the Court ordered the District of Columbia ("the District") to respond by November 9, 2007, and to file its response electronically. The motion to compel requests that the Court order the District to comply with the subpoena by Friday, November 16, 2007.

The Court should deny plaintiff's motion because it seeks to set a deadline that is not realistic in light of the considerable burdens imposed by the subpoena at issue. Apart from the breadth of the subpoena, the District confronts the fact that the subpoena postdated the dissolution of AWC, whose documents are at issue. Further, while the documents were transferred to a new site at M Street, N.W., the individuals with any reasonable degree of knowledge as to the content and organization of the documents are not District employees. At the same time, and as indicated above, the District is diligently working in good faith to comply with the subpoena and intends to provide the Court with a status report on its efforts by next Friday.

The District further notes the following in response to the Motion to Compel:

(1)    Owing to internal miscommunications regarding primary responsibility for responding to the subpoena the District commenced substantial efforts on or about October 26, 2007; undersigned counsel received the assignment on October 29, 2007,

(2)    Since that time the District has supplied a closing binder for a related transaction totaling 426 pages; an additional 800 pages (through Bates 1222) has been supplied from ODMPED to OAG but must be reviewed for privilege.

(3)   The District has located an additional disc of documents regarding the Navy Yard; these documents must be printed, Bates stamped, and reviewed for privilege.

(4)   Counsel for Monument provided a list of e-mail search terms on November 2, 2007, and that list has been reviewed with the Office of the Deputy Mayor for planning and Economic Development ("ODMPED"). The result of that review is that certain terms are believed to be over inclusive. For example, if the term "Ballpark" or "AWC" is used, virtually every e-mail from the former agency may be produced. In addition, certain mailboxes, particularly Councilmembers, are not within the control of the OCTO server which specifically handles ODMPED. Notwithstanding that, some limited search of the Councilmembers' correspondence with other government employees may occur. Therefore, the amount of time required to review the documents is necessarily unknown at this time because it is unknown how many documents will be located.

(5)   The District learned from the former General Counsel for the AWC (whom the District contacted immediately upon commencing its search efforts) of at least two additional individuals whose consultation is necessary to ensure that a full search has been conducted. While the District is attempting to contact each of these individuals, it may not be ultimately successful.

(6)   In a telephone conversation today with undersigned counsel, Tiffany M. Scott a project coordinator with ODMPED located at 1350 Pennsylvania Avenue, N.W. ("the Wilson Building"), indicated that: (a) she has searched at least 14 document boxes for responsive documents over the past three days spending a minimum of 21 hours on the search; she has substantially eliminated a great number of non-responsive documents; (b) she has two to six binders to review which appear to contain bid proposals and responses from Monument; (c) there

are an additional undetermined number of boxes to be reviewed at 2025 M Street, a former site office for the former NCRC. The District notes additionally that any responsive documents must be reviewed to determine if any applicable privileges apply.

(7)     Accordingly, the District will be able to continue to produce documents on a rolling basis, but no firm estimate can be given on the completion of the entire production because (a) it is unclear what the electronic search will produce; (b) the District has been unable to consult with all relevant individuals because they are the former employees of a dissolved corporation; and (c) the District has been unable to determine, because of its limited familiarity with the documents, the number of boxes at the M Street location that must be reviewed. Experience suggests that a minimum of 30 days will be required to complete the production if extensive privilege review is required for reviewing the e-mails requested; the time could be shorter if the M Street location produces little additional information or if the e-mail search discloses a relatively light load of correspondence to be reviewed.

As a final note, while the District recognizes that this litigation was only recently filed, and while it regrets the brief delay in commencement of search efforts that resulted from internal miscommunication, the subpoena was not filed until one week after the filing of the complaint. Even more importantly, it must be kept in mind that, in addition to all of the factors addressed above, the subpoena calls for the District to go through a large number of documents from a now defunct agency regarding a transactional narrative that began at minimum on or about September 16, 2005, with an AWC Request for Expressions of Interest (Amended Complaint at Paragraph 20).

DATED: November 9, 2007         Respectfully submitted,

                                LINDA SINGER
                                Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


_____/s/*Kimberly M. Johnson*_____
KIMBERLY M. JOHNSON   D.C. Bar No. 435163
Chief, General Litigation Section 1


_____*/s/ Thomas J. Foltz*\_\_\_\_
THOMAS J. FOLTZ
Assistant Attorney General
D.C. Bar No. 462858
441 Fourth Street, N.W.
Washington, D.C. 20001
(202)  724-6652
(202) 727-0431 (fax)
E mail: Thomas.foltz@dc.gov


CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system.  This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on November 9, 2007.



_____*/s/ Thomas J. Foltz*_____
Thomas J. Foltz, Esq.


Monument DC Opp MTC 110907 Final 110907