## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MONUMENT REALTY LLC, et al.,          )
                                  )
        Plaintiffs,          )
                                   )
        v.          )        Civil Action No. 1:07-cv-01821 (EGS)
                                   )        Judge Emmet G. Sullivan
WASHINGTON METROPOLITAN          )
AREA TRANSIT AUTHORITY,          )
                                   )
        Defendant.          )
                                   )

## MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
## DUCES TECUM ISSUED TO NONPARTY THE JOHN AKRIDGE COMPANY
### (Includes Request for Expedited Filing of Any Opposing Points and Authorities)

Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC (collectively, "Monument")

respectfully file this motion to require a complete response to a subpoena duces tecum issued,

with leave of Court, to a nonparty in this case, The John Akridge Company ("Akridge"). The

relief requested concerns one of the eleven specific categories of information sought by

Monument, and is provided for by LCvR 7 and Fed. R. Civ. P. 45. Monument also asks the

Court to shorten the response time provided by LCvR 7(b) under these circumstances, given the

time constraints that the parties are working under to meet the various deadlines set in this case,

and to require Akridge to file any opposing points and authorities by Wednesday, November 28,

2007. (Monument would file a reply by Thursday, November 29, 2007.)

Monument filed this suit against Defendant Washington Metropolitan Area Transit

Authority ("WMATA") in the wake of WMATA's September 27, 2007 announcement that it

would try to move forward with the sale of its Southeast Bus Garage Property to Akridge.

Monument is challenging both the attempted sale to Akridge as well as the bid process followed

by WMATA in this case. Upon the filing of this lawsuit, WMATA has represented that it will not take action to convey equitable title or any other property rights to Akridge and will not close on any conveyance to Akridge, but WMATA has not otherwise agreed to maintain the status quo. With respect to the status of the contemplated WMATA/Akridge transaction, WMATA's counsel has advised that no closing is likely to take place until 2008 regardless of what happens in this lawsuit.

In accordance with the expedited schedule for this case, Monument has been pursuing discovery from Akridge in addition to WMATA and other sources. On October 17, 2007, this Court granted Monument leave to serve the subpoena duces tecum to Akridge. A copy of the subpoena duces tecum is attached to the accompanying memorandum of points and authorities as Exhibit "A." Akridge served a timely set of Objections and Responses on October 22, 2007, a copy of which is attached to the accompanying memorandum of points and authorities as Exhibit "B." (Although the document did respond to the requests set forth in the subpoena duces tecum, responsive documents were not provided until later. Akridge indicated, through counsel, that it had a large volume of material to review as part of the production, and asked for Monument's cooperation as that effort continued. Monument cooperated in that regard, and its counsel was in regular contact with Akridge's counsel in the course of that effort. Akridge's counsel kept Monument's counsel courteously and professionally informed through the status of the effort, finally indicating on November 19, 2007 that the rolling production would be completed with the delivery of certain materials by the following day.)

Beginning on October 29, 2007 and ending on November 20, 2007, Akridge produced a total of 526 pages of documents to Monument along with a compact disc containing copies of several voicemail. Now that Akridge's production is complete and Monument has had the chance to review the documents, it files this motion to compel. In particular, Akridge stood on

its objection with respect to Category No. 9 of the subpoena duces tecum, which sought the following: "All documents concerning your financial closing commitment(s) or other financing you have arranged or are in the process of arranging to acquire the Property." Akridge produced no documents in Category No. 9, despite that this information is both relevant and discoverable. Although Monument attempted to resolve the matter with Akridge, it has been unable to do so. Monument therefore respectfully asks the Court to compel Akridge to produce the responsive documents and information by December 2, 2007.

WHEREFORE, Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC respectfully request that this Court direct that any opposing points and authorities to this motion be filed by Wednesday, November 28, 2007, direct that any reply to opposing points and authorities be filed by Thursday, November 29, 2007, and order The John Akridge Company to respond fully and completely to the subpoena duces tecum issued to it on October 17, 2007, including all information and documents responsive to Category No. 9 of the subpoena duces tecum, by no later than Sunday, December 2, 2007; and that this Court order such other and further relief as justice may provide.

