IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MONUMENT REALTY, LLC, et al., | : | |
| | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 1:07-CV-1821 (EGS) |
| | : | Judge Emmett G. Sullivan |
| | : | |
| WASHINGTON METROPOLITAN | : | |
| AREA TRANSIT AUTHORITY, | : | |
| | : | |
|     Defendant | : | |
| _____ | : | |

## THE DISTRICT OF COLUMBIA'S MOTION TO ENLARGE THE TIME TO PRODUCE SUBPOENAED DOCUMENTS

The District of Columbia ("the District"), by and through the undersigned counsel, moves pursuant to Fed. R. Civ. 6 (b)(1) to enlarge time to produce subpoenaed documents from November 30, 2007, to February 15, 2008, in light of the results from an e-mail search indicating approximately 21,555 e-mails and the District's current capability to perform the search and review task manually with existing staff resources. Alternatively, the District seeks an order directing the plaintiff as the requesting party to pay for the costs of production and review, including the use of attorney reviewers and a privilege log, all performed under the District's supervision. The District is not a party to the core transaction at issue here between the Washington Metropolitan Transportation Authority and Akridge and should not have to bear the expense of search, production and review and protection.

    An LCvR 7(a) supporting memorandum and LCvR 7(c) proposed order accompany this motion. LCvR 7(m) consent was sought from counsel for plaintiff which was denied on November 27, 2007, although as indicated in the accompanying memorandum, counsel for the

parties continue to attempt to confer to reduce the number of e-mails and to adopt creative ways to meet the production obligation imposed by the Court's order.

DATED: November 28, 2007          Respectfully submitted,

                                             LINDA SINGER
                                             Attorney General for the District of Columbia

                                             GEORGE C. VALENTINE
                                             Deputy Attorney General, Civil Litigation Division


                                             _____*/s/ Kimberly M. Johnson*_____
                                             KIMBERLY M. JOHNSON   D.C. Bar No. 435163
                                             Chief, General Litigation Section 1


                                             _____*/s/ Thomas J. Foltz*_____
                                             THOMAS J. FOLTZ
                                             Assistant Attorney General
                                             D.C. Bar No. 462858
                                             441 Fourth Street, N.W.
                                             Washington, D.C. 20001
                                             (202) 724-6652
                                             (202) 727-0431 (fax)
                                             E mail: Thomas.foltz@dc.gov

## CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system. This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on November 28, 2007.

                              _____*/s/ Thomas J. Foltz*_____
                                        Thomas J. Foltz, Esq.


Monument DC MTN Nlrg Time for SDT Compliance  E sign 112807

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONUMENT REALTY, LLC, et al., :
:
    Plaintiffs, :
:
v. : Civil Action No. 1:07-CV-1821 (EGS)
: Judge Emmett G. Sullivan
:
WASHINGTON METROPOLITAN :
AREA TRANSIT AUTHORITY, :
:
    Defendant :
_____:

THE DISTRICT OF COLUMBIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO ENLARGE THE TIME TO PRODUCE SUBPOENAED
DOCUMENTS

I. Factual and Procedural Background

Plaintiff Monument Realty, LLC, ("Plaintiff") issued and served a subpoena duces tecum on the District of Columbia's Deputy Mayor for Planning and Economic Development on or about October 17, 2007. The District of Columbia ("the District") has been producing documents on a rolling basis with an excess of 4500 pages of material produced as indicated in its status reports filed with the Court on November 14, 2007 and November 20, 2007. As indicated in those status reports, Plaintiff and the District agreed on nearly 50 search terms to search for e-mail records on or about November 13, 2007, and a search was commenced by the Office of the Chief Technology Officer ("OCTO").

The results of the first search, not previously indicated in the District's status reports, initially produced a census of 35,000 e-mails on or about November 20, 2007. That number was reduced by eliminating duplicate copies to approximately 21,555 e-mails, including attachments, on or about November 21, 2007. The District conferred with counsel for Plaintiff regarding this

