IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY, LLC, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v.  : | Civil Action No. 1:07-CV-1821 (EGS) |
| : | Judge Emmett G. Sullivan |
| : | |
| WASHINGTON METROPOLITAN : | |
| AREA TRANSIT AUTHORITY, : | |
| : | |
| Defendant : | |
| _____: | |

DISTRICT OF COLUMBIA'S REPLY BRIEF IN RESPONSE TO THE OPPOSITION TO THE MOTION FOR ENLARGEMENT OF TIME TO COMPLY WITH THE PLAINTIFF'S SUBPOENA

The District of Columbia, ("the District"), by and through the undersigned counsel submits herewith its Reply agreeing with the Plaintiff that some workable solution is in the parties' best interests.

The District takes the position at the outset that additional time is necessary for the District to maintain control of the e-mail flow which it must guard to preserve important governmental privileges and to safeguard against the possibility of disclosure of land disposition process information that would confer a potential unfair competitive advantage to Plaintiff in future dispositions by the District agencies. The District notes also that cost shifting to the Plaintiff with a contractor selected by the District would provide the speed inherent in the use of any dedicated set of personnel.  The District can report that a procurement could conclude in as little as three weeks that would put a search and review contractor in place.  The District does not have information on the number of e-mails that the abbreviated search has produced.

If, however, the time that the District seeks is not a realistic option for the Court, the District would seek the following safeguards in any "clawback" or disclosure of documents in electronic form to the Plaintiff that may be ordered by the Court:

(1) a complete limitation on the use of such information by the client group, including principal management employees or any design or proposal group, that would prohibit disclosure of any information obtained by plaintiff's counsel without first reviewing the information with the District; should the District not object, the information would be deemed disclosable but still subject to objection on the basis of authenticity or undue prejudice or hearsay nature of the document.

(2) If the District objects to the use of such information by the client group, or for use in pleadings or depositions or for any disclosure to the public, such information would be reviewed by a Magistrate Judge to determine whether privileged or proprietary information existed and whether it could be disclosed to the client group and used in the manner indicated above; the District and each party would have a right to appeal the determination of the Magistrate Judge to the District judge.

(3) once such information could be disclosed that it be placed under seal and that access by the public be prohibited absent further court order; under this provision, no deponent, deponent's counsel or court reporter or related personnel would have a copy of the deposition exhibits except to review the transcript for accuracy; upon such review, the exhibits will be returned to the deposing party's attorney and maintained under seal; under this provision, any pleading filed using such material shall be placed under seal.

(4) once the plaintiff has made the initial determination of privilege, it must create a privilege log for the District's use and review and must return all such privileged material

2

without making any additional copies thereof; should the plaintiff seek to contest any of these initial determinations, they must proceed as set forth in paragraphs (1) and (2) hereof.

(5) once the plaintiff has made the initial determination that a particular document is not relevant or responsive, it must return that document to the District forthwith; should the plaintiff seek to contest any of these initial determinations, they must proceed as set forth in paragraphs (1) and (2) hereof.

(6) in no event can the plaintiff share the contents of any non-relevant or privileged document absent seeking review of the Magistrate Judge; the District and any party may seek review of the Magistrate Judge's decisions with the District judge.

Finally, the District submits that proposals consistent with the objectives indicated above may be imposed by the Court in its discretion.

DATED: November 29, 2007   Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


     /s/ Kimberly M. Johnson
KIMBERLY M. JOHNSON   D.C. Bar No. 435163
Chief, General Litigation Section 1


     /s/ Thomas J. Foltz
THOMAS J. FOLTZ
Assistant Attorney General
D.C. Bar No. 462858
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 724-6652
(202) 727-0431 (fax)
E mail: Thomas.foltz@dc.gov

CERTIFICATE OF SERVICE

This case has been designated as part of the U.S. District Court for the District of Columbia's electronic ECF file and serve system. This filing has been filed with such Court and served on all parties herein electronically through such ECF electronic file and serve system on November 29, 2007.

_____/s/ Thomas J. Foltz_____
Thomas J. Foltz, Esq.

Monument DC Reply Opp DC MTN Nlrg Time 112907