IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> *Defendant* | Civil Action No. 1:07-CV-01821 (EGS) |

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S
MOTION TO COMPEL REMOVAL OF PLAINTIFFS' DESIGNATION AS
"CONFIDENTIAL" FROM PLAINTIFFS' ENTIRE DOCUMENT PRODUCTION,
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
AND REQUEST FOR EXPEDITED RESPONSE AND CONSIDERATION**

Pursuant to paragraph 4 of the Agreed Protective Order (Dkt. No. 12 and Minute Order dated Oct. 22, 2007; the "Protective Order"), and Local Rule 7, Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by undersigned counsel, respectfully moves for an order compelling Plaintiffs forthwith to remove the designation "Confidential" from Plaintiffs' document production. For the reasons set forth below, Plaintiffs have violated and abused the Consent Order, unfairly are hindering WMATA in its participation in this case and unduly burdened and made unnecessarily expensive WMATA's filings.

**BACKGROUND**

The Complaint essentially has three claims: (i) Plaintiffs' claim that they had a preexisting agreement with WMATA committing WMATA to negotiate exclusively with Plaintiffs for the sale of WMATA's Bus Garage Property; (ii) Plaintiffs' claim that WMATA should have awarded the right to purchase the Bus Garage Property to MR Ballpark 7 LLC ("MRB 7") based on MRB 7's alternate, "escalator" bid that purported to top an unidentified bid of an unnamed other bidder by $250,000; and (iii) Plaintiffs' claim that WMATA's award of

4631836

the right to purchase the Bus Garage Property to the John Akridge Company was improper because the Akridge bid was conditional and was not the highest.

With respect to the first claim, as WMATA showed in its papers in support of its pending Motion to Dismiss First Amended Complaint, Plaintiffs fail to state a claim on which relief can be granted. Plaintiffs make no allegation that any person at WMATA, at any time, at any place or through any medium, promised, committed or agreed that Monument would have the exclusive right -- or any right -- to negotiate for the Bus Garage Property; Plaintiffs do not allege that there was any writing constituting or evidencing the alleged agreement; and the writings that do exist and on which Plaintiffs premise key parts of the Complaint all fatally undermine the existence of an agreement.

With respect to the second claim, Plaintiffs do not and cannot dispute that the clear, categorical law of this District, and generally, holds that MRB 7's alternate, escalator bid was nonresponsive as a matter of law and that WMATA was correct in declining to consider it. *See Trump v. Mason*, 190 F. Supp. 887 (D.D.C. 1961), *Holliday v. Higbee*, 172 F.2d 316 (10th Cir. 1949), and *Comptroller General to Sec'y of Agriculture*, 44 Comp. Gen. 292 (Nov. 19, 1964).

With respect to the third claim, the Akridge bid was unambiguous, responsive and the highest. It proposed a fixed price not subject to alteration and not requiring the integration of the bid of another or of other materials outside the bid itself, and it did not contain any conditions or qualifications that affected the fixed bid price or any other material term of the Invitation for Bids, Akridge's obligation to perform or WMATA's ability to enforce. Under, again, clear law, Akridge's bid was proper and WMATA's acceptance of the bid was proper and correct. *See Tutor-Saliba Corp. v. U.S. Army Corps of Engineers*, No. 94-0908, 1995 WL 520765, at *6 & *8 (D.D.C. Aug. 23, 1995).

## THE PROTECTIVE ORDER
## AND PLAINTIFFS' "CONFIDENTIAL" DESIGNATIONS

Paragraph 1(a) of the Protective Order allows the parties to designate certain production as Confidential "only when such person in good faith believes it contains sensitive personal information, trade secrets, or other confidential research, development, or commercial information."

Plaintiffs produced almost 30,000 pages of documents to WMATA. Plaintiffs stamped "Confidential" on *every one* of the almost 30,000 pages. Plaintiffs applied the "Confidential" designation to thousands upon thousands, if not tens of thousands (WMATA cannot estimate with any precision, but the number is large), of pages of documents that do not contain "sensitive personal information, trade secrets, or other confidential research, development, or commercial information," including public documents, WMATA, Anacostia Waterfront Corporation and District of Columbia documents, run-of-the-mill emails, Plaintiffs' pleadings and the exhibits to Plaintiffs' two complaints and to Plaintiffs' motion for a temporary restraining order and preliminary injunction, documents that Plaintiffs made public with its filings.

## ARGUMENT

To put the matter kindly, Plaintiffs' wholesale designation of every single page of their production as "Confidential" does not meet the letter or the spirit of the Protective Order.

Furthermore, because the Protective Order places strictures on the use of documents designated Confidential and imposes additional requirements for use of the documents and information contained in the documents in this proceeding, Plaintiffs' wholesale designation of all their documents as "Confidential" makes WMATA's use of the documents unfairly cumbersome and unnecessarily expensive. Needless to say, WMATA would not have agreed to the entry of this Protective Order had WMATA known how Plaintiffs would employ it.

