IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:07-cv-01821 (EGS)<br>Judge Emmet G. Sullivan |

### PLAINTIFFS' REPLY TO WMATA'S OPPOSITION TO MOTION TO FURTHER MODIFY SCHEDULE

WMATA's opposition is more a challenge to Monument's discovery efforts and theories of its case and an attempt to reargue its Motion to Dismiss than it is a reason not to grant a modest extension to the discovery period permitted by the Court and the briefing schedule established in this case for preliminary injunction so that Monument can complete its discovery efforts. For that reason, as well as the limited time Monument has to reply to WMATA's Opposition, not all of WMATA's arguments are, or need be, addressed here.

Monument's discovery efforts, contrary to WMATA's representations to this Court, have been limited and directed to the issues on which Monument believes it may move for preliminary injunction – and, indeed at every turn, Monument has sought to cooperate with both WMATA and the District to limit discovery in this phase of the case in order to lessen the discovery burden on all parties. Indeed, Monument, at WMATA's request, agreed to a significantly pared-down set of search terms and electronic mailboxes with respect to WMATA's discovery obligations at the outset.

10821696.1

Monument has requested a two week extension of the discovery schedule so that it can obtain documents from the District which it subpoenaed well more than a month ago, which the District is under Court order to produce, but which Monument has not yet seen, and so that Monument can review and digest an additional nearly 75,000 pages of materials just produced by WMATA. Based on the District's representations to this Court, Monument has reason to believe that the production by the District will be substantial, once it is received. Moreover, WMATA does not even address the fact that it has, itself, produced another nearly 75,000 pages of materials to Monument in the past two days, for which Monument requests the brief extension in order to review and digest the materials.

Moreover, WMATA acknowledges that it will not close on the bus garage property this year and states only that it is "cautiously optimistic" that the D.C. Council will approve the sale or exchange of the D.C. Village site on December 13 in time for its December Board meeting. Monument is not seeking to delay the disposition of the property, if proper, by over a month, and is certainly willing to work with WMATA to accommodate a schedule that does not involve counsel working through the impending holidays, as Monument's counsel communicated to WMATA's counsel prior to filing its motion. Notwithstanding that, Monument has done everything in its power to comply with the schedule agreed upon and established by the Court, but is still lacking potentially critical information from the District and commencing its review of substantial additional production made by WMATA.

In that regard, WMATA cannot dictate the issues upon which Monument moves for a preliminary injunction and WMATA's statements that there is no additional information which would be helpful to Monument is false. Monument has challenged both WMATA's ability to proceed with the proposed sale of the bus garage to Akridge due to Monument's superior rights,

as well as the unlawful bid process followed by WMATA in connection with that process. Because Monument's superior rights flow in part from its status as master developer of the Ballpark District – a status conferred upon it by the District of Columbia government – and because Monument's rights flow, in part, from the negotiations and agreements between the District of Columbia and WMATA, to which Monument was not a party but which were intended to benefit Monument – Monument is entitled to access to documents describing those negotiations and agreements. This is precisely the information that Monument subpoenaed from the District on the day of the original status conference in this case, and which the District has agreed to provide, but which due to internal limitations and concerns, has not yet provided. Therefore, Monument has requested a two week extension of the discovery schedule to accommodate this need.

Moreover, this case is also a bid protest case based on WMATA's conduct in connection with the bid process it followed. WMATA's statements that there is nothing more that can be produced that will be helpful to Monument is false. While WMATA attacks, again, Monument's Alternate Bid as being outside the four corners of the bid solicitation documents issued by WMATA, documents produced by the John Akridge Company, not WMATA, demonstrate that Akridge's winning bid offered substantial consideration outside the four corners of the bid documents – consideration which Akridge characterized as providing the potential for "substantial savings" to WMATA. Remarkably, these documents, not all of which have been produced by WMATA, confirm that Nat Bottigheimer, WMATA's Contracting Officer responsible for the invitations for bid with respect to the property, was personally cajoled and lobbied by the yet-to-be-announced winning bidder, Akridge, and one of Akridge's counsel, the law firm of Williams & Connolly, during the sealed bid process to have WMATA accept

3

Akridge's bid and to accept consideration from Akridge outside the four corners of the invitation for bid. Indeed there is an ongoing dialogue between WMATA and Akridge during the sealed bidding process.

That additional consideration included the offer of the use of nearby real estate owned by Akridge, and is part of the basis for some of Monument's challenges to WMATA's actions in this case. (Amd. Cmp. ¶¶ 76, 217-223.) Of course, there was no way for any other bidder to know that this additional consideration was being offered or was expected as part of the solicitation. (*See id.*) WMATA itself has refused to produce all of the e-mail communications from Mr. Bottigheimer with respect to these discussions. These communications, some of which were by e-mail, took place throughout the bid solicitation process – what was, according to WMATA, supposed to be a "sealed" bid process in which any and all communications between WMATA and any bidder were supposed to be disclosed to the public at the time of bidding, according to WMATA's own bid solicitation documents.[1] Indeed the apparent impropriety of such an ongoing dialogue that could have materially impacted WMATA's decision-making could itself form the basis for a preliminary injunction at least until such time as WMATA provides full disclosure as to the nature of these discussions.

Because WMATA elected not to disclose these communications during the course of bidding, and because Monument was not a party to the discussions between the District and WMATA, WMATA cannot seriously contend that Monument should be in possession of documents relating to these topics and that these documents are not critical to Monument. Such communications could form a part of the basis for Monument's moving for preliminary injunction. WMATA's statements regarding Monument's designation of its document production

---

[1] Because WMATA refuses to produce Mr. Bottigheimer's e-mail production, Monument has no alternative but to request that those materials be produced.

as "confidential" are completely misplaced in its opposition, particularly in light of a telephone conversation between counsel for WMATA and Monument on Wednesday, November 28 in which Monument agreed that it would review the documents and remove the designation.

For the foregoing reasons, Monument requests a brief modification of the existing schedule in order to accommodate the remaining discovery which remains to be completed in this portion of the case.

Date:  November 30, 2007

Respectfully submitted,

NIXON PEABODY LLP

/s/ *Louis E. Dolan, Jr.*

Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
901 Ninth Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)
ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2007, a true and correct copy of the foregoing Reply to WMATA's Opposition to Motion to Further Modify Schedule was served by ECF upon:

>Harvey A. Levin, Esquire
>Thompson Coburn LLP
>1909 K Street, Suite 600
>Washington, D.C. 20006-1167
>
>Counsel for Defendant

/s/ *Louis E. Dolan, Jr.*
_____
Louis E. Dolan, Jr.