IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Monument Realty LLC,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | 1:07-CV-01821 (EGS) |
| ) | Judge Emmet G. Sullivan |
| **Washington Metropolitan Area Transit** ) | |
| **Authority,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### THE JOHN AKRIDGE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Non-party The John Akridge Company ("Akridge") opposes the Motion to Compel Production of Documents filed by Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC ("MR Ballpark"), seeking an order compelling Akridge to produce documents concerning its financial closing commitments or other financing related to its acquisition of the Property.[1] Plaintiffs' Motion to Compel should be denied because the documents sought are entirely irrelevant to this case. These documents were not considered by Defendant Washington Metropolitan Area Transit Authority ("WMATA") in its decision to select Akridge's bid, and under well-settled principles of procurement law, should not be considered by this Court. Moreover, Akridge's ability to close on the sale of the Property is not germane to any of Plaintiffs' claims nor to any possible defense. Akridge's financial documents cannot be considered in connection with the pending Motion to Dismiss because they are outside of the First Amended Complaint, nor are they pertinent to a motion for preliminary injunction, as

---

[1] As referred to herein, the "Property" shall mean Defendant's southeast bus garage property that is the subject of Plaintiffs' First Amended Complaint.

Plaintiffs themselves have conceded. In addition, Plaintiffs' delay in filing the Motion to Compel and their request that Akridge review and produce the documents within thirty-six hours after a favorable ruling by the Court would be burdensome to a non-party. Plaintiffs' motion should be denied.

Significantly, Akridge has already produced some documents responsive to Plaintiffs' request, demonstrating Akridge's financial wherewithal. Akridge has produced documents pertinent to the $300,000 check provided to WMATA at the time of the submission of Akridge's bid. Akridge also produced documents pertaining to the required $3,000,000 non-refundable deposit provided to WMATA shortly after being notified that the bid had been accepted.[2] These documents alone plainly demonstrate that Akridge was able to satisfy the financial obligations required of a successful bidder, as well as its intention and ability to follow through with the transaction to closing. Nonetheless, Plaintiffs seek additional documents reflecting Akridge's financial arrangements for the closing of the purchase of the Property. Plaintiffs pursue the documents although neither Plaintiffs nor WMATA have alleged, nor even suggested, that Akridge is not capable of completing the transaction. Plaintiffs' motion is plainly a fishing expedition that the Court should not indulge.

## ARGUMENT

The financial capability of Akridge is not at issue in the case. Akridge's financial condition is not addressed in the First Amended Complaint. Akridge's ability to close is not raised in WMATA's Motion to Dismiss. Yet, Plaintiffs, competitors of Akridge, seek documents from Akridge that are among the most sensitive and proprietary - - documents pertaining to Akridge's finances, its relationships with prospective lenders and equity partners,

---

[2] In accordance with the terms of WMATA's request for proposal, the $3 million deposit was posted, as required, after five days and became non-refundable at the termination of the due diligence period.

and its negotiations regarding financing. Plaintiffs concede that these documents are confidential, proprietary and competitively sensitive. (*See* Pl.'s Mem. of Points and Authorities in Supp. of Mot. to Compel Compliance with Subpoena Duces Tecum Issued to Non-Party The John Akridge Company ("Pl. Mem.") at 2.)[3] Plaintiffs' argument for the production of these documents from a non-party competitor is twofold: 1. Plaintiffs have challenged WMATA's decision making process in accepting Akridge's bid, so Akridge's financial ability to complete the transaction is relevant, (Pl. Mem. at 2-3); and 2. WMATA has made the financial wherewithal of MR Ballpark an issue and has sought discovery of MR Ballpark's finances, so Akridge's ability to close is pertinent. (*Id*. at 3.) Neither of these arguments has merit.

**A.    Documents Related to Akridge's Financing Are Irrelevant Because WMATA Did Not Have Them When It Selected Akridge as the Successful Bidder for the Property.**

In their First Amended Complaint, Plaintiffs have challenged WMATA's decision making process and the selection of Akridge as the successful bidder. (*See* First Am. Compl. at Alternative Count 9 and Counts 10, 11 and 12.) In so doing, Plaintiffs necessarily contend that based on the information available to WMATA at the time it made its decision to accept Akridge's bid, WMATA acted irrationally, arbitrarily or capriciously. *Id*.

It is well settled in this Circuit that a court's review of a challenge to WMATA decision making is limited to the administrative record compiled by WMATA. *China Trade Ctr., L.L.C. v. Washington Metro. Area Transit Auth.*, 34 F. Supp. 2d 67, 73 (D.D.C. 1999), *aff'd,* No. 99-7029, 1999 WL 615078 (D.C. Cir. July 2, 1999). This principle is consistent with the general jurisprudence of procurement law. *Cf.*, *Commercial Drapery Contractors, Inc. v. United States*,

---

[3] Plaintiffs propose to cure the problem of disclosure of Akridge's sensitive and proprietary documents by marking them "Confidential," as permitted under the protective order. (*See* Pl. Mem. at 2.) This proposed solution is entirely inadequate. Even if marked "Confidential," Akridge's competitively sensitive information would be freely accessible to Plaintiffs.

