IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
MONUMENT REALTY LLC, *et al.*,      )
                                    )
    *Plaintiffs*                    )
                                    )
v.                                  )   Civil Action No. 1:07-CV-01821 (EGS)
                                    )
WASHINGTON METROPOLITAN AREA        )
TRANSIT AUTHORITY,                  )
                                    )
    *Defendant*                     )
_____)

### RESPONSE OF WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY TO MINUTE ORDER REGARDING SCHEDULE FOR PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Washington Metropolitan Area Transit Authority ("WMATA") and Plaintiffs were unable to agree on a joint schedule for Plaintiffs' renewed motion for preliminary injunction. Plaintiffs want to extend the briefing and the Court's consideration for approximately two weeks longer than the date to which WMATA is willing to agree (WMATA would prefer no extension of the present schedule due to the fast-approaching Opening Day for the new stadium). Accordingly, WMATA, by undersigned counsel, respectfully proposes the following new schedule:

| | |
|---|---|
| Plaintiffs' Motion filed and served: | Noon, December 10, 2007 |
| WMATA's Opposition filed and served: | Noon, December 19, 2007 |
| Plaintiffs' Reply filed and served: | Close of business December 21 or 24, 2007 |
| Hearing: | December 31, 2007, January 2 or 3, 2008, January 4, 2008 after 1:00 or as soon thereafter as fits the Court's schedule. |

### Basis For WMATA's Proposed Schedule

WMATA proposes this schedule, and deems it fair and adequate, based on the following reasons.

4633519

1. Plaintiffs filed a preliminary injunction motion on October 10, 2007, in which they briefed the four criteria for a preliminary injunction. In and since this first motion, Plaintiffs briefed and have had ample time to brief most if not all of their motion, save for whatever Plaintiffs might add from additional discovery.

2. Plaintiffs have had ample time to explore fully their own documents and personnel, have had ample time to inspect and digest all WMATA's paper files and much of WMATA's electronic files, will have had ample time to inspect and digest WMATA's remaining electronic file production, have had ample time to inspect and digest the documents produced by the District of Columbia to date and have had ample time to inspect and digest the documents from the winning bidder, The John Akridge Company.

3. Plaintiffs claim that they had a preexisting agreement with WMATA committing WMATA to negotiate exclusively with Plaintiffs for the sale of WMATA's Bus Garage Property. Neither the District nor Akridge was a party. In all the documents of the two supposed parties to the alleged agreement, Plaintiffs and WMATA, to the best of WMATA's knowledge there is no document evidencing or supporting the allegation that WMATA promised, committed or agreed that Plaintiffs would have the exclusive right to negotiate for the Bus Garage Property. There is no reason to believe that anything more that Plaintiffs might receive in discovery will be pertinent, or even helpful. Plaintiffs' papers in the two subpoena proceedings advance no plausible expectation that anything left to be produced will supply Plaintiffs with documentary evidence that they do not have now, and the papers of the two subpoenaed parties support that lack of any plausible expectation. Furthermore, even were there to be something related to the issue, which WMATA doubts, nothing in the District's files, electronic or otherwise, could evidence the critical element of action by the WMATA Board to authorize, approve or ratify the alleged agreement. The WMATA Board never did authorize, approve or ratify any

commitment, promise or agreement to negotiate, exclusively or otherwise, with Plaintiffs or to sell the Bus Garage Property to Plaintiffs.[1]

    4. Plaintiffs claim also that WMATA should have awarded the right to purchase the Bus Garage Property to MR Ballpark 7 LLC ("MRB 7") based on MRB 7's alternate, "escalator" bid that purported to top an unidentified bid of an unnamed other bidder by $250,000. There is no reason to extend the preliminary injunction proceeding for additional discovery on this claim. As a matter of law, MRB 7's alternate, escalator bid was nonresponsive and WMATA was correct in declining to consider it. *See Trump v. Mason*, 190 F. Supp. 887 (D.D.C. 1961), *Holliday v. Higbee*, 172 F.2d 316 (10th Cir. 1949), and *Comptroller General to Sec'y of Agriculture*, 44 Comp. Gen. 292 (Nov. 19, 1964). Nothing that could be found in discovery can change that. Furthermore, The District and Akridge were not involved in the MRB 7 bid, so there is nothing that any party or nonparty could provide that Plaintiffs do not have.

    5. The same is true with respect to Plaintiffs' third claim that WMATA's award of the right to purchase the Bus Garage Property to the John Akridge Company was improper because the Akridge bid was conditional and was not the highest. Plaintiffs and WMATA agree on the law the determines whether the Akridge bid was conditional. Conditional bids are bids that impose conditions that would modify the material requirements of the IFB, limit the bidder's liability to the government or limit the rights of the government under any contract clause. Nothing in further discovery from any party or nonparty will affect the determination the Court will make comparing the Akridge bid to IFB 08-1 and applying the law to these facts.

    6. The matter to be scheduled is Plaintiffs' motion for preliminary injunction, not trial on the merits. Especially as (i) Plaintiffs apparently have no documents in their own files evidencing the alleged agreement; (ii) there are no WMATA documents evidencing the alleged

---

[1] *See Elcon Enters., Inc. v. WMATA*, 977 F.2d 1472, 1480 (D.C. Cir. 1992) ("[Monument] cannot escape the fact that the final decisionmaker in this procurement was the Board.").

agreement; (iii) additional discovery will not affect the legal determination regarding MRB 7's alternate, escalator bid; and (iv) nothing in the District's files or in the remaining discovery Plaintiffs seek of Akridge regarding Akridge's financial wherewithal will affect the Court's determination on WMATA's accepting the Akridge bid as the highest fixed price bid, holding WMATA and the public hostage to Plaintiffs' extended and at best tangential discovery requests is unwarranted and unduly prejudicial.

Accordingly, WMATA respectfully requests that the Court schedule proceedings on Plaintiffs' preliminary injunction as set forth above, to facilitate a timely decision necessary for WMATA to have a chance of meeting Opening Day in April.

Dated this 2nd day of December 2007.

> Respectfully submitted,
>
>      /s/ Harvey A. Levin
> Harvey A. Levin (D.C. Bar No. 203869)
> THOMPSON COBURN LLP
> 1909 K Street, N.W. Ste. 600
> Washington, D.C.  20006-1167
> T: (202) 585-6942 (direct)
> F: (202) 508-6969 (direct)
> email: hlevin@thompsoncoburn.com
>
>      /s/ Donald A. Laffert
> Carol B. O'Keeffe
> General Counsel
> Donald A. Laffert
> Bruce P. Heppen
> Associate General Counsel
> Washington Metropolitan Area Transit Authority
> 600 Fifth Street, N.W.
> Washington, DC 20001
> T: (202) 962-1499
> F: (202) 962-2550
> email: dlaffert@wmata.com
> email: bheppen@wmata.com
>
> Counsel for Defendant Washington Metropolitan Area Transit Authority

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of December, 2007, a true and correct copy of the foregoing Opposition was served by ECF and by electronic mail on:

>Louis E. Dolan, Jr., Esquire
>Vernon W. Johnson, III, Esquire
>NIXON PEABODY, LLP
>401 Ninth Street, N.W.
>Washington, D.C. 20001

  /s/ Harvey A. Levin