IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:07-cv-01821 (EGS)<br>Judge Emmet G. Sullivan |

## ORDER COMPELLING PRODUCTION OF DOCUMENTS

Upon consideration of the Motion for Enlargement of Time filed by the District of Columbia, the Partial Opposition of Plaintiffs thereto, and the District's Reply, and this Court having considered the argument of counsel thereon, it is, this 4th day of December, 2007, hereby:

ORDERED, that the District of Columbia shall produce to counsel for plaintiffs on or before 5:00 p.m. on Wednesday, December 5, 2007 all electronically-stored documents to be found on a disc or discs in the possession of counsel for the District of Columbia accompanied by their attachments that have been retrieved by the District in response to the subpoena duces tecum served on the Office of the Deputy Mayor for Planning and Economic Development. The production shall be subject to the following conditions and restrictions on use of such discovery materials contained therein by plaintiffs:

1. Counsel for plaintiffs shall, prior to the disclosure of any of the foregoing discovery materials to anyone other than counsel and its staff and other personnel retained to work on this case (collectively, "Counsel"), seek permission from the District to disclose such materials and shall only further disclose such information on permission being granted by the District. Any

10825857.1

such discovery information disclosed would remain subject to admissibility objection by the District on the basis of authenticity or undue prejudice or hearsay nature of the document.

2. If the District objects to the disclosure of such discovery information, or its use in pleadings or depositions or any disclosure to the public, such dispute will be brought to the attention of the Court by counsel for plaintiffs for a determination whether privileged or proprietary information existed and whether it may be disclosed to individuals other than Counsel. The District reserves the right to respond to any such application promptly to assist the Court in its determination.

3. Any discovery information that the parties agree may be disclosed or any information disclosed pursuant to paragraphs (1) and (2) hereof must, if it is to be filed with the Court, nonetheless, be filed with the Court under seal; in the event such discovery information is used at deposition as an exhibit, no deponent, deponent's counsel or court reporter or related personnel would be permitted to retain a copy of the deposition exhibits except to review the transcript for accuracy; upon such review, the exhibits will be returned to the deposing party's attorney and maintained under seal; under this provision, any pleading filed using such material shall be placed under seal.

4. Once the plaintiffs have made the initial determination of privilege, plaintiffs must create a privilege log for the District's use and review and must return all such privileged material without making any additional copies thereof; should the plaintiff seek to contest any of these initial determinations, they must proceed as set forth in paragraphs (1) and (2) hereof.

5. Once the plaintiff has made the initial determination that a particular document is not relevant or responsive, it must return that document to the District forthwith without making

additional copies thereof; should the plaintiff seek to contest any of these initial determinations, they must proceed as set forth in paragraphs (1) and (2) hereof.

6.  In no event shall the plaintiff's counsel share the contents of any non-relevant or privileged document absent permission being granted from the District or plaintiffs seeking review from this Court.

7.  Should the matter proceed to trial, the parties will meet and confer on how to ensure protection of confidential or proprietary information prior to any disclosure to a jury or other fact finder. Should the parties disagree, the plaintiff shall bring the matter to the attention of the Court for a determination. The District reserves the right to respond to any such application promptly to assist the Court in its determination.

12/5/07

Judge Emmet G. Sullivan
United States District Court Judge