IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
MONUMENT REALTY LLC, *et al.*,  )
                               )
    *Plaintiffs*           )
                               )
v.                             )   Civil Action No. 1:07-CV-01821 (EGS)
                               )
WASHINGTON METROPOLITAN AREA   )
TRANSIT AUTHORITY,             )
                               )
    *Defendant*            )
_____)

**REPLY OF WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
TO SUPPLEMENTAL OPPOSITION TO
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Pursuant to the Court's Minute Order of December 11, 2007, Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by undersigned counsel, respectfully replies to Plaintiffs' Supplemental Opposition to Motion to Dismiss First Amended Complaint (the "Supp. Opp."), in which Plaintiffs argue the applicability of the Order in *WDC Baseball Partners LLC v. District of Columbia*, Civil Action No. 2006 CA 008250 B (Nov. 30, 2007) (the "*WDC Baseball* Order"). *WDC Baseball Partners* is not helpful to Plaintiffs, and in fact supports WMATA's positions, for the following reasons.

**1. WMATA Does Not Have A Letter Of Intent Or Other Written Agreement With Plaintiffs**

The fundamental platform of Plaintiffs' claims in *WDC Baseball Partners* was a directly negotiated, executed and binding Letter of Intent ("LOI") between the parties. *WDC Baseball* Order at 2-3. Here, in contrast, there was and is nothing negotiated between Monument and WMATA, and there was and is no written LOI or other agreement between Monument and WMATA.

That, in a nutshell, is the basic reason why the Complaint fails to state a claim on which relief can be granted: There was and is no agreement. That is also why *WDC Baseball Partners'* applicability is in WMATA's favor. Without the existence of the undisputed directly negotiated, executed and binding LOI between the parties, without this necessary foundation, the only possible result of the motion to dismiss in *WDC Baseball Partners* would be dismissal. Thus, dismissal is the only result in the present case consistent with *WDC Baseball Partners*.

**2. WMATA And Plaintiffs Do Not Have Preexisting, Expressly Acknowledged Agreements**

It is not only the existence of the LOI but its content that was decisive in *WDC Baseball Partners.* The LOI stated that its express purpose "is to memorialize agreements reached in discussions among the parties." *WDC Baseball* Order at 2. Thus, *Defendants the District of Columbia and AWC admitted and agreed that they had agreements with Plaintiff WDC.* In contrast here, WMATA denies the existence of any agreement, there is no documented agreement and Plaintiffs themselves are uncertain about the subject matter of the alleged agreement (*i.e.*, whether it was an agreement to negotiate the sale or an agreement to sell the Bus Garage Property.) Once more, without the necessary foundation of a documented agreement, the Superior Court's *WDC Baseball Partners* decision could not stand, and once more, dismissal is the only result in the present case consistent with *WDC Baseball Partners*.

**3. WMATA Does Not Have An Express Agreement With Plaintiffs To Negotiate Or An Express Agreement Reflecting The Expectancy Of Future Negotiations**

In the *WDC Baseball Partners* LOI, both parties committed to "a duty of faith and fair dealing in … the future negotiations contemplated in this LOI." *WDC Baseball* Order at 2. WMATA, however, did not ever commit to any negotiations, present or future, with Monument over the Bus Garage Property. This is another dispositive difference between *WDC Baseball* and the present case that supports granting WMATA's motion to dismiss.

**4. WMATA Did Not Engage In Negotiations With Plaintiffs**

"In June 2006, plaintiff and defendants the District and AWC proceeded to negotiate the terms of an Exclusive Rights Agreement." *WDC Baseball* Order at 3. In the present case, Plaintiffs and WMATA did not engage in any negotiations regarding the Bus Garage Property, again a critical differentiating factor consistent only with dismissing the Complaint, not with sustaining it.[1]

**5. There Is No WMATA Board Authorization To Convey The Bus Garage Property To Plaintiffs**

In *WDC Baseball Partners*, the Mayor submitted and the D.C. Council adopted a resolution "authorizing the Mayor to convey the Separate Development to WDC." *WDC Baseball* Order at 3 (internal quotation marks omitted). In this case, the WMATA Board did *not* authorize anyone to do anything with Plaintiffs regarding the Bus Garage Property. The Board's only authorization was to convey the Bus Garage Property to the John Akridge Company pursuant to Akridge's winning bid. Authorization for both the alleged exclusive-negotiating agreement and disposition of the Bus Garage Property are the *sine qua nons* of any cognizable claim.

