IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al., )<br>)<br>       Plaintiffs, )<br>)<br>  v. )<br>)<br>)<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, )<br>)<br>       Defendant. )<br>_____) | Civil Action No. 1:07-cv-01821 (EGS)<br>Judge Emmet G. Sullivan |

**PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

This lawsuit was filed to protect tangible and valuable real property rights and interests, to prevent the loss of those rights and related multimillion dollar investments, and to invalidate a fatally flawed and corrupted sealed bidding process which was the Defendant's chosen mechanism for thwarting those rights and interests. After conducting the limited discovery permitted by the Court, several matters have become pellucid: (1) Plaintiffs have viable and valuable real property rights and interests in the area involved in this lawsuit; (2) the Defendant has known of, acknowledged, and acted on those rights and interests for nearly two years but, at the last minute, radically changed course to try to enhance its own economic benefit to the detriment of Plaintiffs; (3) the Defendant has moved forward improperly with a process to sell the property that is the subject of those rights and interests to another party; and (4) the disposition process chosen by the Defendant was tainted irrevocably. The disposition process resulted in an award to a bidder that submitted an unlawful "conditional" bid that also contained an unlawful offer of extra consideration not permitted by the Defendant's bid solicitation (but which the bidder declared was an "integral" part of its offer that could save the Defendant up to

$5.3 million if the contract was awarded to it) and that was not disclosed to any other bidder by the Defendant and therefore was not offered by any other bidder.  Also, there were ongoing discussions and correspondence during the bid consideration period between the Defendant and the eventual winning bidder that the Defendant admits are improper, and that destroyed any pretext of a fair and impartial formal "sealed bid" process.  The integrity of the process was thwarted by other misconduct as well.  That illegitimate disposition process continues to move forward, and there is limited time in which the status quo can or will be preserved.

Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC (collectively, "Monument") therefore respectfully ask the Court to enter a preliminary injunction.  The relief requested is authorized under Fed. R. Civ. P. 65, LCvR 7, and LCvR 65.1, as well as the legal authorities cited in the appended memorandum of points and authorities.  Monument meets the four criteria for obtaining preliminary injunctive relief under Fed. R. Civ. P. 65.  *See Mova Pharm. Corp. v. Shalala,* 140 F.3d 1060, 1066 (D.C. Cir. 1998); *CityFed Fin. Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 746 (D.C. Cir. 1995).

Monument will suffer irreparable harm in the absence of injunctive relief, in that it will be deprived of real property rights and interests which are unique and irreplaceable, a loss which cannot be remedied by monetary damages.  *See Simpson v. Lee,* 499 A.2d 889 (D.C. 1985). Injunctive relief is required to protect real estate interests, since the law recognizes that such interests are unique.  *See id.* at 896; *Tauber v. Quan,* 2007 D.C. App. LEXIS 689, *18 (D.C. 2007) (each parcel of land is unique) (citations omitted); *1010 Potomac Assocs. v. Grocery Mfrs. of Am., Inc.,* 485 A.2d 199, 212 (D.C. 1984) ("When real property is the subject matter of the agreement, the legal remedy of damages is assumed to be inadequate, since each parcel of land is unique; specific performance is warranted in such a case.") (citations omitted); *Flack v. Laster,*

417 A.2d 393, 400 (D.C. 1980). *See also Ellipso, Inc. v. Mann,* 480 F.3d 1153, 1157 (D.C. Cir. 2007) (particularly strong showing on one or more of the elements may excuse a lesser showing on others).

Monument has a substantial likelihood of success on the merits of its claims, as shown in the attached memorandum and supporting evidence. The relative harm to WMATA is slight under the circumstances; it pales by comparison to the irreparable harm that Monument would suffer without injunctive relief, and any harm could have been avoided by WMATA at many points over the last six months if it had simply moved forward in a way that recognized Monument's rights and complied with the directives of the District of Columbia. Finally, the public interest supports the relief sought, since it favors the protection of real property rights and interests, it promotes the orderly, coordinated, and planned development of the Ballpark District, and it supports holding WMATA to proper standards and requirements of its Compact and the law for handling disposition of its real estate.

Monument asks that the Court's preliminary injunction prohibit Defendant Washington Metropolitan Area Transit Authority ("WMATA") from selling the Southeast Bus Garage and adjacent parking lot (collectively, the "Bus Garage") pending the outcome of this litigation. In light of the discovery already completed by the parties, Plaintiffs believe that this case can be ready for a trial on the merits within six months. Therefore, the harm to the Defendant in the modest delay imposed by the granting of an injunction is far outweighed by the harm faced by the Plaintiffs in the irrevocable loss of substantial real property rights that can never be recovered.

There are two reasons why a preliminary injunction should be granted:

- Monument has vested, viable, tangible, and irreplaceable real property rights and interests in the Bus Garage, and WMATA has no right to sell the Bus Garage out from under Monument;

- The bid process pursued by WMATA was without rational basis and was conducted in clear and prejudicial violation of applicable statutes and regulations and other governing authority.

This is clearly an important case for all parties, with much at stake. It should be noted, however, that notwithstanding the Bus Garage's proximity to the new baseball stadium under construction, nothing in the relief requested by Monument can or will interfere with Opening Day scheduled for April 2008, create any unsafe conditions in the Ballpark District, or otherwise be disruptive of or detrimental to the public interest. In fact, the public interest would be much better served if WMATA were to comply with its obligations to Monument concerning the Bus Garage.

