IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> *Defendant* | Civil Action No. 1:07-CV-01821 (EGS) |

**ANSWER TO FIRST AMENDED COMPLAINT
OF WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY'S**

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by undersigned counsel, as and for its Answer to the First Amended Complaint (the "Complaint") and its Counterclaim states as follows:

**Answer to Introduction**

In response to the Introduction, WMATA incorporates herein by reference WMATA's (i) Memorandum of Points and Authorities in Support of Washington Metropolitan Area Transit Authority's Motion to Dismiss First Amended Complaint (Dkt. No. 18; Nov. 9, 2007) (the "WMATA MTD Memo"); (ii) Reply of Washington Metropolitan Area Transit Authority in Support of Motion to Dismiss First Amended Complaint (Dkt. No. 34; Nov. 29, 2007) (the "WMATA MTD Reply"); (iii) Reply of Washington Metropolitan Area Transit Authority to Supplemental Opposition to Motion to Dismiss (Dkt. No. 58; Dec. 13, 2007) (the "WMATA Supp. MTD Reply"); (iv) Opposition of Washington Metropolitan Area Transit Authority to Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 64; Jan. 14, 2008) (the "WMATA PI Opp."); and (v) ¶¶ 1-223 and the Affirmative Defenses below.

## Answer to Numbered Paragraphs

1. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 1 of the Complaint.

2. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 2 of the Complaint.

3. WMATA admits ¶ 3 of the Complaint.

4. WMATA admits ¶ 4 of the Complaint.

5. In response to ¶ 5 of the Complaint, WMATA refers to and incorporates herein by reference the entire referenced Compact.

6. In response to ¶ 6 of the Complaint, WMATA admits that WMATA has a Procurement Procedures Manual and otherwise denies ¶ 6.

7. WMATA admits ¶ 7 of the Complaint.

8. WMATA admits ¶ 8 of the Complaint.

9. WMATA admits ¶ 9 of the Complaint.

10. WMATA admits ¶ 10 of the Complaint.

11. In response to ¶ 11 of the Complaint, WMATA admits the first two sentences and otherwise is without knowledge or information sufficient to form a belief as to the truth of the remainder of ¶ 11.

12. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 12 of the Complaint.

13. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 13 of the Complaint.

14. WMATA admits that Mr. Graham is a WMATA Board member and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 14 of the Complaint.

15. WMATA admits ¶ 15 of the Complaint.

16. In response to ¶ 16 of the Complaint, WMATA admits that it made public a Joint Development Solicitation in March 2005 (the "JDS"), refers to and incorporates herein the entire JDS in answer to ¶ 16, admits that WMATA withdrew certain properties identified as "JDS 05-1" and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 16.

17. WMATA denies ¶ 17 of the Complaint.

18. In response to ¶ 18 of the Complaint, WMATA admits the content of its PPM and refers to and incorporates herein the entire PPM in answer to allegations concerning the PPM and otherwise denies ¶ 18.

19. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 19 of the Complaint.

20. WMATA admits the first sentence of ¶ 20 of the Complaint and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 20.

21. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 21 of the Complaint.

22. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 22 of the Complaint.

23. In response to ¶ 23 of the Complaint, WMATA denies that AWC announced the selection of Monument as Master Developer and refers to and incorporates herein the entire Press Release for the contents thereof in answer to this paragraph.

24. In response to ¶ 24 of the Complaint, WMATA denies that Monument was the Master Developer, refers to and incorporates herein the entire Letter of Intent for the contents thereof in answer to this paragraph and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 24.

25. In response to ¶ 25 of the Complaint, WMATA denies that Monument had any right with respect to WMATA-owned properties and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 25.

26. In response to ¶ 26 of the Complaint, WMATA denies that WMATA had any reason or obligation to object and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 26.

27. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 27 of the Complaint.

28. In response to ¶ 28 of the Complaint, WMATA denies that WMATA had any reason or obligation to object and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 28.

