IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, *et al.*, <br><br> *Plaintiffs* <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, <br><br> *Defendant* | Civil Action No. 1:07-CV-01821 (EGS) |

**MOTION OF WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY
FOR LEAVE TO SUPPLEMENT AUTHORITIES
IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
AND IN SUPPORT OF WMATA'S MOTION TO DISMISS**

Defendant Washington Metropolitan Area Transit Authority ("WMATA"), by undersigned counsel, respectfully moves for leave to supplement WMATA's authorities in opposition to Plaintiffs' motion for preliminary injunction and in support of WMATA's motion to dismiss on this one point: Plaintiffs have no standing and are not entitled to relief with respect to WMATA's award to the John Akridge Company because Plaintiffs would not have been awarded the right to purchase the Bus Garage Property under the MRB 7 LLC bid had the Akridge bid been, or were the Akridge bid to be, rejected or disqualified.  The supplemental authorities are:

    1. *Bannum v. U.S.*, 404 F.3d 1346, 1353 (Fed. Cir. 2005) ("To establish 'significant prejudice' Benjamin must show that there was a 'substantial chance' it would have received the contract award but for the errors in using its CEF scores on prior contracts.") (citation omitted).

    2. *Statistica, Inc. v. Christopher*, 102 F.3d 1577, 1581 (Fed. Cir. 1996) ("To establish competitive prejudice, a protester must demonstrate that but for the alleged error, there was a '"*substantial chance*"' that [it] would receive an award ….") (citation omitted; emphasis in original).


3. *Adrian Supply Co.*, B-243904, 91-2 CPD ¶ 140 (Aug. 7, 1991) (third-place bidder lacked standing; "The record shows that Adrian would not be in line for award even if its allegations concerning Internec's bid were sustained. Rather, OHM International Corporation, the second low, responsive and responsible bidder, would be next in line for the award.").

4. *ACandS, Inc.*, B-241723, 91-1 CPD ¶ 203 (Feb. 22, 1991) ("The protester has only made the general allegation that some of these intervening bids appear unbalanced, and does not challenge all the bids that stand between it and award. Thus, it is not an interested party under our regulations to protest that the awardee's bid is unbalanced.").

5. *Applied Sys. Corp. – Recon.*, B-234159, 89-1 CPD ¶ 319 (Mar. 28, 1989) (third-place bidder lacked standing; "A party is not interested to maintain a protest if it would not be in line for award if the protest were sustained.").

6. *Motorola, Inc.*, B-232843, 88-2 CPD ¶ 484 (Nov. 16, 1988) (third-place bidder lacked standing; "A party is not an interested party to protest where it would not be in line for award were its protest sustained.").

WMATA will provide copies of the foregoing authorities to chambers.

Respectfully submitted,

/s/ Bruce J. Heppen  
Carol B. O'Keeffe  
General Counsel  
Bruce P. Heppen  
Donald A. Laffert  
Associate General Counsel  
Washington Metropolitan Area  
Transit Authority  
600 Fifth Street, N.W.  
Washington, DC 20001  
T: (202) 962-2569  
F: (202) 962-2550  
email: bheppen@wmata.com  
email: dlaffert@wmata.com  

/s/ Harvey A. Levin  
Harvey A. Levin (D.C. Bar No. 203869)  
THOMPSON COBURN LLP  
1909 K Street, N.W. Ste. 600  
Washington, D.C. 20006-1167  
T: (202) 585-6942 (direct)  
F: (202) 508-1013 (direct)  
email: hlevin@thompsoncoburn.com  

Counsel for Washington Metropolitan Area Transit Authority

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2008, a true and correct copy of the foregoing motion was served by ECF on:

>Louis E. Dolan, Jr., Esquire
>Vernon W. Johnson, III, Esquire
>NIXON PEABODY, LLP
>401 Ninth Street, N.W.
>Washington, D.C.  20001

    /s/ Harvey A. Levin