IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al.,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | Civil Action No. 1:07-cv-01821 (EGS) |
| ) | Judge Emmet G. Sullivan |
| WASHINGTON METROPOLITAN   ) | |
| AREA TRANSIT AUTHORITY,   ) | |
| ) | |
| Defendant.   ) | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S SUPPLEMENTAL AUTHORITIES

Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)
ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

At no time prior to its post-hearing filing did WMATA make the argument it asserts in its most recent submission. WMATA conceded previously that "MR Ballpark 7 has standing to challenge the bid and award process." PI Opp. at n. 15. In addition, although WMATA now suggests that MR Ballpark 7 lacks standing because its bid came in third (after the bid submitted by JBG), the administrative record includes WMATA's own specific findings that "at no point would JBG's bid provide the best net return," and that MR Ballpark 7's bid would have been second. PI Opp., Ex. E.12, at W0111738. WMATA nonetheless asks the Court to now find that JBG was the second place, responsive and responsible bidder. No one at WMATA ever identified JBG as being in line for the award if the Akridge Bid were invalidated. WMATA never named *any* alternate bidder, even though the IFB had express procedures for doing so. *See* Pl. Ex. 70 at A.7, B.2. (WMATA has argued doggedly that the IFB was self-contained and controlling.) At this point, there is no argument, evidence, or proper mechanism for WMATA to seek a judicial finding that JBG's bid was qualified, responsive, or in line for the award if the Akridge Bid is invalidated. There is not even a JBG bid in evidence from which this request can be assessed.

The only way to credit WMATA's argument would be to accept its unverified assertions, to speculate as to what might have happened had the Akridge Bid been rejected, and to ignore WMATA's staff memo that reaches the opposite conclusion. Even WMATA's supplemental authorities prohibit such conjecture. *Bannum, Inc. v. United States*, 404 F.3d 1346, 1358 (Fed. Cir. 2005) (rejecting argument that "rests on mere numerical possibility, not evidence" in record). WMATA offers only an impermissible *post-hoc* rationalization, since agency decisions may be sustained only on their stated grounds. *PanAmSat v. FCC,* 198 F.3d 890, 897 (D.C. Cir. 1999) ("We do not ordinarily consider agency reasoning that 'appears nowhere in the [agency's] order.'"). Nothing in the administrative record supports WMATA's recently-found conclusion. Indeed, the question of what might have happened in the bid process is not one that must or even can be answered – for at this point, no one can truly prove

what the outcome would have been if WMATA had not engaged in prohibited discussions or entertained the sweetener. By WMATA's own admission, MR Ballpark 7 had a clear opportunity to be the winning bidder. PI Opp., Ex. E.12. This was not surprising, given that MR Ballpark 7 was charging no leaseback rental and waived the 45-day Due Diligence Period (a concession which WMATA said in Section B.11 of the IFB could override another bid that was "otherwise more economically favorable"). This is all that is required to have standing. In federal procurement cases, standing is conferred upon "interested parties" who show, as the Plaintiffs have amply done, a "substantial chance" of receiving the award. *See, e.g., Textron, Inc. v. United States*, 74 Fed. Cl. 277, 283-85 (2006). "The prejudice requirement for standing generally has been satisfied by the mere showing that a protester 'could compete for the contract.'" *Id.* at 284 (citing *Myers Investigative & Sec. Servs. v. United States*, 275 F.3d 1366, 1370 (Fed. Cir. 2002)). WMATA's own words prove that chance existed. PI Opp. Ex. E.12. WMATA's reliance on outdated "next-in-line" decisions from the Comptroller General is not only misleading given the evidence, but this doctrine cannot apply in this case, since the only remedy for the bid protest part of this case is resolicitation of the bid. WMATA long ago returned all of the other bids without selecting an alternate. *See, e.g., In re Remtech, Inc.*, B-240402.5, 1991 U.S. Comp. Gen. LEXIS 77 at 5, 91-1 Comp. Gen. Proc. Dec. P35; *Protest of Wisconsin Physicians*, GSBCA No. 9674-P, 1988 GSBCA LEXIS 367 at *9 (in situations in which "a re-competition of a procurement may be ordered, and the protester may be eligible for participation in that re-competition, the protester [is] interested to file a protest, regardless of the agency's ranking of the protester's offer."). WMATA deliberately chose not to hold any other bid as an alternate, second place bid, even though it could have done so for 120 days under Section B.4 of the IFB. If it had, it could have protected itself against, for example, the possibility that it would be unable to settle on the Akridge Bid. Having not done so, it cannot suggest that anything other than a complete resolicitation is the proper course if the Court invalidates the process that WMATA followed.

Dated: February 1, 2008

Respectfully submitted,

NIXON PEABODY, LLP


_____/s/ Louis E. Dolan, Jr.____
Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)
ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2008, I caused a copy of the foregoing Plaintiffs' Response to Defendant's Supplemental Authorities were served via ECF upon:

> Harvey A. Levin, Esquire
> Thompson Coburn LLP
> 1909 K Street, Suite 600
> Washington, D.C. 20006-1167

Counsel for Defendant

_____/s/ Vernon W. Johnson, III___
Vernon W. Johnson, III