IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al., ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> WASHINGTON METROPOLITAN ) <br> AREA TRANSIT AUTHORITY, ) <br> ) <br>     Defendant. ) <br> ) | Civil Action No. 1:07-cv-01821 (EGS) <br> Judge Emmet G. Sullivan |

**PLAINTIFFS' MEMORANDUM REGARDING DEFENDANT'S
"UNCLEAN HANDS" ARGUMENT**

Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)
ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

In its Opposition to Plaintiffs' Motion for Preliminary Injunction, WMATA suggests that Monument is barred from obtaining injunctive relief under the equitable doctrine of "unclean hands." PI Opp. at 53-56. WMATA's argument in this regard is misplaced, both on the facts and on the law.

The factual basis upon which WMATA seeks to assert "unclean hands" is an August 24, 2007 letter from Monument to WMATA, in which Monument reiterated its position to WMATA and urged WMATA to take a different course of action to avoid this litigation. On its face, the letter was a cogent effort to outline Monument's position, Monument's rights in the Bus Garage Property, WMATA's improper actions in abdicating its obligations, the historical background, and other considerations. Although WMATA characterizes the letter as consisting of "threats, attempted intimidation, coercion, and near extortion," a review of the letter demonstrates no basis for such hyperbole. No statement in the letter is worthy of such an accusation. WMATA says that it finds such improper conduct in the letter's references to the overall development of the Half Street Area, the Navy Yard Metro Station site (development of which is on schedule despite WMATA's claims, *see* Reply Ex. F at 4), and a reference to public tax revenues. PI Opp. at 54. None of this rises to the level claimed by WMATA. The letter points out that WMATA's course of action was ill-advised for many reasons. This included the fact that if WMATA were to move forward and to carry out its unlawful plan to convey the Bus Garage Property – located squarely in the center of the development in the Half Street Area and Monument's real estate holdings there – WMATA *by its actions* would inevitably affect the ongoing development: "Sale of the WMATA holdings in Square 700 to another party will immediately slow the development of Half Street – the main pedestrian corridor for entrance to the new stadium – affecting both retail and parking opportunities for baseball patrons as well as the anticipated tax revenues resulting therefrom for the Community Benefit Fund." This is a statement of fact related to the implications of the course of action *WMATA* unilaterally chose, and an expression of reality, not some kind of improper act by Monument.

Nor was such a letter unusual or at all inappropriate under the circumstances. WMATA was seeking to walk away from its obligations, after extracting years and millions of dollars in concessions from Monument. In that context, it was not unusual or inappropriate for Monument to assert its rights. In fact, it was eminently appropriate, given the situation, and Monument's need to preserve its right to protest the illegal bid process WMATA had elected to follow. Parties do not forfeit their rights by doing so, they preserve them. (Had Monument not written the letter, that omission would no doubt have been cited in this litigation by WMATA as some evidence that Monument waived its rights to protest the bid process altogether or otherwise did not feel strongly enough to assert its rights in the face of WMATA's intention to dispose of the Bus Garage Property.) The clear purpose of the letter was to confirm Monument's position. This type of communication is often made prior to initiating litigation. There is no legal principle that would support the complete relinquishment of rights simply because of such a communication and effort to convince the other party to pursue a different course of action. No legal authority whatsoever would support a total loss of contract and real estate rights, and an inability to enforce such rights, because of a prelitigation statement of position.

In addition to the lack of factual basis for its position, there is no legal support for WMATA's position. It cannot cite to a single case from the District of Columbia or elsewhere in which a prelitigation assertion of rights was construed as "threats, attempted intimidation, coercion, and near extortion" and then used to forfeit or otherwise limit the rights in question. Under D.C. law, the defense of "unclean hands" can only be raised to avoid an obligation if the obligation itself arose from the conduct that constituted "unclean hands." WMATA never makes any such claim, and this defense is thus utterly inapplicable. *See In re Estate of Barnes,* 754 A.2d 284, 288 n. 6 (D.C. 2000) ("Barnes could prevail under the 'unclean hands' principle 'only if the conduct of [Mr. Scheve] of which [she] complains was the cause of the obligation from which [she] seeks to be relieved.'") (*citing Ross v. Fierro,*

659 A.2d 234, 240 (D.C. 1995); *Ross, supra,* 659 A.2d at 240-241 ("Fierro does not claim that Ross fraudulently or improperly induced him to undertake this obligation, and there is no evidence that Ross did so. In fact, most if not all of the conduct of which Fierro complains occurred long after that obligation was created, and thus could not have been the direct (or even indirect) cause of Fierro's liability."); *Int'l Tours & Travel, Inc. v. Khalil,* 491 A.2d 1149, 1155 (D.C. 1985) ("Unless the amount owed the plaintiff is the direct result of the unethical behavior – in this case, misrepresentation – the clean hands doctrine does not bar the plaintiff's recovery.")

These principles are consistent with those espoused in the cases cited by WMATA.  *See, e.g., Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.,* 324 U.S. 806 (1945) (fraud and perjury in patent application gave rise to unclean hands defense in patent enforcement proceeding); *Morton Salt Co. v. G.S. Suppinger Co.,* 314 U.S. 488 (1942) (enforcement of patent implicated public as well as private interests, in that party seeking to protect patent was attempting to restrain competition unfairly), *rev'd in part on other grounds, Ill. Tool Works, Inc. v. Indep. Ink, Inc.,* 547 U.S. 28 (2006). *Gaudiosi v. Mellon,* 269 F.2d 873 (3d Cir. 1959) (Plaintiffs' improper actions in context of underlying board election, which included attempted intimidation and violation of SEC rules, comprised unclean hands and barred equitable relief in subsequent proxy contest litigation).  The other authorities cited by WMATA do not support its position.  *See Surv. Prods, LLC v. Fox Broad. Co.,* 2001 U.S. Dist. LEXIS 25511 (C.D. Cal. 2001) (striking – not "leaving [it] intact" as WMATA argues at page 54 of its Opposition – defense of "unclean hands" where, under the applicable standards, it had no application to the claims involved); *FD Holding Corp. v. Danbury Bowlarama Corp.,* 2000 U.S. Dist. LEXIS 17284 (D. Mass. 2000) (dealing with alleged bad faith conduct in context of Massachusetts statutory claim); *Steele v. Isikoff,* 130 F.Supp.2d. 23 (D.D.C. 2000) (lawsuit involving claim that reporter failed to keep confidential the source of a story that the source later claimed was a lie).

Dated: February 15, 2008

Respectfully submitted,

NIXON PEABODY, LLP

_____/s/ Vernon W. Johnson, III_____
Louis E. Dolan, Jr. (#442881)
Vernon W. Johnson, III (#423756)
401 9th Street, N.W.
Washington, D.C. 20001
202.585.8000
202.585.8080 (fax)
ldolan@nixonpeabody.com
vjohnson@nixonpeabody.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2008, I caused a copy of the foregoing Plaintiffs' Memorandum Regarding Defendant's "Unclean Hands" Argument were served via ECF upon:

Harvey A. Levin, Esquire
Thompson Coburn LLP
1909 K Street, Suite 600
Washington, D.C. 20006-1167

Counsel for Defendant

_____/s/ Vernon W. Johnson, III_____
Vernon W. Johnson, III