IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONUMENT REALTY LLC, et al.,    ) <br>                                         ) <br> Plaintiffs,                 ) <br>                                         ) <br> v.                                ) <br>                                         ) <br> WASHINGTON METROPOLITAN    ) <br> AREA TRANSIT AUTHORITY,      ) <br>                                         ) <br> Defendant.                ) <br> _____) | Civil Action No. 1:07-cv-01821 (EGS) <br> Judge Emmet G. Sullivan |

**PARTIES' JOINT RECOMMENDATIONS FOR FURTHER PROCEEDINGS
PURSUANT TO MINUTE ORDER DATED MARCH 3, 2008**

This report is submitted jointly by Plaintiffs Monument Realty LLC and MR Ballpark 7 LLC (collectively, "Monument"), and Defendant Washington Metropolitan Area Transit Authority ("WMATA"). Pursuant to the Court's Order dated February 28, 2008, as modified by Minute Order dated March 3, 2008, the parties have conferred, through counsel, both in person and telephonically on several occasions on the issues set forth therein and hereby make the following recommendations for further proceedings in this case. Unless otherwise indicated, these recommendations are made jointly by Monument and WMATA. All of these recommendations, of course, are subject to Court approval and to the Court's schedule.

As a preliminary matter, WMATA intends to file a motion for reconsideration of one limited factual matter with respect to this Court's Memorandum Opinion and Order of February 29, 2008. WMATA plans to file the motion by March 7, 2008 and the parties do not believe that this motion will affect the recommended schedule as set forth below.

Second, WMATA has indicated to Monument that it may file a motion asking the Court to set a bond in connection with the preliminary injunction in this matter. The parties have had discussions on that issue, they are working together to try and reach agreement on it, and they hope to be able to resolve that issue without Court intervention. If they cannot, and WMATA does need to file a motion and the issue needs to be litigated, that will affect the recommended schedule, at least from Monument's perspective, and Monument would likely modify its own submission with respect to the schedule set forth below (at a minimum, to commence discovery immediately on all of the remaining issues in this case and attempt to move towards a more expeditious resolution of all of those issues). In that event, Monument would file, after consultation and an attempt to reach agreement with WMATA, a different proposed schedule for this matter (or a request to modify the schedule to the extent it has already been ordered by the Court).

With those considerations in mind, the parties believe that it would be beneficial from the standpoint of efficiency for the Court and for the parties to litigate the remaining issues on the merits in a bifurcated proceeding. First, the parties would litigate to the merits the bid protest-related claims advanced by the Plaintiffs (Counts 9, 11, and 12 of the First Amended Complaint, as well as a portion of the Declaratory Judgment claim in Count 1 and the claim for injunctive relief in Count 3). Following resolution of those matters, the parties would complete the litigation with respect to the contract-related claims (Counts 2, 3, 4, and 5, as well as portions of Counts 1 and 3 of the First Amended Complaint). For several reasons, including the fact that the parties do not believe that the bid protest-related claims are subject to jury trial and the parties currently believe that the bid protest-related claims can properly be disposed of on cross-motions for summary judgment or for similar relief on a more expedited basis, the parties believe that it is in the interest of judicial economy and the parties to dispose of the bid protest-related claims first.

The parties have agreed to work together to stipulate to as many facts as possible for purposes of addressing the bid protest-related claims, both to streamline any remaining discovery required on those claims and to facilitate a resolution of those issues on the anticipated cross-motions. The parties believe that resolution of the bid protest-related claims could be accomplished on the following schedule if agreed upon by the Court:

| | | |
|---|---|---|
| 1. | Deadline for parties meet and confer with respect To attempting to stipulate to certain material facts: | March 28, 2008 |
| 2. | Deadline for written discovery requests, if necessary | April 4, 2008 |
| 3. | Deadline for objections to written discovery requests | April 11, 2008 |
| 4. | Due date for responses to written discovery Requests (including initial Rule 26(a)(2) expert witness designations, if any) | May 2, 2008 |
| 5. | Due date for designation of any rebuttal expert witnesses by the parties | May 30, 2008 |
| 6. | Close of very limited deposition and other limited discovery, if necessary | June 13, 2008 |
| 7. | Due date for cross-motions on bid protest-related claims, supporting memoranda and exhibits | July 3, 2008 |
| 6. | Due date for oppositions to motions on Bid protest-related claims | July 17, 2008 |
| 7. | Due date for reply memoranda with respect to motions on bid protest-related claims | July 25, 2008 |

The parties also believe that a date should be set for a hearing on the bid protest-related motions shortly after the due date for replies. In the event the parties are able to agree that either no additional discovery is required for this portion of the case or that limited discovery is required that can be completed before the dates set forth above, the parties would work in good faith to expedite the briefing of their respective cross-motions and submit these to the Court prior to the deadlines set forth above.

Separately, the parties believe that the contract-related claims could be ready for a jury trial by early to mid-December 2008. The proposed schedule for resolution of those claims is therefore as follows:

| | | | |
|---|---|---|---|
| 1. | Deadline for written discovery requests | | April 30, 2008 |
| 2. | Deadline for objections to written discovery requests | | May 15, 2008 |
| 3. | Due date for responses to written discovery Requests (including Rule 26(a)(2) expert witness Designation, if any) | | May 30, 2008 |
| 4. | Due date for designation of any rebuttal expert witnesses by the parties | | June 30, 2008 |
| 4. | Close of deposition and other discovery | | September 1, 2008 |
| 5. | Due date for cross-motions for summary judgment, supporting memoranda and exhibits, if any | | October 10, 2008 |
| 6. | Due date for oppositions to motions for summary judgment | | October 24, 2008 |
| 7. | Due date for reply memoranda with respect to motions for summary judgment | | October 31, 2008 |
| 8. | Due date for Pretrial Statements in accordance with LCvR 16.5 | | 11 days prior to pretrial conference |

Both parties intend to take at least five and perhaps as many as ten depositions of fact and/or expert witnesses for this portion of the case. The parties believe that they can coordinate scheduling of depositions in July and August (realizing that not all of the deponents will be within the control of the parties).

The parties also believe that dates should be set for an interim Status Conference in July, a hearing date on the cross-motions for summary judgment that the parties intend to file on these issues, for a Pretrial Conference, and for a 4-day jury trial.

4

Again, this recommendation may be affected by the ongoing discussions between the parties concerning the bond issue. In addition, the parties wish to advise the Court that they are in discussions about a possible effort to mediate these disputes, not only between WMATA and Monument but involving Akridge and the District of Columbia. To the extent that such a four party mediation process moves forward and affects these recommendations, the parties will let the Court know immediately.

Date: March 7, 2008

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| NIXON PEABODY LLP | THOMPSON COBURN LLP |
| /s/ *Vernon W. Johnson, III* | /s/ *Harvey A. Levin* |
| Louis E. Dolan, Jr. (#442881)<br>Vernon W. Johnson, III (#423756)<br>401 Ninth Street, N.W.<br>Washington, D.C. 20001<br>202.585.8000<br>202.585.8080 (fax)<br>ldolan@nixonpeabody.com<br>vjohnson@nixonpeabody.com | Harvey A. Levin (#203869)<br>Suite 600<br>1909 K Street, N.W.<br>Washington, D.C. 20006-1167<br>202.585.6942<br>202.508-1013 (fax)<br>hlevin@thompsoncoburn.com |
| Counsel for Plaintiffs | Counsel for Defendant |