Dated:  November 26, 2007

Respectfully submitted,

NIXON PEABODY, LLP

*/s/ Vernon W. Johnson, III*

_____

Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)
ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

## CERTIFICATION PURSUANT TO LCvR 7(m)

Undersigned counsel for Plaintiffs hereby certifies, pursuant to LCvR 7(m), that a good faith effort was made to discuss the subject of this motion, and the relief requested herein, with counsel for The John Akridge Company. Plaintiffs were unable to resolve these issues despite such effort. Counsel for Akridge was informed that this motion is being filed.

Dated: November 26, 2007

Respectfully submitted,

NIXON PEABODY, LLP

*/s/ Vernon W. Johnson, III*

Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)

ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2007, a true and correct copy of the foregoing Motion to Compel Compliance with Subpoena Duces Tecum Issued to Nonparty The John Akridge Company, Memorandum of Points and Authorities with appended Exhibits "A" and "B," and Proposed Form of Order was served by ECF upon:

> Harvey A. Levin, Esquire
> Thompson Coburn LLP
> 1909 K Street, Suite 600
> Washington, D.C. 20006-1167
>
> Counsel for Defendant

I further certify that a true and correct copy of the foregoing pleadings and papers were served via hand delivery upon:

> Barbara S. Wahl, Esquire
> Joshua Fowkes, Esquire
> Arent Fox LLP
> 1050 Connecticut Avenue, NW
> Washington, DC 20036-5339
>
> Counsel for The John Akridge Company

*/s/ Vernon W. Johnson, III*
_____
Vernon W. Johnson, III

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )  Civil Action No. 1:07-cv-01821 (EGS) |
| | )  Judge Emmet G. Sullivan |
| WASHINGTON METROPOLITAN | ) |
| AREA TRANSIT AUTHORITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
DUCES TECUM ISSUED TO NONPARTY THE JOHN AKRIDGE COMPANY**

In making this motion, Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC

respectfully rely upon LCvR 7 and Fed. R. Civ. P. 45, the subpoena duces tecum issued to The

John Akridge Company on October 17, 2007. *See* Exhibit "A." Furthermore, under LCvR 7(b),

opposing points and authorities must be filed "[w]ithin 11 days of the date of service or at such

other time as the Court may direct." Plaintiffs are asking the Court to exercise its discretion to

require that any opposing points and authorities be filed by Wednesday, November 28, 2007.

(Monument would file a reply by Thursday, November 29, 2007.)

In this motion, Monument asks the Court to compel Akridge to produce the information

requested in Category No. 9 of the subpoena duces tecum, which sought the following: "All

documents concerning your financial closing commitment(s) or other financing you have

arranged or are in the process of arranging to acquire the Property." Akridge objected to the

request, and did not produce responsive documents or information. *See* Exhibit "B" hereto at 7.

Akridge's objection asserted the following:

> In addition to the General Objections, Akridge objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product immunity doctrine, or any other applicable privilege or protection. Akridge also objects to this Request to the extent it seeks production of confidential proprietary and/or competitively sensitive information. Moreover, Akridge objects to this Request as being overly broad, and requesting information not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

*See id.*

Akridge's concern that the Request asks for "confidential proprietary and/or competitively sensitive information" is amply addressed by the Agreed Protective Order in this case, by which Akridge could limit the use of the responsive information by designating it in good faith as "Confidential." (Indeed, Akridge has designated a certain limited number of the documents it did produce as "Confidential."). Akridge also need not produce information that falls strictly within the category of attorney-client privilege. (It is less clear that the "attorney work product immunity doctrine" would apply here, but Akridge is certainly free to make such a claim if the facts support it.)

The remainder of the responsive information, however, is relevant and discoverable and should be produced. Under Fed. R. Civ. P. 26(b)(1), the scope of discovery broadly encompasses "any matter, not privileged, that is relevant to the claim or defense of any party." It is well-settled that "[r]elevance for discovery purposes is broadly construed." *See Doe v. District of Columbia,* 231 F.R.D. 27, 30 (D.D.C. 2005).