matter initially submitting that it was without resources to print, Bates, review for relevance, and create a privilege log by the November 30, 2007, deadline imposed by the Court. On November 27, 2007, counsel for the parties explored a clawback agreement and a protective order that would have facilitated production, however, the District concluded ultimately that it could not lose control of the review process without potentially serious breaches of the deliberative process privilege. In addition, the District offered to narrow the search to three terms "Akridge" "Bus garage" and "Monument" producing a census of approximately 1000 e-mails; counsel for Plaintiff civilly declined. The District then offered to have Plaintiff's counsel limit the search terms to 15 or 25; that offer was acted upon, and with slight modifications provided by Plaintiff's counsel, the District undertook the search with approximately 22 terms and awaits word from the Office of the Chief Technology Officer as to how many e-mails that may produce. The District noted to Plaintiff's counsel that many of the e-mails initially reviewed had little if anything to do with commercial real estate transactions, explaining that some of the emails concerned traffic accidents and snow plowing at different site locations that were listed among the search terms. Finally, the District has requested the assistance of its Office of Contracting and Procurement to price document review and production services to more fully inform itself of the relative cost.

    As a practical matter, the District is without currently marketed software that might assist in this endeavor. Consequently, should the Plaintiff continue to request the full 21,555 e-mails be reviewed for privilege and relevance the District faces a daunting task. It should be noted at the outset that 21,555 e-mails does not equal 21,555 documents; the e-mails and their attachments could easily exceed 45,000 documents. The initial task of printing such e-mails will take approximately twenty one days using currently available printers and paralegal staff borrowed from throughout the Civil Litigation Division. Two attorneys, along with four support

staff, all with other competing deadlines and cases, are currently assigned the review tasks; that number would have to be substantially increased since even a "back of the envelope" estimate suggests that about 30 e-mails could be reviewed an hour or roughly 60 documents working at maximum efficiency resulting in an estimate of at least 750 hours of attorney search time (45,000/ 60= 750) not to mention the additional substantial time to create a privilege log. A substantial number of attorneys from the Civil Litigation Division's attorney staff would have to share in this burden completely disrupting their case loads and their ability to meet deadlines in other cases.

     Balanced against this severe burden is the substantive need by Plaintiff for the information that might be gleaned from the e-mails. The subpoena seeks at best contextual information about the activities of the Anacostia Waterfront Corporation, a now non existent non-party. The core transaction at issue in this litigation, however, involves the planned disposition of a bus garage site controlled by the Washington Metropolitan Transit Authority ("WMATA") to the Akridge Corporation rather the Plaintiff, Monument Realty. Plaintiff ostensibly seeks to demonstrate that it had an agreement with WMATA to receive the site and would use general information about general development around the site in question to demonstrate, somehow, that Plaintiff, not Akridge, was to be the intended recipient of the site. Alternate evidence to prove or disprove the existence of an agreement well exists as demonstrated by the actions of Defendant WMATA which is seeking to interview a current District employee on her knowledge of whether WMATA ever had an understanding with Plaintiff regarding the disposition of the site.

     The District submits that it is without the current resources to comply with the Court's order, that it has been diligent and that the enlargement it seeks is reasonable under the

circumstances. Alternatively, and as proposed in the Motion, the District seeks to shift the burden of cost of production and review to Plaintiff since the District is not a party and the information sought by the Plaintiff from the District, never a party to the core transaction here at issue, is potentially tangentially relevant. However, the District is entitled to protect its deliberative process privilege with regard to other transactions and accordingly it would be severely prejudiced by any abrogation of the privilege. Accordingly, the prejudice to Plaintiff, while not slight should it be compelled to pay for production and review, does not outweigh the burden and detriment to the District. The argument set forth below demonstrates that the District has met its burden for an enlargement under Fed. R. Civ. P. 6(b) (1) and that the cost of production and review should be shifted to the Plaintiff.

## II. Argument

A. The District Has Demonstrated Its Diligence and the Plaintiff Has Relatively Little Prejudice

Fed. R. Civil P. 6(b) (1) and (2) provide in relevant part:

> (b) *Enlargement.* When by these Rules of by notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the Court for cause shown at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specific period permit the act to be done where the failure to act was the result of excusable neglect.

Courts grant "(b) (1)" enlargements (pre-expiration enlargements) where the moving party shows good cause and the opposing party suffers little prejudice. 4A Wright & Miller, Federal Practice and Procedure, Civil 2d §1165, n.5 (2002 ed.) Similarly, courts grant "(b) (2)" or *nunc pro tunc* enlargements where the moving party has been diligent and the non-moving party suffers no

4

substantial prejudice. 4A Wright & Miller, Federal Practice and Procedure, Civil 2d §1165, n.2 (2002 ed.).