Prior to filing this motion, WMATA asked Plaintiffs to comply voluntarily with the Protective Order requirements for and limitations on "Confidential" designations. *See* the accompanying email dated November 27, 2007 from undersigned counsel to Plaintiffs' counsel. In that email, WMATA's counsel requested in part as follows:

> Monument's mass designation does not meet the letter or the spirit of the Agreed Protective Order. Further, it makes WMATA's use of the documents cumbersome and unnecessarily expensive.
>
> You have to rectify this, and do so before I have to go about responding to Monument's PI motion. Since time is short, please advise this morning how you intend to bring Monument's production into compliance with the Order or in the alternative release WMATA from the Order for purposes of the PI proceedings. I'm not seeking to make public truly confidential information such as the financial reports of the various MR entities, Monument's development pro formas and the like, so even if you release WMATA from the Order for the PI proceedings, to the extent that I rely in these types of documents, I will adhere to the confidentiality provisions (as best I can make that assessment; but my guess -- and of course it's just a guess at this stage -- is that most of the documents of this nature will not come into play). But I cannot operate under the blanket designation. So please, rethink this.

In subsequent conversations, Plaintiffs' counsel indicated a willingness to review the mass designation and offered hypothetical possibilities that might partially ease WMATA's burden. But Plaintiffs have not made a firm proposal and have not taken any action. Plaintiffs' entire 30,000-page production remains "Confidential" in name, but decidedly *not* "Confidential" in fact. WMATA must get relief from the mass designation without further delay in order to respond to Plaintiffs' motion for preliminary injunction.[1]

WMATA respectfully submits that Plaintiffs' mass designation is improper for another reason. Plaintiffs' claims are groundless. Plaintiffs claim that WMATA agreed that Plaintiffs would have the exclusive right to negotiate to acquire the Bus Garage Property, yet Plaintiffs

---

[1] Plaintiffs are due to file their preliminary injunction motion by noon on December 3, and WMATA must respond by noon on December 10. That means that without relief from Plaintiffs' wholesale use of the "Confidential" label, WMATA may have to spend parts of the weekend of December 8 and 9 just dealing with the cumbersome filing procedures to accommodate Plaintiffs' mass "Confidential" designations.

4631836

- 4 -

have not alleged that there exists any document, and to the best of WMATA's knowledge there is no document, evidencing Plaintiffs' claimed agreement. Plaintiffs do not allege that any person associated with WMATA promised, committed or agreed to accord Plaintiffs that exclusive right, and to the best of WMATA's knowledge, none did. Plaintiffs do not allege that any person at WMATA had the authority to promise, commit or agree to accord Plaintiffs that exclusive right, and to the best of WMATA's knowledge, none did.[2] MRB 7's alternate, escalator bid was nonresponsive and beyond WMATA's consideration as a clear matter of law and as a matter of fact on its face. The Akridge bid provided the highest fixed price, did not require integration of outside materials to determine that price and did not impose conditions that would modify material requirements of the IFB, would limit Akridge's liability to WMATA or would limit WMATA's rights. This mass designation of all Plaintiffs' documents as Confidential was one of what appear to be several desperate measures related to discovery in a desperate lawsuit and was entirely unwarranted.

## REQUEST FOR RELIEF

As best as WMATA can discern and as WMATA believes to be fact, Plaintiffs had and have *no* documents evidencing their allegations, yet Plaintiffs want to hide *all* their documents under the indiscriminate use of the "Confidential" designation. That is not right.

Accordingly, WMATA respectfully prays that the Court lift the "Confidential" designation from Plaintiffs' production and free WMATA from the unfair and unnecessary

---

[2] There is no argument, and there can be no argument, that the WMATA Board authorized or approved such an agreement. The WMATA Board did not authorize or approve *any* agreement with Plaintiffs regarding the Bus Garage Property. The absence of Board authorization or approval is, in and of itself, fatal to Plaintiffs' claim of an exclusivity agreement. *See Elcon Enters., Inc. v. WMATA*, 977 F.2d 1472, 1480 (D.C. Cir. 1992) ("[Monument] cannot escape the fact that the final decisionmaker in this procurement was the Board.").

constraints of the Protective Order with respect to use of Plaintiffs' documents in this proceeding.[3]

## REQUEST FOR EXPEDITED RESPONSE AND CONSIDERATION

Because of the pressing need to have Plaintiffs remove the mass designation, Plaintiffs respectfully request that the Court direct Plaintiffs to respond to this motion on an expedited basis so that the Court may rule in timely fashion.

Dated this 30th day of November 2007.