3

133 F.3d 1, 7 (D.C. Cir. 1998). Upon information and belief, the documents that WMATA considered when evaluating Akridge's bid have already been produced by WMATA. (*See* Joint Status Report of Oct. 16, 2007 at 3-4.) No other documents need be reviewed by the Court in adjudicating Plaintiffs' claims because the Court may consider only the record compiled and evaluated by WMATA in making its decision. *See, e. g., Commercial Drapery Contractors, Inc.,* 133 F.3d at 7.

*China Trade Ctr., supra*, a case with striking similarities to the one at bar, illustrates the Court's role in reviewing WMATA decision making. In that case, an unsuccessful bidder challenged WMATA's decision and process in connection with its selection of a developer for a 1.71 acre parcel in Chinatown near the Gallery Place Metro station. 34 F.Supp. 2d 67. The plaintiff alleged that WMATA had, among other things, violated a material requirement of the request for proposals, and had failed to treat all of the offerors fairly. *Id*. at 70. The plaintiff sought additional discovery, beyond that contained in WMATA's administrative record. *Id*. at 73. The Court affirmed the magistrate's denial of the request for additional discovery, noting that a court's review is ordinarily limited to the "administrative record already in existence." *Id*. at 70. In denying the plaintiff's request for discovery beyond the information considered by WMATA, the Court stated: "[t]his court can not substitute its judgment for that of WMATA. Its role is to make legal, not business, judgments." *Id*. at 71. The D.C. Circuit affirmed the District Court's refusal to allow the plaintiff additional discovery, finding that the District Court had not abused its discretion in denying the discovery. *China Trade Ctr., L.L.C. v. Washington Metropolitan Area Transit Auth.,* No. 99-7029, 1999 WL 615078, at *1 (D.C. Cir. July 2, 1999).

Here, whatever documents WMATA considered in connection with Akridge's bid are available from WMATA and presumably have already been produced by WMATA. When

WMATA evaluated the bidders and selected Akridge, it did not possess documents related to Akridge's prospective financing for the purchase of the Property because WMATA did not request them in connection with the bid.  Indeed, it is unlikely that Akridge documents pertaining to the financing of the prospective purchase were even created within the relevant time period for the production of documents here because Akridge did not know if it would need to arrange for financing until it was notified that it was the successful bidder.[4]  In challenging WMATA's decision making process and award to Akridge, Plaintiffs are limited to the information that WMATA had in its possession.  *China Trade Ctr., L.L.C.,* 34 F. Supp. 2d at 70, *affirmed*, 1999 WL 615078 at *1.  Accordingly, Plaintiffs' Motion to Compel should be denied.

B.  **The Documents Sought Are Irrelevant for Purposes of the Motion to Dismiss and, as Plaintiffs Have Conceded, Are Outside the Scope of Issues to Be Presented in the Motion for Preliminary Injunction.**

Plaintiffs contend that, because WMATA has made MR Ballpark's financial capability an issue in the case and has sought discovery of MR Ballpark's financial documents, Plaintiffs are entitled to seek the same from Akridge, because such documents are "relevant to [Plaintiffs'] defenses."  (Pl. Mem. at 3.)  The gist of this argument is what's sauce for the goose is sauce for the gander.  This argument is premised on erroneous assumptions and is without merit.

Significantly, Plaintiffs themselves have refused to produce documents regarding MR Ballpark's finances, financial position and funding sources because these documents **"are outside the scope of issues to be presented on the preliminary injunction motion**."  (*See* Joint Report of Oct. 16, 2007 at 5 (emphasis added)).  As Plaintiffs have correctly pointed out, the financial documents of a **party** are not relevant to these proceedings; those same documents of a **non-party** are also not relevant.

---

[4] Akridge has objected to producing documents that were created after the commencement of this action on October 10, 2007, and Plaintiffs have not challenged that objection.

Nowhere in the First Amended Complaint, or even in their first Motion for Preliminary Injunction, have Plaintiffs asserted that the financial capabilities of Akridge played any role in WMATA's allegedly irrational decision making or erroneous conclusion. Nor would documents pertinent to Akridge's finances be relevant to WMATA's Motion to Dismiss or to Plaintiffs' defense to it. Plaintiffs filed their opposition to the Motion to Dismiss nearly two weeks ago, without the benefit of Akridge's financial documents. Indeed, Akridge's financial documents are of no consequence for purposes of the Motion to Dismiss because they are outside the scope of the First Amended Complaint and cannot be considered by the Court. *Chung v. Lee*, 852 F. Supp. 43, 44 (D.D.C. 1994) (on motion to dismiss, court is restricted in its inquiry to the complaint itself and may not consider matters outside the complaint).