---

[1] Though WMATA and Plaintiffs did not engage in negotiations, WMATA nevertheless agrees with *WDC Baseball Partners'* quotation from *Teachers Ins. & Annuity Assoc. of America v. Tribune Co.*, 670 F. Supp. 491, 497-98 (S.D.N.Y. 1988): "It is fundamental to contract law that mere participation in negotiations and discussions does not create binding obligation, even if agreement is reached on all disputed terms." Furthermore, in this District, the alleged agreement to negotiate is unenforceable. *See Natural Resources Defense Council v. Environmental Protection Agency*, 464 F.3d 1, 9-10 (D.C. Cir. 2006) (holding, "'Agreements to agree' are usually not enforceable in contract."); *Novecon Ltd. v. Bulgarian-American Enterprise Fund*, 190 F.3d 556, 564-65 (D.C. Cir. 1999) (holding under District of Columbia law, agreements and offers to negotiate are not enforceable). *See also Steven R. Perles, P.C. v. Kagy*, 473 F.3d 1244, 1249, 1251-52 (D.C. Cir. 2007) (holding, "Under District of Columbia law, a valid and enforceable contract requires both: (i) intention of the parties to be bound; and (ii) agreement as to all material terms," and to be final, the negotiations and the contract must include all terms the parties intended to resolve and cannot leave material terms to future settlement).

Moreover, Plaintiffs have the burdens of alleging (Plaintiffs do not so allege) and proving actual authority for the supposed agreements. *See Littlejohn v. WMATA*, No. 90-1724 (RCL), 1992 WL 122755 at *2 (D.D.C. May 28, 1992) (footnotes and citations omitted):

> [T]he court finds that WMATA is not bound by Morrison's representations to plaintiff because the doctrine of apparent authority does not apply to dealings with the government. … The United States Supreme Court has held that:
>
>> [w]hatever the form in which the Government functions, anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority…. And this is so even though … the agent himself may have been unaware of the limitations on his authority.
>
> … WMATA is a government agency. It is an agency and instrumentality of the District of Columbia, Maryland and Virginia that was created by a compact that was consented to and enacted by Congress. … Consequently, the doctrine of apparent authority does not apply to WMATA and defendant is not bound by the settlement agreement that was entered into by Morrison and plaintiff.

*See also Gary v. U.S.*, 67 Fed. Cl. 202, 212 (2005); *First Fed. Lincoln Bank v. U.S.*, 54 Fed. Cl. 446, 452 (2002); *Davis v. OPM*, 168 F.3d 1316, 1998 WL 513605 at *2 (Fed. Cir. 1998); *Petersen v. OPM*, 16 F.3d 442, 1993 WL 528058 at *2 (Fed. Cir. 1993).  Because Plaintiffs cannot allege and cannot show the required authority to create a binding commitment or agreement, for this reason also dismissal of the Complaint is the only result consistent with *WDC Baseball Partners.*

### 6. WMATA Did Not Take Any Actions Pursuant To Any Alleged Agreement

In *WDC Baseball Partners*, WDC based its claims on unequivocal and undisputed actions that the District and AWC took: "Plaintiff claims, essentially, that, in executing the LOI, negotiating the ERA, obtaining approval of the Disposition resolution and permitting WDC to begin performance to its financial detriment, AWC and the District entered into a binding contract." *WDC Baseball* Order at 3.  In the present case, Plaintiffs do not allege, as they cannot allege, that WMATA took any similar action, or any action at all, evidencing or

pursuant to the alleged agreement to negotiate with Plaintiffs exclusively for the Bus Garage Property.

Tailoring this sentence from *WDC Baseball Partners* to the Complaint and Motion to Dismiss now before this Court, it would read, "Plaintiffs claim, essentially, that, in *not* executing the LOI, *not* negotiating the ERA, *not* obtaining approval of the Disposition resolution and *not* permitting Monument to begin performance to its financial detriment, WMATA entered into a binding contract." On these facts, dismissal can be the only result.