For the reasons detailed herein, as well as such argument and evidence as may be submitted at the January 23, 2008 hearing on this motion, and as set forth in Plaintiffs' previously-filed Motion for Temporary Restraining Order and Preliminary Injunction and supporting papers (which are incorporated herein by reference), this Court should enjoin WMATA from selling the Bus Garage unless and until WMATA fulfills its obligations to Monument, and unless and until WMATA pursues a lawful, proper, and rational disposition process.

WHEREFORE, Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC respectfully ask this Court to:

(a)    Enter a preliminary injunction immediately prohibiting WMATA from any further action to dispose of the Bus Garage, to pursue the bidding process concerning the Bus Garage, to solicit bids for the Bus Garage, to contract to convey the Bus Garage, and/or to convey legal title to the Bus Garage;

(c) Direct that the preliminary injunction order remain in effect through trial; and

(d) Grant such other and further relief as justice may require.


Dated: January 2, 2008                    Respectfully submitted,

                                                    NIXON PEABODY, LLP

                                                    _____*/s/ Louis E. Dolan, Jr.*____
                                                      Louis E. Dolan, Jr. (#442881)
                                                      Vernon W. Johnson, III (#423756)
                                                      401 9th Street, N.W.
                                                      Washington, D.C. 20001
                                                      202.585.8000
                                                      202.585.8080 (fax)

                                                      ldolan@nixonpeabody.com
                                                      vjohnson@nixonpeabody.com

                                                      Counsel for Plaintiffs


## CERTIFICATION PURSUANT TO LCvR 7(m)

Undersigned counsel for Plaintiffs hereby certifies, pursuant to LCvR 7(m), that a good faith effort was made to discuss the subject of this motion, and the relief requested herein, with counsel for Defendant. Defendant opposes the relief sought on this motion.

                                                      _____*/s/ Louis E. Dolan, Jr.*____
                                                      Louis E. Dolan, Jr. (#442881)

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of January, 2008, I caused a copy of the foregoing Plaintiffs' Motion for Preliminary Injunction, Memorandum of Points and Authorities with appended Exhibits 1 through 91, and Proposed Form of Order to be served via by ECF and by hand delivery upon:

>Harvey A. Levin, Esquire
>Thompson Coburn LLP
>1909 K Street, Suite 600
>Washington, D.C. 20006-1167
>
>Counsel for Defendant

                    _____/s/ Louis E. Dolan, Jr.____
                    Louis E. Dolan, Jr. (#442881)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>)<br>WASHINGTON METROPOLITAN )<br>AREA TRANSIT AUTHORITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 1:07-cv-01821 (EGS)<br>Judge Emmet G. Sullivan |

**ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**

Upon consideration of the Motion of Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC for a Preliminary Injunction, the Memorandum of Points and Authorities in support of the Motion, the opposition to the Motion, and the entire record herein, and this Court having heard the argument of counsel thereon, it is hereby

ORDERED, that this Court concludes that the facts, for the limited purposes of the Motion, are as stated in Plaintiffs' supporting exhibits; and it is further

ORDERED, that this Court finds that the criteria set forth in the applicable law, *see CityFed Financial Corporation v. Office of Thrift Supervision,* 58 F.3d 738, 746 (D.C. Cir. 1995) and *Mova Pharmaceutical Corporation v. Shalala,* 140 F.3d 1060, 1066 (D.C. Cir. 1998), have been satisfied; and it is further

ORDERED, that this Court finds and holds that the Plaintiffs have suffered and will suffer irreparable harm in the absence of this preliminary injunction, that the harm to the Plaintiffs outweighs any relative harm to the Defendant, that the Plaintiffs are substantially likely

to prevail on the merits of this case, and that the public interest favors the grant of this preliminary injunction; and it is further

  ORDERED, that Plaintiff's Motion for Preliminary Injunction is granted; and it is further

  ORDERED, that Defendant Washington Metropolitan Transit Authority be, and it hereby is, prohibited from any further action to dispose of the real property and improvements located in the District of Columbia, designated as Lots 857 and 866, Square 700, and also known as the WMATA Southeast Bus Garage (the "Property"), to pursue any bidding process concerning the Property, to solicit bids for the Property, to contract to convey the Property, and/or to convey legal title to the Property; and it is further

  ORDERED, that this Preliminary Injunction will take effect immediately and will remain in effect unless and until it terminates pursuant to the terms hereof or by further Order of this Court; and it is further

  ORDERED, that Plaintiffs shall post a bond with the Clerk of this Court in the amount of $10,000.00 within two business days of the entry of this Order, or this Preliminary Injunction shall dissolve without further order of this Court.

  Entered this _____ day of _____, 2007.

                _____
                Emmet G. Sullivan
                United States District Judge

COPIES TO:

Louis E. Dolan, Jr.
Vernon W. Johnson, III
Nixon Peabody, LLP
401 9th Street, N.W.
Washington, D.C. 20001

Harvey A. Levin
Thompson Coburn LLP
1909 K Street, Suite 600
Washington, D.C. 20006-11