29. WMATA denies ¶ 29 of the Complaint.

30. In response to ¶ 30 of the Complaint, WMATA admits that WMATA and Monument began working together for the sale of and construction of improvements to the Navy Yard Metrorail Station site, admits that WMATA focused on that site to ready it for opening day 2008 of the new baseball stadium, admits that WMATA was uncertain as to relocation of the facilities and functions of the Bus Garage site and otherwise denies ¶ 30.

31. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 31 of the Complaint.

32. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 32 of the Complaint.

33. WMATA denies ¶ 33 of the Complaint.

34. In response to ¶ 34 of the Complaint, WMATA denies that there was any Master Development Plan with WMATA, denies that Monument submitted an unsolicited bid to purchase the Navy Yard Metrorail Station property, admits that WMATA advertised the sale of the Navy Yard Metrorail Station property and otherwise denies ¶ 34.

35. In response to ¶ 35 of the Complaint, WMATA denies that there was any Master Development Plan between WMATA and Monument, denies that WMATA's sale of the Navy Yard Metrorail Station property implemented any phase of a Master Development Plan, denies that WMATA sold the Navy Yard Metrorail Station property to Monument, admits that WMATA did close on the sale of the Navy Yard Metrorail Station property in December 2006 and denies that the purchase and sale was completed through a sole-source negotiation.

36. WMATA denies ¶ 36 of the Complaint.

37. WMATA denies ¶ 37 of the Complaint.

38. WMATA denies ¶ 38 of the Complaint.

39. In response to ¶ 39 of the Complaint, WMATA denies that Monument had any right to negotiate with WMATA to acquire the Bus Garage Property, denies that WMATA had any reason or obligation to notify or advise Monument as alleged, admits that Mr. Moneme is a member of WMATA's Board, admits that Mr. Moneme is the Director of the District of Columbia Department of Transportation and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 39.

40. WMATA denies ¶ 40 of the Complaint.

41. WMATA denies ¶ 41 of the Complaint.

42. WMATA denies ¶ 42 of the Complaint.

43. WMATA denies ¶ 43 of the Complaint.

44. WMATA denies ¶ 44 of the Complaint.

45. WMATA denies ¶ 45 of the Complaint.

46. WMATA denies ¶ 46 of the Complaint.

47. In response to ¶ 47 of the Complaint, WMATA admits that there was a groundbreaking in January 2007, admits that Mr. Neal spoke at the groundbreaking, denies that WMATA had any reason or obligation to object and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 47.

48. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 48 of the Complaint.

49. In response to ¶ 49 of the Complaint, WMATA denies that Monument had any award of exclusive rights or had any exclusive rights with respect to WMATA-owned properties, denies awareness of such nonexistent award of rights or rights and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 49.

50. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 50 of the Complaint, but WMATA denies any reason or obligation to protest or object.

51. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 51 of the Complaint, but WMATA denies any Monument consideration, agreement, right or interest with respect to the Bus Garage Property.

52. In response to ¶ 52 of the Complaint, WMATA admits that an easement agreement was recorded in the land records of the District of Columbia, admits that a WMATA employee provided a letter of support but further responding, avers that the easement was a necessity to

accommodate the desire of Monument and/or its affiliates to close public throughways and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 52.

53. In response to ¶ 53 of the Complaint, WMATA admits that closing alleyways was accomplished after appropriate actions, admits that WMATA acquiesced in one alleyway closing but denies that WMATA acquiesced in all alleyway closings, denies that any Monument action was in consideration for any promises, rights or interests with respect to the Bus Garage Property, further responding avers that the closings were for the benefit of and to accommodate the desire of Monument and/or its affiliates and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 53.

54. WMATA denies ¶ 54 of the Complaint.

55. WMATA denies ¶ 55 of the Complaint.

56. WMATA denies ¶ 56 of the Complaint.

57. WMATA denies ¶ 57 of the Complaint.

58. WMATA denies ¶ 58 of the Complaint.

59. In response to ¶ 59 of the Complaint, WMATA admits that it advertised and put out an Invitation for Bids ("IFB") for the Bus Garage Property on or about June 7, 2007, admits that the advertisement and IFB were designed to elicit bids and otherwise denies ¶ 59.