In this case, Monument is pursuing its lawsuit to protect its rights and interests in the Southeast Bus Garage Property. Monument is contesting WMATA's right to convey the Property to Akridge, and WMATA is defending its position. This case therefore involves many challenges to, and inquiries concerning, WMATA's decisions as part of the process it decided to follow to dispose of the Property and to set in motion its plans to complete a conveyance to

Akridge.  *See* First Amended Complaint, ¶¶ 180-199, 201-207, 209-215, 217-223.  Akridge's ability, on its end, to complete such a transaction is directly relevant to those issues, including, in particular, WMATA's consideration of its stated sole bid criterion: "[T]he best net return to WMATA after leaseback monthly rent."  *See id.,* ¶ 66.  This concern seems especially relevant given the well-documented recent turmoil in the financial markets.

WMATA, on its part, has taken the position that the financial wherewithal of Plaintiff MR Ballpark 7 LLC is relevant to its defenses.  Among other things, WMATA is seeking documents from Monument that include the following: "Documents evidencing the assets, liabilities, income, expenses, operations, finances, financial position, and sources of funds of MR Ballpark 7 LLC from its creation to date."  *See* Joint Report Pursuant to Minute Order Dated October 11, 2007 at 5.  To the extent that these issues are relevant with respect to the defenses against Monument's claims, they are relevant to the other issues in dispute.

In the same vein, to the extent that Akridge lacks "financial closing commitment(s) or other financing . . . to acquire the Property" (the information called for in Category No. 9), then this would have a direct and deleterious impact upon WMATA's efforts to complete the contested conveyance.  If Akridge is not and cannot be ready, willing, or able to complete the conveyance, then WMATA's attempt to defend its planned conveyance to Akridge would be unsupportable.

Information exchanged in discovery thus far has already revealed some of the correspondence between WMATA and Akridge concerning the planned disposition of the Property.  The information concerning Akridge's "financial closing commitment(s) or other financing . . . to acquire the Property" is similarly relevant and discoverable, but thus far has not been produced.  Monument therefore respectfully asks that the Court order its production.

Dated:  November 26, 2007

Respectfully submitted,

NIXON PEABODY, LLP

*/s/ Vernon W. Johnson, III*
_____
Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)

ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al.,      ) | |
|        ) | |
| Plaintiffs,        ) | |
|        ) | |
| v.        ) | Civil Action No. 1:07-cv-01821 (EGS) |
|        ) | Judge Emmet G. Sullivan |
|        ) | |
| WASHINGTON METROPOLITAN      ) | |
| AREA TRANSIT AUTHORITY,      ) | |
|        ) | |
| Defendant.        ) | |

## ORDER GRANTING MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM ISSUED TO NONPARTY THE JOHN AKRIDGE COMPANY

Upon consideration of the Motion to Compel Compliance with Subpoena Duces Tecum Issued to Nonparty The John Akridge Company, the memorandum of points and authorities in support of the motion, any opposition to the motion, and the entire record herein, and this Court having considered the argument of counsel thereon, it is, this ___ day of _____, 2007, hereby

ORDERED, that the motion be, and it hereby is, granted; and it is further

ORDERED, that The John Akridge Company shall produce all nonprivileged responsive documents and information with respect to Category No. 9 of the subpoena duces tecum issued to it ("All documents concerning your financial closing commitment(s) or other financing you have arranged or are in the process of arranging to acquire the Property") on or 3:00 p.m. on Sunday, December 3, 2007; and it is further

ORDERED, that the relief provided in this Order is without prejudice to the Plaintiffs' right to seek further relief in the event that the production of documents and information ordered

10814410.1

herein does not comply with the subpoena duces tecum or otherwise with the requirements of

Fed. R. Civ. P. 45.


_____
Emmet G. Sullivan
United States District Judge

COPIES TO:

Louis E. Dolan, Jr.
Vernon W. Johnson, III
Nixon Peabody LLP
401 9th Street, N.W.
Washington, D.C. 20001

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, Suite 600
Washington, D.C. 20006-1167

Barbara S. Wahl
Joshua Fowkes, Esquire
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, DC  20036-5339

# Exhibit "A"

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

Monument Realty LLC and MR Ballpark 7 LLC

v.