As applied to this case, the District has demonstrated its diligence within the range of its currently available resources and would hope to meet the production and review deadline by February 15, 2008. Interim reports may be necessary. The burden on Plaintiff as previously iterated, may not be slight should it be compelled to pay; however, Plaintiff also stands the most potentially to gain and under the eight factor test set forth below should be compelled to pay.

### B. The Eight Factor Cost Shifting Test Favors Shifting Costs to Plaintiff

In *Wiginton v. C.B. Richard Ellis, Inc.,* 229 F.R.D. 568 ( N.D. Ill., 2004), the District Court examined eight factors to determine that a group of plaintiff employees in an employment discrimination case  requesting e-discovery should be compelled to pay up to seventy-five percent of the costs of data review and conversion. Noting that it was adopting the eight factor analysis from two other cases, *Zubulake v. UBS Warburg, LLC,* 217 F.R.D. 309, 316 (S.D.N.Y. 2003) ("*Zubulake I")* and *Rowe Entertainment v. The William Morris Agency, Inc.*, 205 F.R.D. 421, 428 (S.D. N.Y. 2002), the District Court found a small number of relevant documents produced in the search supported the cost shifting to the plaintiffs. *Id*. at 575-576. The eight factors enumerated by the Court, as part of the so called "marginal utility" analysis were set forth as follows:

> 1) the likelihood of discovering critical information; 2) the availability of such information from other sources; 3) the amount in controversy as compared to the total cost of production; 4) the parties' resources as compared to the total cost of production; 5) the relative ability of each  party to control costs and its incentive to do so; 6) the importance of the issues at stake in the litigation; 7) the importance of the requested discovery in resolving the issues at stake in the litigation; and 8) the relative benefits to the parties of obtaining the information. At all times we keep in mind that because the presumption is that the responding party pays for

> discovery requests, the burden remains with CBRE to demonstrate
> that costs should be shifted to Plaintiffs. See Zubulake II, 216
> F.R.D. at 283.

*Id*. at 573.  Application of these factors in the present case should lead to the conclusion that the Plaintiff should bear the cost of production.  First, there is a substantially lessened likelihood of discovering critical information about the core transaction since the District is a non-party. Secondly, the likelihood of obtaining information from other sources, principally testimony, is substantial; WMATA is already seeking to enlist a District employee to support its contentions. Third, factors 3, 4, and 5, relating to cost tend to favor Plaintiff being able to pay the cost of the of the production  since the District lacks sufficient resources  to respond to  Plaintiff's search request within the time limitations set by the Court.   Fourth, factors 6, 7, and 8, regarding the importance of the information again favor the Plaintiff bearing the cost since there is little benefit and not insubstantial harm to the District in having to disclose even the existence of its internal processes through a privilege log regarding transactions that have a remote nexus with the core transaction but a probable nexus with the material requested in the subpoena.  The District must be able to avoid chilling intra-mural candor in negotiations and in political strategies often necessary to commercial development. The District needs such candor for effective government. As the Court of Appeals for the District of Columbia Circuit noted in *Ackerly v. Ley,* 420 F. 2d. 1336, 1341, 137 U.S. App. D.C. 133 (D.C. Cir. 1969) commenting on the necessity of the intra-mural or executive privilege in the context of the Freedom of Information Act:

> The basis of Exemption (5), as of the privilege which antedated it,
> is the free and uninhibited exchange and communication of
> opinions, ideas, and points of view -- a process as essential to the
> wise functioning of a big government as it is to any organized
> human effort. In the Federal Establishment, as in General Motors
> or any other hierarchical giant, there are enough incentives as it is
> for playing it safe and listing with the wind; Congress clearly did

>not propose to add to them the threat of cross-examination in a
>public tribunal.

Consequently, and accordingly, the District contends that it should not have to pay to expose its own processes in a controversy to which it is not a party.

### III. Conclusion

For the foregoing reasons, the District respectfully requests that the Court either grant additional time to the District to respond to the subpoena to February 15, 2008, using its own resources, or, alternatively, and more sensibly, require the Plaintiff to pay the costs of production, review and privilege log.