        Respectfully submitted,

        ___/s/ Harvey A. Levin____
        Harvey A. Levin (D.C. Bar No. 203869)
        THOMPSON COBURN LLP
        1909 K Street, N.W. Ste. 600
        Washington, D.C. 20006-1167
        T: (202) 585-6942 (direct)
        F: (202) 508-6969 (direct)
        email: hlevin@thompsoncoburn.com

        ___/s/ Donald A. Laffert____
        Carol B. O'Keeffe
        General Counsel
        Donald A. Laffert
        Bruce P. Heppen
        Associate General Counsel
        Washington Metropolitan Area Transit Authority
        600 Fifth Street, N.W.
        Washington, DC 20001
        T: (202) 962-1499
        F: (202) 962-2550
        email: dlaffert@wmata.com
        email: bheppen@wmata.com

        Counsel for Defendant Washington Metropolitan Area Transit Authority

---

[3] As WMATA's counsel represented in the cited email, if the Court grants the requested relief, WMATA nevertheless will endeavor to maintain the confidentiality of truly confidential information such as the financial reports of the various MR entities, Monument's development pro formas and the like. WMATA will adhere to the confidentiality provisions with respect to these types of documents as best as WMATA's counsel can, erring on the side of caution.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2007, a true and correct copy of the foregoing Motion and Memorandum of Points and Authorities and accompanying Order were served by ECF and by electronic mail on:

> Louis E. Dolan, Jr., Esquire
> Vernon W. Johnson, III, Esquire
> NIXON PEABODY, LLP
> 401 Ninth Street, N.W.
> Washington, D.C. 20001

                                     /s/ Harvey A. Levin

# Levin, Harvey A.

| | |
|---|---|
| **From:** | Levin, Harvey A. |
| **Sent:** | Tuesday, November 27, 2007 8:30 AM |
| **To:** | 'Dolan, Louis'; Johnson, Vernon |
| **Subject:** | Monument Document Production |

Le and Vernon,

I'm having my first look at the almost 30,000 pages of documents that Monument produced and see that every (or close to every) page is designated "Confidential." Paragraph 1(a) of the Agreed Protective Order allows the confidential designation only "when such person in good faith believes it contains sensitive personal information, trade secrets, or other confidential research, development, or commercial information." From what I can tell from my limited review at this point, thousands, if not tens of thousands, of documents designated confidential do not fall within this definition, including WMATA, AWC and DC documents, public documents, an untold number emails and even the exhibits to Monument's two complaints and to its motion for a temporary restraining order and preliminary injunction that Monument made public with its filings.

Monument's mass designation does not meet the letter or the spirit of the Agreed Protective Order. Further, it makes WMATA's use of the documents cumbersome and unnecessarily expensive.

You have to rectify this, and do so before I have to go about responding to Monument's PI motion. Since time is short, please advise this morning how you intend to bring Monument's production into compliance with the Order or in the alternative release WMATA from the Order for purposes of the PI proceedings. I'm not seeking to make public truly confidential information such as the financial reports of the various MR entities, Monument's development pro formas and the like, so even if you release WMATA from the Order for the PI proceedings, to the extent that I rely in these types of documents, I will adhere to the confidentiality provisions (as best I can make that assessment; but my guess-- and of course it's just a guess at this stage -- is that most of the documents of this nature will not come into play). But I cannot operate under the blanket designation. So please, rethink this.

Failing an acceptable and timely response, I'll have to file a motion under paragraph 4 of the Order seeking expedited consideration, which will burden you with proving the confidentiality of each of the 30,000 or so pages.

I also think, along the lines of your earlier email Le, that we can and should agree that we will use the documents that we each produce only for purposes of this litigation, subject to usual carve-outs for information provided or obtained other than in discovery, information and documents already known to us and/or in our possession, documents obtained elsewhere, public information, etc.

Please call if you'd like to discuss. I'm in and out today, so if you don't reach me I'll call you as soon as I get back.

Harvey


**Harvey A. Levin**
hlevin@thompsoncoburn.com
P: 202.585.6942
F: 202.508.1013

Thompson Coburn LLP
1909 K Street N.W. Suite 600
Washington, D.C. 20006-1167
www.thompsoncoburn.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, *et al.*, )<br>)<br>*Plaintiffs* )<br>)<br>v. )<br>)<br>WASHINGTON METROPOLITAN AREA )<br>TRANSIT AUTHORITY, )<br>)<br>*Defendant* )<br>) | Civil Action No. 1:07-CV-01821 (EGS) |

**ORDER GRANTING
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S
MOTION TO COMPEL REMOVAL OF PLAINTIFFS' DESIGNATION AS
"CONFIDENTIAL" FROM PLAINTIFFS' ENTIRE DOCUMENT PRODUCTION**

On motion of Defendant Washington Metropolitan Area Transit Authority ("WMATA"), pursuant to paragraph 4 of the Agreed Protective Order (Dkt. No. 12 and Minute Order dated Oct. 22, 2007), for an order compelling Plaintiffs forthwith to remove the designation of "Confidential" from Plaintiffs' document production, it is this ____ day of _____ 2007 ORDERED that:

1. WMATA's motion be, and hereby is, granted.

2. The designation "Confidential" is hereby deemed removed from Plaintiffs' document production to WMATA.

 

                                                  Emmet G. Sullivan
                                                  United States District Judge

Copies to:

Harvey A. Levin
Donald A. Laffert
Louis E. Dolan, Jr.
Vernon W. Johnson, III

4631837