Moreover, contrary to Plaintiffs' assertion, in its Motion to Dismiss, WMATA has not challenged MR Ballpark's ability to close or asserted that MR Ballpark's weak financial condition is a basis for dismissal of the First Amended Complaint. Rather, WMATA only noted in passing MR Ballpark's capitalization, for purposes of background. (Mem. of Points and Authorities in Supp. of Washington Metropolitan Area Transit Authority's Mot. to Dismiss First Am. Compl. at 3.) A careful reading of WMATA's Motion to Dismiss makes clear that none of WMATA's grounds for dismissal are premised on the attributes of MR Ballpark. (*See id.*) Consequently, Akridge's financial documents have no bearing on Plaintiffs' "defense." (Pl. Mem. at 3.) Accordingly, on that basis Plaintiffs' Motion should be denied.

**C.    The Timing of Plaintiffs' Late Motion to Compel Further Demonstrates That Akridge's Financing Documents Are Not Relevant.**

The timing of Plaintiffs' eleventh-hour Motion to Compel production of Akridge's financing documents further demonstrates that they are not relevant. In its written responses and objections to Plaintiffs' subpoena, served on October 22, 2007, Akridge objected to producing its

financing documents on a number of grounds, and indicated that it would not be producing such documents. Plaintiffs did not move this Court to compel Akridge to produce these documents in this expedited litigation until November 26, 2007, more than one month after the service of Akridge's objections. In the interim, Plaintiffs succeeded in filing their forty-five page opposition to the Motion to Dismiss on November 16, 2007, without access to Akridge's financial documents, which they now claim are needed for their "defense." (Pl. Mem. at 3.) Plaintiffs' belated motion for production on the very eve of the filing of its preliminary injunction motion further demonstrates that Akridge's financial documents are not relevant. Instead, Plaintiffs' request is simply an attempt to peruse Akridge's confidential, competitively-sensitive information, which it hopes may turn up useful information.

After delaying the filing of their Motion to Compel, Plaintiffs now seek to impose burdensome deadlines on Akridge and on the Court. Following Plaintiffs' submission of a reply brief on November 29, 2007, the Court is apparently given only one business day to decide Plaintiffs' Motion to Compel. Assuming that it is granted, Akridge, a non-party, is expected to collect its documents, review them for responsiveness and privilege, and prepare them for production by 3:00 p.m. on Sunday, December 2, 2007, roughly 48 hours later. This timetable is proposed so that Plaintiffs can troll through Akridge's documents to see if there is anything they would like to use for their Motion for Preliminary Injunction due the next day. The burden of this exercise on Akridge is considerable, while the potential benefit to Plaintiffs is negligible. For this additional reason, Plaintiffs' motion should be denied.

## CONCLUSION

Plaintiffs waited for six weeks after the filing of this action to seek documents that they now claim are important to their defense. Yet Plaintiffs filed their opposition to the Motion to

Dismiss nearly two weeks ago, without benefit of Akridge's financing documents. Akridge's financing documents are plainly irrelevant to the claims asserted by the parties in that they are not germane to Plaintiffs' claims that WMATA's procedures were arbitrary and capricious and that its award to Akridge was erroneous. Akridge's ability to close has never been an issue in the case and the Court should not allow Plaintiffs to conduct a fishing expedition of Akridge's sensitive financial documents. For these reasons, Plaintiffs' motion should be denied.

Dated: November 28, 2007	/s/ *Barbara S. Wahl*
	Barbara S. Wahl (297978)
	Joshua Fowkes (494700)
	ARENT FOX LLP
	1050 Connecticut Avenue, N.W.
	Washington, D.C. 20036
	(202) 857-6000
	wahl.barbara@arentfox.com
	fowkes.joshua@arentfox.com
	*Counsel for The John Akridge Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of November, 2007, I caused a copy of the foregoing **THE JOHN AKRIDGE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS** to be served by electronic mail and facsimile on the following:

>Louis Dolan, Jr.
>Vernon Johnson III
>Nixon Peabody LLP
>401 9th Street, N.W.
>Suite 900
>Washington, D.C. 20004-2128
>
>Harvey Levin
>Thompson Coburn LLP
>1909 K Street, NW
>Suite 600
>Washington, D.C. 20006-1167

          _/s/ Joshua Fowkes_
          Joshua Fowkes

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Monument Realty LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:07-CV-01821 |
| | ) | |
| Washington Metropolitan Area Transit Authority, | ) | Judge Sullivan |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY THE JOHN AKRIDGE COMPANY**

Upon consideration of Plaintiffs' Motion to Compel Production of Documents From Non-Party The John Akridge Company, Non-Party The John Akridge Company's Opposition thereto, and the entire record, it is this _____ day of _____ 2007, hereby

ORDERED that Plaintiffs' motion is denied.

_____
Hon. Emmet G. Sullivan
United States District Judge

COPIES TO:
Louis E. Dolan, Jr.
Vernon W. Johnson, III
Nixon Peabody LLP
401 9th Street NW
Washington, D.C. 20001

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, NW
Suite 600
Washington, D.C. 20006-1167

Barbara S. Wahl
Joshua A. Fowkes
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, D.C. 20036