**7. AWC And The District Are Not Defendants In This Suit**

Finally comes an inexplicable difference between the two cases. In *WDC Baseball Partners*, WDC sued the District and AWC. In the present case, Plaintiffs allege, *inter alia*, that (i) AWC selected Monument as Master Developer, (ii) "Monument signed a Letter of Intent with AWC that memorialized, in part, the rights, duties, and obligations of Monument and AWC"; (iii) "Monument agreed to structure the purchase transactions in phases only because it had exclusive rights as Master Developer"; and (iv) "These concessions and considerations were granted by Monument at the insistence of members of the Council of the District of Columbia, representatives of Mayor Williams, and representatives of AWC." Compl. ¶¶ 24, 33, 40. Yet Plaintiffs did *not* sue the District, AWC, the Mayor or the Council. Instead, Plaintiffs sued WMATA (i) who did *not* select Monument as Master Developer;[2] (ii) with whom Plaintiffs did *not* enter into a Letter of Intent; (iii) who did *not* grant exclusive rights to Monument; and (iv) who did *not* insist on the stated "concessions and considerations."

---

[2] As WMATA showed in its Motion to Dismiss based on the complete AWC December 12, 2005 Press Release, AWC also did not select Monument as Master Developer or confer any prerogatives on Monument. Rather, the designated Master Developer was MR Cordish LLC.

WMATA is not able to discern Plaintiffs' thinking behind not suing the parties with which Monument may have had agreements and who, as *WDC Baseball Partners* shows, might be logical defendants. But whatever Plaintiffs' thinking, *WDC Baseball Partners* shows that Plaintiffs sued the wrong party and rejects Plaintiffs' selection of WMATA as Defendant.

### 8. *WDC Baseball Partners'* Discussion Of Sovereign Immunity Supports WMATA

*WDC Baseball Partners* acknowledges that WMATA (i) has sovereign immunity for discretionary acts and (ii) was "free to exercise discretion in initially entering into a contract." *WDC Baseball* Order at 10 (citation and internal quotation marks omitted). Thus:

(i) Nothing that AWC and/or the District said or did could or did bind WMATA;

(ii) WMATA had no ministerial obligation to stand up and announce public dissent to or disagreement with AWC, District or Monument pronouncements; and

(iii) Nothing that AWC, the District and/or Monument said or did could subject WMATA to suit for breach of contract or suit under any other theory premised on alleged awards, promises, representations and commitments of AWC, the District and Monument or premised on WMATA's alleged silence on the face of awards, promises, representations and commitments of AWC, the District and Monument.

### CONCLUSION

By the comparison that Plaintiffs invite, *WDC Baseball Partners* vividly shows the fatal inadequacies of the Complaint in this case. The only decision consistent with *WDC Baseball Partners* is dismissal of the Complaint. Accordingly, WMATA respectfully prays that the Court dismiss the Complaint in its entirety, without leave to amend, award WMATA its costs and expenses including legal fees and grant WMATA such other and further relief as is proper.

Respectfully submitted,

| | |
|---|---|
| /s/ Bruce J. Heppen | /s/ Harvey A. Levin |
| Carol B. O'Keeffe | Harvey A. Levin (D.C. Bar No. 203869) |
| General Counsel | THOMPSON COBURN LLP |
| Bruce P. Heppen | 1909 K Street, N.W. Ste. 600 |
| Donald A. Laffert | Washington, D.C. 20006-1167 |
| Associate General Counsel | T: (202) 585-6942 (direct) |
| Washington Metropolitan Area | F: (202) 508-1013 (direct) |
| Transit Authority | email: hlevin@thompsoncoburn.com |
| 600 Fifth Street, N.W. | |
| Washington, DC 20001 | |
| T: (202) 962-2569 | |
| F: (202) 962-2550 | |
| email: bheppen@wmata.com | |
| email: dlaffert@wmata.com | Counsel for Washington Metropolitan Area Transit Authority |

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of December, 2007, a true and correct copy of the foregoing Reply was served by ECF and by electronic mail on:

>Louis E. Dolan, Jr., Esquire
>Vernon W. Johnson, III, Esquire
>NIXON PEABODY, LLP
>401 Ninth Street, N.W.
>Washington, D.C. 20001

/s/ Harvey A. Levin