60. WMATA admits ¶ 60 of the Complaint.

61. WMATA admits the first sentence of ¶ 61 of the Complaint and denies the second sentence.

62. WMATA denies ¶ 62 of the Complaint.

63. WMATA denies ¶ 63 of the Complaint.

64. WMATA denies ¶ 64 of the Complaint.

65. WMATA admits ¶ 65 of the Complaint.

66. In response to ¶ 66 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire Invitation for Bids.

67. WMATA denies ¶ 67 of the Complaint.

68. WMATA admits the first sentence of ¶ 68 of the Complaint and denies the second sentence of ¶ 68.

69. WMATA admits the first sentence of ¶ 69 of the Complaint and otherwise denies of ¶ 69.

70. In response to ¶ 70 of the Complaint, WMATA admits that MR Ballpark 7 LLC submitted two bids, denies that WMATA had made any commitments or that Monument had any rights and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 70.

71. WMATA admits ¶ 71 of the Complaint.

72. In response to ¶ 72 of the Complaint, WMATA admits that MR Ballpark 7 LLC submitted an alternate bid and otherwise denies ¶ 72.

73. WMATA denies ¶ 73 of the Complaint.

74. WMATA denies ¶ 74 of the Complaint.

75. In response to ¶ 75 of the Complaint, WMATA admits that Akridge was one bidder and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 75.

76. WMATA admits ¶ 76 of the Complaint.

77. WMATA denies ¶ 77 of the Complaint.

78. WMATA denies ¶ 78 of the Complaint.

79. WMATA denies ¶ 79 of the Complaint.

80. WMATA admits ¶ 80 of the Complaint.

81. WMATA denies the second sentence of ¶ 81 of the Complaint and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 81.

82. In response to ¶ 82 of the Complaint, WMATA admits that MR Ballpark 7 filed a protest and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 82.

83. WMATA admits the first sentence of ¶ 83 of the Complaint and denies the second sentence of ¶ 83.

84. WMATA admits ¶ 84 of the Complaint.

85. WMATA admits ¶ 85 of the Complaint.

86. WMATA denies ¶ 86 of the Complaint.

87. WMATA denies ¶ 87 of the Complaint.

88. WMATA denies ¶ 88 of the Complaint.

89. WMATA admits ¶ 89 of the Complaint but further responding avers that the allegation is incomplete and misleading.

90. WMATA denies ¶ 90 of the Complaint.

91. WMATA denies ¶ 91 of the Complaint.

92. WMATA denies ¶ 92 of the Complaint.

93. WMATA denies the final clause of ¶ 93 of the Complaint and otherwise admits ¶ 93.

94. WMATA admits ¶ 94 of the Complaint.

95. WMATA admits the quotation in ¶ 95 of the Complaint but denies the introductory characterization.

96. WMATA denies ¶ 96 of the Complaint.

97. WMATA denies ¶ 97 of the Complaint.

98. WMATA denies ¶ 98 of the Complaint.

99. WMATA admits ¶ 99 of the Complaint.

100. WMATA denies ¶ 100 of the Complaint.

101. WMATA denies ¶ 101 of the Complaint.

102. In response to ¶ 102 of the Complaint, WMATA denies that Monument filed a bid protest and admits the content of a September 28, 2007 letter from counsel for MR Ballpark 7 LLC to WMATA.

103. In response to ¶ 103 of the Complaint, WMATA denies that Monument filed a bid protest and admits the content of a September 28, 2007 letter from WMATA Contracting Officer Nat Bottigheimer.

104. In response to ¶ 104 of the Complaint, WMATA denies that Monument filed a bid protest and admits the content of an October 5, 2007 letter from WMATA Contracting Officer Nat Bottigheimer.