Washington Metropolitan Area Transit Authority

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:07-cv-01821 (EGS)

TO:    Custodian of Records
       The John Akridge Company
       601 Thirteenth Street, N.W., Suite 300 North
       Washington, D.C. 20005

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Schedule – Please note that objection deadline is 10/22/2007 and compliance deadline is 10/29/2007.

| PLACE    Nixon Peabody LLP, 401 9th Street, N.W., Suite 900, Washington, D.C. 20004    Attention: Louis E. Dolan, Jr. | DATE AND TIME    10/29/2007 5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Counsel for Plaintiffs | DATE    10/17/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Louis E. Dolan, Jr., Esquire (Attorney for Plaintiffs), Nixon Peabody LLP, 401 9th Street, N.W., Suite 900, Washington, D.C. 20004

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 10/17/2007 | The John Akridge Company, 601 Thirteenth Street, N. W., Suite 300 North, Washington, D.C. 20005 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| STEPHANIE BROWN | HAND DELIVERY |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| NICOLA MURPHY | PARALEGAL |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    10/17/07
                    DATE

SIGNATURE OF SERVER

401 9TH STREET, NW, SUITE 900
ADDRESS OF SERVER

WASHINGTON, DC 20004

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

## LIST OF DOCUMENTS TO BE PRODUCED BY

## THE JOHN AKRIDGE COMPANY

**A.** **Definitions and Instructions**

1.     Pursuant to Fed. R. Civ. P. 45, the documents and files produced in response to this Subpoena shall be produced in the format in which the documents currently exist and shall include all reasonably accessible electronic documents and files.

2.     The term "AWC" shall mean the Anacostia Waterfront Corporation and its agencies, departments, offices, agents, employees, attorneys, representatives, and any consultants, experts, investigators or other persons acting on its behalf or at its direction, which is now part of the Office of the Deputy Mayor for Planning and Economic Development for the District of Columbia.

3.     The term "Ballpark District" shall mean the planning area in Southeast, Washington, D.C., directly adjacent to and including the new Washington Nationals baseball stadium currently under construction and bounded by the Southwest-Southeast Freeway to the North, South Capitol Street to the West, New Jersey Avenue, S.E. to the East, and the Anacostia River to the South.

4.     The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise) including any written or oral exchange or contact between two or more persons, including meetings, conversations, and correspondence, oral or written, in person, by telephone, by wire, by electronic mail, by letter, direct or indirect, through any intermediaries, or by any other means. "Communication" also includes any document

concerning any communication, including any agenda, minutes, notes, and other records and recordings of the communication.

5.    The term "concerns" or "concerning" shall mean referring to, describing, evidencing, relating to, or constituting.

6.    The term "District of Columbia" shall mean the government of the District of Columbia and its agencies, departments, offices, agents, employees, attorneys, representatives, and any consultants, experts, investigators or other persons acting on its behalf or at its direction, including but not limited to the Office of the Deputy Mayor for Planning and Economic Development.

7.    The terms "you" and "your" shall mean The John Akridge Company and its affiliates, agents, employees, attorneys, representatives, and any consultants, experts, investigators or other persons acting on its behalf or at its direction.

8.    The term "document" shall have the same definition as that contained in Fed R. Civ. R. 34, and shall include originals and copies (including all non-identical copies and photocopies) stored in any medium from which information can be obtained, including but not limited to email messages and attachments.

9.    The term "Half Street Area" shall mean the area bounded by M St., S.E. to the North, South Capitol Street, S.W. to the West, 1st Street, S.E. to the East, and N Street, S.E. to the South in area of the District of Columbia commonly known and referred to as the Ballpark District.

10.    The term "Monument" shall mean Monument Realty LLC and any of its affiliates, agents, employees, attorneys, representatives, and any consultants, experts, investigators or other persons acting on its behalf or at its direction.