DATED: November 28, 2007          Respectfully submitted,


                                  LINDA SINGER
                                  Attorney General for the District of Columbia

                                  GEORGE C. VALENTINE
                                  Deputy Attorney General, Civil Litigation Division


                                      */s/ Kimberly M. Johnson*
                                  KIMBERLY M. JOHNSON   D.C. Bar No. 435163
                                  Chief, General Litigation Section 1


                                      */s/ Thomas J. Foltz*
                                  THOMAS J. FOLTZ
                                  Assistant Attorney General
                                  D.C. Bar No. 462858
                                  441 Fourth Street, N.W.
                                  Washington, D.C. 20001
                                  (202) 724-6652
                                  (202) 727-0431 (fax)
                                  E mail: Thomas.foltz@dc.gov

7

CERTIFICATE OF SERVICE

  This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system.  This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on November 28, 2007.

      _____*/s/ Thomas J. Foltz*_____
          Thomas J. Foltz, Esq.

Monument DC MTN Nlrg Time for SDT Compliance MEMO 112807.1 (2)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MONUMENT REALTY, LLC, et al., | : | |
| | : | |
|    Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 1:07-CV-1821 (EGS) |
| | : | Judge Emmett G. Sullivan |
| | : | |
| WASHINGTON METROPOLITAN | : | |
| AREA TRANSIT AUTHORITY, | : | |
| | : | |
|    Defendant | : | |
| _____ | : | |

ORDER

The District of Columbia moved pursuant to Fed. R. Civ. 6 (b) (1) to enlarge the time to comply with the subpoena duces tecum served on it by Plaintiff Monument Realty, LLC. Upon consideration of the motion, the supporting memorandum, any opposition and reply received in response thereto, it is hereby

ORDERED that the motion be and the same hereby is GRANTED; and it is further

ORDERED that the time for compliance with the subpoena is ENLARGED from November 30, 2007, through and including February 15, 2008.

ENTERED THIS ___ day of November, 2007

_____
Emmett G. Sullivan United States District Judge

Copies to:    Louis E. Dolan, Jr., Esq.
                Nixon Peabody, LLP
                401 Ninth Street, N.W., Ste. 900
                Washington, D.C. 20004
                Counsel for Monument Realty, LLC

Thomas J. Foltz, Esq.
Office of the Attorney General
441 -4th Street, N.W., 6th Floor South
Washington, D.C. 20001
Counsel for the District of Columbia

Donald A. Laffert, Esq.
WMATA
600 Fifth Street, N.W.
Washington, D.C. 20001

Harvey A. Levin, Esq.
Thompson, Coburn, LLP
1909 "K" Street, N.W., Ste. 600
Washington, D.C. 20006-`1167
Counsel for WMATA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY, LLC, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 1:07-CV-1821 (EGS) |
| : | Judge Emmett G. Sullivan |
| : | |
| WASHINGTON METROPOLITAN : | |
| AREA TRANSIT AUTHORITY, : | |
| : | |
| Defendant : | |
| _____: | |

ORDER

The District of Columbia moved pursuant to Fed. R. Civ. 6 (b) (1) to enlarge the time to comply with the subpoena duces tecum served on it by Plaintiff Monument Realty, LLC. Alternatively, it sought to shift the costs of production, review and a privilege log to the plaintiff. Upon consideration of the motion, the supporting memorandum, any opposition and reply received in response thereto, it is hereby

ORDERED that the motion be and the same hereby is GRANTED; and it is further

ORDERED that  plaintiff shall bear the costs of production, review and a privilege log through a contractor selected by the District  for the production of plaintiff's e-mail search in this case occasioned by the plaintiff's subpoena duces tecum directed to the Office of the Deputy Mayor for Planning and Economic Development.

ENTERED THIS \_\_\_ day of November, 2007

_____
Emmett G. Sullivan United States District Judge

Copies to:    Louis E. Dolan, Jr., Esq.
Nixon Peabody, LLP
401 Ninth Street, N.W., Ste. 900
Washington, D.C. 20004
Counsel for Monument Realty, LLC

Thomas J. Foltz, Esq.
Office of the Attorney General
441 -4th Street, N.W., 6th Floor South
Washington, D.C. 20001
Counsel for the District of Columbia

Donald A. Laffert, Esq.
WMATA
600 Fifth Street, N.W.
Washington, D.C. 20001

Harvey A. Levin, Esq.
Thompson, Coburn, LLP
1909 "K" Street, N.W., Ste. 600
Washington, D.C. 20006-`1167
Counsel for WMATA


Monument DC MTN NLRG SDT COMPLIANCE Order Funds 112807