105. In response to ¶ 105 of the Complaint, WMATA incorporates by reference ¶¶ 1-104 above.

106. WMATA admits ¶ 106 of the Complaint.

107. WMATA denies ¶ 107 of the Complaint.

108. WMATA denies ¶ 108 of the Complaint.

109. WMATA denies ¶ 109 of the Complaint.

110. WMATA denies ¶ 110 of the Complaint.

111. WMATA denies ¶ 111 of the Complaint.

112. WMATA denies ¶ 112 of the Complaint.

113. WMATA denies ¶ 113 of the Complaint.

114. In response to ¶ 114 of the Complaint, WMATA incorporates by reference ¶¶ 1-113 above.

115. WMATA admits ¶ 115 of the Complaint.

116. WMATA denies ¶ 116 of the Complaint.

117. WMATA denies ¶ 117 of the Complaint.

118. WMATA denies ¶ 118 of the Complaint.

119. WMATA denies ¶ 119 of the Complaint.

120. WMATA denies ¶ 120 of the Complaint.

121. WMATA denies ¶ 121 of the Complaint.

122. WMATA denies ¶ 122 of the Complaint.

123. In response to ¶ 123 of the Complaint, WMATA incorporates by reference ¶¶ 1-122 above.

124. WMATA denies ¶ 124 of the Complaint.

125. WMATA denies ¶ 125 of the Complaint.

126. WMATA denies ¶ 126 of the Complaint.

127. WMATA denies ¶ 127 of the Complaint.

128. In response to ¶ 128 of the Complaint, WMATA incorporates by reference ¶¶ 1-127 above.

129. WMATA denies ¶ 129 of the Complaint.

130. WMATA denies ¶ 130 of the Complaint.

131. WMATA denies ¶ 131 of the Complaint.

132. WMATA denies ¶ 132 of the Complaint.

133. WMATA denies ¶ 133 of the Complaint.

134. WMATA denies ¶ 134 of the Complaint.

135. WMATA denies ¶ 135 of the Complaint.

136. WMATA denies ¶ 136 of the Complaint.

137. WMATA denies ¶ 137 of the Complaint.

138. WMATA denies ¶ 138 of the Complaint.

139. In response to ¶ 139 of the Complaint, WMATA incorporates by reference ¶¶ 1-138 above.

140. WMATA denies ¶ 140 of the Complaint.

141. WMATA denies ¶ 141 of the Complaint.

142. WMATA denies ¶ 142 of the Complaint.

143. In response to ¶ 143 of the Complaint, WMATA incorporates by reference ¶¶ 1-142 above.

144. WMATA denies ¶ 144 of the Complaint.

145. WMATA denies ¶ 146 of the Complaint.

146. WMATA denies ¶ 146 of the Complaint.

147. WMATA denies ¶ 147 of the Complaint.

148. WMATA denies ¶ 148 of the Complaint.

149. In response to ¶ 149 of the Complaint, WMATA incorporates by reference ¶¶ 1-148 above.

150. WMATA denies ¶ 150 of the Complaint.

151. WMATA denies ¶ 151 of the Complaint.

152. In response to ¶ 152 of the Complaint, WMATA admits that AWC issued a press release on or about December 12, 2005, denies that AWC announced the selection of Monument as Master Developer, denies that Monument or any other private party was given any right with respect to WMATA property, denies that WMATA had any reason or obligation

to object and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 152.

153. In response to ¶ 153 of the Complaint, WMATA admits that WMATA had not secured a replacement site for the Bus Garage, denies that Monument had any right to or interest in the Bus Garage Property, admits that WMATA was not offering the Bus Garage Property for sale to a private party at that time and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 153.

154. In response to ¶ 154 of the Complaint, WMATA incorporates by reference its response to ¶ 153 above, denies knowledge of and the existence of any "understandings and agreements," admits that WMATA signed an easement agreement, denies that WMATA had any reason or obligation to speak, denies that Monument had any right or agreement and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 154.