11.    The term "person" shall mean and refer to any natural person or any business, legal or governmental entity, or association.

12.    The term "Property" shall mean the Southeast Bus Garage and adjacent surface lot owned by WMATA, contained in Lots 857 and 866 in Square 700 in the District of Columbia.

13.    The term "relevant" shall have the broadest possible meaning under Fed. R. Civ. P. 26.

14.    The term "WMATA" shall mean the Washington Metropolitan Area Transit Authority and any of its affiliates, agents, employees, attorneys, representatives, and any consultants, experts, investigators or other persons acting on its behalf or at its direction, including but not limited to its Board of Directors and any member thereof.

15.    If any document cannot be produced in full, please identify any portion that cannot be produced and specific the reasons why such portion cannot be produced.

16.    Any word written in the singular should be construed as plural and vice versa, and any use of the conjunctive should be construed as also being in the disjunctive and vice versa.

17.    Unless otherwise specified, the time period encompassed by this Subpoena shall be from January 1, 2004 to the present.

18.    If a complete response to any item requested herein is withheld on the basis of any asserted privilege, including but not limited to the attorney-client privilege or work-product rule, state, as to each response or portion of a response withheld, the following:

    a)    the type of privilege asserted;

    b)    the basis for the assertion of the privilege;

    c)    the date of the information, if applicable; and

d)    without revealing the privileged material, information concerning the response or portion of the response withheld sufficient to bring the matter before the Court to obtain a ruling on your claim of privilege.

**B.    Documents Required To Be Produced**

1.    All documents concerning any due diligence you conducted concerning the Property, including but not limited to all reports, studies, expert opinions, analyses, and valuations of the Property.

2.    All documents concerning your bid or submission to WMATA in response to Invitation for Bids No. 08-1 and No. 07-3.

3.    All communications with WMATA concerning the Property, any potential acquisition thereof, and Invitation for Bids No. 07-3 and 08-1.

4.    All communications with AWC and the District of Columbia concerning the Property, any potential acquisition thereof, and Invitation for Bids No. 07-3 and 08-1.

5.    All documents concerning WMATA's policies and procedures for disposition of its real property, including the Property.

6.    All documents concerning the approval of WMATA's Board of Directors for disposal of the Property.

7.    All documents concerning the Federal Transit Administration's approval of disposal of the Property by WMATA, and/or WMATA's notice to the Federal Transit Administration of disposal of Property.

8.    All documents concerning AWC's selection of master or exclusive developers for the Half Street Area or any portions of the Ballpark District.

9.    All documents concerning your financial closing commitment(s) or other financing you have arranged or are in the process of arranging to acquire the Property.

10.    All documents concerning draft contracts for the Property.

11.    All documents concerning escrow or other deposits of funds paid to WMATA in connection with Invitation for Bid No. 08-1.

## CERTIFICATE OF SERVICE

I hereby certify that on this ⬛th day of October, 2007, I caused a copy of the foregoing *aut electronic mail* Subpoena and Schedule A to be served by first-class mail, upon:

Harvey A. Levin, Esquire
1909 K Street, N.W., Suite 600
Washington, D.C. 20006-1167
202.585.6900
202.585-6969 (fax)
hlevin@thompsoncoburn.com

Counsel for Defendant

_____
Louis E. Dolan, Jr.

# Exhibit "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Monument Realty LLC and MR Ballpark 7 LLC, )<br><br>Plaintiffs, )<br><br>v. )<br><br>Washington Metropolitan Area Transit Authority, )<br><br>Defendant. ) | 1:07-CV-01821<br><br>Judge Sullivan |

**THE JOHN AKRIDGE COMPANY'S OBJECTIONS AND RESPONSES TO THE
SUBPOENA ISSUED BY PLAINTIFFS**

The John Akridge Company ("Akridge") hereby responds to the subpoena issued to it by

Plaintiffs as follows:

## GENERAL OBJECTIONS

Akridge makes the following General Objections to each and every Request for

Production of Documents in the subpoena issued by Plaintiffs ("Requests for Production" or

"Requests"), without conceding the relevancy or materiality of any Request for Production and

without prejudice to further object with respect to the subject matter of any Request. The

foregoing and these General Objections are hereby incorporated by reference into each response

made with respect to each separate Request. The responses to the Requests reflect the current

state of Akridge's knowledge with respect to the matters addressed in the Requests, and Akridge

reserves the right to modify or supplement these responses as needed.