155. WMATA is without knowledge or information sufficient to form a belief as to the truth of ¶ 155.

156. In response to ¶ 156 of the Complaint, WMATA admits that there was a groundbreaking in January 2007, denies that WMATA had any reason or obligation to object and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 156.

157. WMATA denies ¶ 157 of the Complaint.

158. WMATA denies ¶ 158 of the Complaint.

159. WMATA denies ¶ 159 of the Complaint.

160. WMATA denies ¶ 160 of the Complaint.

162. WMATA denies ¶ 161 of the Complaint.

162. WMATA denies ¶ 162 of the Complaint.

163. WMATA denies ¶ 163 of the Complaint.

164. WMATA denies ¶ 164 of the Complaint.

165. WMATA denies ¶ 165 of the Complaint.

166. WMATA denies ¶ 166 of the Complaint.

167. WMATA denies ¶ 167 of the Complaint.

168. WMATA denies ¶ 168 of the Complaint.

169. In response to ¶ 169 of the Complaint, WMATA incorporates by reference ¶¶ 1-168 above.

170. In response to ¶ 170 of the Complaint, WMATA refers to and incorporates herein by reference the District of Columbia Code and WMATA's entire Procurement Procedures Manual.

171. In response to ¶ 171 of the Complaint, WMATA denies the absence of a policy and otherwise is without knowledge or information sufficient to form a belief as to the truth of ¶ 171.

172. WMATA denies ¶ 172 of the Complaint.

173. WMATA denies ¶ 173 of the Complaint.

174. WMATA denies ¶ 174 of the Complaint.

175. WMATA denies ¶ 175 of the Complaint.

176. WMATA denies ¶ 176 of the Complaint.

177. WMATA denies ¶ 177 of the Complaint.

178. WMATA denies ¶ 178 of the Complaint.

179. In response to ¶ 179 of the Complaint, WMATA incorporates by reference ¶¶ 1-178 above.

180. WMATA denies ¶ 180 of the Complaint.

181. In response to ¶ 181 of the Complaint, WMATA refers to and incorporates herein by reference the entire referenced Compact.

182. In response to ¶ 182 of the Complaint, WMATA refers to and incorporates herein by reference the entire referenced Compact.

183. In response to ¶ 183 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire Procurement Procedures Manual.

184. In response to ¶ 184 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire Procurement Procedures Manual.

185. In response to ¶ 185 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire Procurement Procedures Manual.

186. In response to ¶ 186 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire Procurement Procedures Manual.

187. WMATA denies ¶ 187 of the Complaint and further responding refers to and incorporates herein by reference WMATA's entire Procurement Procedures Manual.

188. In response to ¶ 188 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire Procurement Procedures Manual.

189. In response to ¶ 189 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire Procurement Procedures Manual.

190. In response to ¶ 190 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire Procurement Procedures Manual.

191. WMATA admits ¶ 191 of the Complaint.

192. WMATA denies ¶ 192 of the Complaint.

193. In response to ¶ 193 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire Procurement Procedures Manual.

194. WMATA denies ¶ 194 of the Complaint.

195. In response to ¶ 195 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire Procurement Procedures Manual.

196. WMATA denies ¶ 196 of the Complaint.

197. WMATA denies ¶ 197 of the Complaint.

198. WMATA denies ¶ 198 of the Complaint.

199. WMATA denies ¶ 199 of the Complaint.

200. In response to ¶ 200 of the Complaint, WMATA incorporates by reference ¶¶ 1-199 above.

201. In response to ¶ 201 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire Procurement Procedures Manual and the entire IFB No. 08-1.

202. In response to ¶ 202 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire IFB No. 08-1.

203. In response to ¶ 203 of the Complaint, WMATA refers to and incorporates herein by reference WMATA's entire IFB No. 08-1.