A.    Akridge objects to the Definitions to the extent they expand the common usage or

meaning of a word or phrase.

1

B.      Akridge objects to the Requests to the extent they seek documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection.

C.      Akridge objects to the Requests to the extent they seek documents not within its possession, custody, or control.

D.      Akridge objects to the Requests to the extent they seek the disclosure of confidential, proprietary or competitively sensitive documents, or documents otherwise protected by agreement or law.

E.      Akridge objects to the Requests to the extent they seek documents that are not relevant to the subject matter of this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence.

F.      Akridge objects to the Definitions and Instructions and to the Requests to the extent they seek to impose upon it undue burdens, undue expenses, or discovery obligations in excess of its obligations under the Federal Rules of Civil Procedure and the orders of this Court.

G.      Akridge objects to the Requests to the extent they seek to require it to produce documents created or modified before January 1, 2007 and after the commencement of this suit.

H.      Akridge objects to the Requests to the extent they seek to require it to produce documents relating to the potential settlement of this litigation or other disputes concerning "the Property" as defined in the subpoena as not relevant to the subject matter of this suit and not reasonably calculated to lead to the discovery of admissible evidence and contrary to Rule 408 of the Federal Rules of Evidence.

I.      Akridge objects to the Requests to the extent they pertain to Bid No. 07-3, which is not relevant to the subject matter of this suit, nor would such documents be reasonably

2

calculated to lead to the discovery of admissible evidence.

## SPECIFIC OBJECTIONS & RESPONSES

**Document Request No. 1:**

All documents concerning any due diligence you conducted concerning the Property, including but not limited to all reports, studies, expert opinions, analyses, and valuations of the Property.

**Response to Request No. 1:**

In addition to the General Objections, Akridge objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product immunity doctrine, or any other applicable privilege or protection. Akridge also objects to this Request to the extent it seeks production of confidential proprietary and/or competitively sensitive information. Akridge further objects to this Request to the extent it seeks documents that are not relevant to the subject matter of the lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

**Document Request No. 2:**

All documents concerning your bid or submission to WMATA in response to Invitation for Bids No. 08-1 and No. 07-3.

**Response to Request No. 2:**

In addition to the General Objections, Akridge objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product immunity doctrine, or any other applicable privilege or protection. Akridge objects to this Request as being overly broad, and requesting confidential proprietary and/or competitively

sensitive information, as well as information not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, Akridge will produce non-privileged, non-confidential documents responsive to this Request, if any exist.

**Document Request No. 3:**

All communications with WMATA concerning the Property, any potential acquisition thereof, and Invitation for Bids No. 07-3 and 08-1.

**Response to Request No. 3:**

In addition to the General Objections, Akridge objects to this Request as being overly broad. Akridge further objects to this Request to the extent it seeks documents that are not relevant to the subject matter of the lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, Akridge will produce non-privileged, non-confidential documents responsive to this Request, if any exist.

**Document Request No. 4:**

All communications with AWC and the District of Columbia concerning the Property, any potential acquisition thereof, and Invitation for Bids No. 07-3 and 08-1.

**Response to Request No. 4:**

In addition to the General Objections, Akridge objects to this Request as being overly broad. Akridge further objects to this Request to the extent it seeks documents that are not relevant to the subject matter of the lawsuit and not reasonably calculated to lead to the discovery

4

of admissible evidence. Subject to and without waiver of the foregoing general and specific

objections, Akridge will produce non-privileged, non-confidential documents responsive to this

Request, if any exist.

**Document Request No.5**:

All documents concerning WMATA's policies and procedures for disposition of its real

property, including the Property.