204. WMATA admits ¶ 204 of the Complaint.

205. WMATA denies ¶ 205 of the Complaint.

206. WMATA denies ¶ 206 of the Complaint.

207. WMATA denies ¶ 207 of the Complaint.

208. In response to ¶ 208 of the Complaint, WMATA incorporates by reference ¶¶ 1-207 above.

209. WMATA denies ¶ 197 of the Complaint.

210. Paragraph 210 pleads a conclusion of law to which no responsive pleading is required.

211. Paragraph 211 pleads a conclusion of law to which no responsive pleading is required.

212. Paragraph 212 pleads a conclusion of law to which no responsive pleading is required.

213. WMATA denies ¶ 213 of the Complaint.

214. WMATA denies ¶ 214 of the Complaint.

215. WMATA denies ¶ 215 of the Complaint.

216. In response to ¶ 216 of the Complaint, WMATA incorporates by reference ¶¶ 1-215 above.

217. WMATA admits ¶ 217 of the Complaint.

218. WMATA admits ¶ 218 of the Complaint.

219. WMATA denies ¶ 219 of the Complaint.

220. WMATA denies ¶ 220 of the Complaint.

221. WMATA denies ¶ 221 of the Complaint.

222. WMATA denies ¶ 222 of the Complaint.

223. WMATA denies ¶ 223 of the Complaint.

### Affirmative Defenses

### First Affirmative Defense

The Complaint fails to state a claim on which relief can be granted.

### Second Affirmative Defense

The Complaint is barred, in whole or on part, by WMATA's sovereign immunity.

### Third Affirmative Defense

Plaintiffs lack standing.

### Fourth Affirmative Defense

Plaintiffs failed to join one or more necessary parties whose joinder is attainable and will not destroy jurisdiction.

### Fifth Affirmative Defense

The Complaint is barred in part by the Statute of Frauds.

### Sixth Affirmative Defense

WMATA incorporates herein by reference the Memorandum of Points and Authorities in Support of Washington Metropolitan Area Transit Authority's Motion to Dismiss First Amended Complaint (Dkt. No. 18; Nov. 9, 2007).

### Seventh Affirmative Defense

WMATA incorporates herein by reference the Reply of Washington Metropolitan Area Transit Authority in Support of Motion to Dismiss First Amended Complaint (Dkt. No. 34; Nov. 29, 2007).

### Eighth Affirmative Defense

WMATA incorporates herein by reference the Opposition of Washington Metropolitan Area Transit Authority to Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 64; Jan. 14, 2008).

### Ninth Affirmative Defense

The Complaint in whole or in part was brought in violation of and should be withdrawn or dismissed pursuant to Federal Rule of Civil Procedure 11.

### Tenth Affirmative Defense

The Complaint is barred in whole or in part by Plaintiffs' unclean hands.

WHEREFORE, WMATA respectfully prays that the Court dismiss the First Amended Complaint with prejudice and without leave to amend, award WMATA its costs and expenses, including attorneys' fees, and grant WMATA such other and further relief as may be appropriate.

Respectfully submitted,

/s/ Bruce J. Heppen
Carol B. O'Keeffe
General Counsel
Bruce P. Heppen
Donald A. Laffert
Associate General Counsel
Washington Metropolitan Area
Transit Authority
600 Fifth Street, N.W.
Washington, DC 20001
T: (202) 962-2569
F: (202) 962-2550
email: bheppen@wmata.com
email: dlaffert@wmata.com

/s/ Harvey A. Levin
Harvey A. Levin (D.C. Bar No. 203869)
THOMPSON COBURN LLP
1909 K Street, N.W. Ste. 600
Washington, D.C. 20006-1167
T: (202) 585-6942 (direct)
F: (202) 508-1013 (direct)
email: hlevin@thompsoncoburn.com

Counsel for Washington Metropolitan Area Transit Authority

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd of January 2008, a true and correct copy of the foregoing was served by ECF on:

>Louis E. Dolan, Jr., Esquire
>Vernon W. Johnson, III, Esquire
>NIXON PEABODY, LLP
>401 Ninth Street, N.W.
>Washington, D.C.  20001


    /s/ Harvey A. Levin