**Response to Request No. 5**:

In addition to the General Objections, Akridge objects to this Request as being overly

broad, and requesting information not relevant to the subject matter of this lawsuit and not

reasonably calculated to lead to the discovery of admissible evidence. Moreover, Akridge

objects to this Request as requesting confidential proprietary and/or competitively sensitive

information. Subject to and without waiver of the foregoing general and specific objections,

Akridge will produce non-privileged, non-confidential documents responsive to this Request, if

any exist.

**Document Request No. 6**:

All documents concerning the approval of WMATA's Board of Directors for disposal of

Property.

**Response to Request No. 6**:

In addition to the General Objections, Akridge objects to this Request to the extent it

seeks documents protected from disclosure by the attorney-client privilege, attorney work

product immunity doctrine, or any other applicable privilege or protection. Moreover, Akridge

objects to this Request as requesting confidential proprietary and/or competitively sensitive information and information not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, Akridge will produce non-privileged, non-confidential documents responsive to this Request, if any exist.

**Document Request No. 7:**

All documents concerning the Federal Transit Administration's approval of disposal of the Property by WMATA, and/or WMATA's notice to the Federal Transit Administration of disposal of Property.

**Response to Request No.7:**

In addition to the General Objections, Akridge objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product immunity doctrine, or any other applicable privilege or protection. Moreover, Akridge objects to this Request as requesting confidential proprietary and/or competitively sensitive information and information not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, Akridge will produce non-privileged, non-confidential documents responsive to this Request, if any exist.

**Document Request No. 8:**

All documents concerning AWC's selection of master or exclusive developers for the Half Street Area or any portions of the Ballpark District.

**Response to Request No. 8:**

In addition to the General Objections, Akridge objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product immunity doctrine, or any other applicable privilege or protection. Moreover, Akridge objects to this Request as being overly broad, and requesting confidential proprietary and/or competitively sensitive information and information not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing general and specific objections, Akridge will produce non-privileged, non-confidential documents responsive to this Request, if any exist.

**Document Request No. 9:**

All documents concerning your financial closing commitment(s) or other financing you have arranged or are in the process of arranging to acquire the Property.

**Response to Request No. 9:**

In addition to the General Objections, Akridge objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product immunity doctrine, or any other applicable privilege or protection. Akridge also objects to this Request to the extent it seeks production of confidential proprietary and/or competitively sensitive information. Moreover, Akridge objects to this Request as being overly broad, and requesting information not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.

7

**Document Request No. 10**:

All documents concerning draft contracts for the Property.

**Response to Request No. 10:**

In addition to the General Objections, Akridge objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product immunity doctrine, or any other applicable privilege or protection. Akridge also objects to this Request to the extent it seeks production of confidential proprietary and/or competitively sensitive information. Subject to and without waiver of the foregoing general and specific objections, Akridge will produce non-privileged, non-confidential documents pertaining to the purchase and sale of the Property, if any exist.

**Document Request No. 11**:

All documents concerning escrow or other deposits of funds paid to WMATA in connection with Invitation for Bid No. 08-1.

**Response to Request No. 11:**

In addition to the General Objections, Akridge objects to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, attorney work product immunity doctrine, or any other applicable privilege or protection. Subject to and without waiver of the foregoing general and specific objections, Akridge will produce non-privileged, non-confidential documents responsive to this Request, if any exist.

8

Dated:  October 22, 2007

Barbara S. Wahl
Joshua Fowkes
ARENT FOX LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 857-6000
wahl.barbara@arentfox.com
fowkes.joshua@arentfox.com
*Counsel for The John Akridge Company*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October, 2007, I caused a copy of the foregoing

The John Akridge Company's Objections and Responses to Subpoena Issued by Plaintiffs to be

served by email and U.S. mail, first class postage prepaid, on the following.

Louis Dolan, Jr.
Nixon Peabody LLP
401 9th Street, N.W.
Suite 900
Washington, D.C. 20004-2128

Harvey Levin
Thompson Coburn LLP
1909 K Street, NW
Suite 600
Washington, D.C. 20006-1167

Joshua Fowkes